## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

KINSALE INSURANCE COMPANY,

      Plaintiff,

v.                                   CASE NO:

VENETIAN HILLS APARTMENTS, LLC,
JOHN MAUGHAN, and MARIE HUGHES,
as Authorized Administrator for the Estate of
GEORGE HUGHES,

      Defendants.
_____/

### COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

KINSALE INSURANCE COMPANY ("KINSALE") files suit against VENETIAN HILLS APARTMENTS, LLC ("Venetian Hills"), JOHN MAUGHAN, MARIE HUGHES, as Authorized Administrator for the Estate of GEORGE HUGHES ("Estate"), and in support alleges:

### NATURE OF THE ACTION

1.    This is an action for damages and declaratory relief under 28 U.S.C. § 2201 to determine if there is coverage for an underlying lawsuit involving homicide by arson under an insurance policy with an Assault and Battery Exclusion. Kinsale submits there is no coverage as a matter of law.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the plaintiff and the defendants, and the amount in controversy exceeds $75,000, exclusive of attorney's fees and costs.

3.      Venue is proper in this district because Kinsale issued and delivered the insurance policy to Venetian Hills in this district, the underlying lawsuit is pending in this district, and "a substantial part of the events … giving rise to the claim occurred in this district." 28 U.S.C. § 1391(b)(2).

4.      All conditions precedent occurred, were performed, or were waived.

## THE PARTIES

5.      Kinsale is an Arkansas corporation with its principal place of business in Richmond, Virginia.  Kinsale is an eligible surplus lines insurer that issued an insurance policy to Venetian Hills as the Named Insured.

6.      Venetian Hills is a Georgia limited liability company. At all relevant times, Venetian Hills owned, operated, and managed the Venetian Hills Apartment complex in Atlanta, Georgia. Defendant Maughan is the sole member of Venetian Hills and he is a resident of Fulton County, Georgia. Accordingly, Venetian Hills is a citizen of Georgia.

7.     Maughan is the sole member of Venetian Hills and he is a resident of Fulton County, Georgia. Accordingly, he is a citizen of Georgia.

8.     Marie Hughes is the authorized administrator for the Estate and she is a resident of Fulton County, Georgia. At the time of his death, Mr. Hughes was also a resident of Fulton County, Georgia. Accordingly, Marie Hughes and the Estate are citizens of Georgia.

## WHEELER KILLED MR. HUGHES BY COMMITTING AT THE VENETIAN HILLS APARTMENTS

9.     On March 15, 2017, Wheeler committed arson by setting a fire at the Venetian Hills Apartments.

10.     Mr. Hughes was in his apartment at the Venetian Hills Apartments.

11.     Ultimately, the fire that Wheeler started killed Mr. Hughes.

## THE MEDICAL EXAMINER CONCLUDED MR. HUGHES DIED FROM SMOKE INHALATION AND BURNS

12.     The Fulton County Medical Examiner issued a report for the autopsy of Mr. Hughes. A copy of the autopsy report is attached as Exhibit "1."

13.     According to the autopsy report, the cause of death was "[t]hermal injuries and inhalation of products of combustion." (*Id*., Pg. 2/8.)

14.     The report concludes the manner of death was "Homicide." (*Id*.)

15.    The autopsy report also includes a summary of findings. (*Id.*) In pertinent part, it provides:

**SUMMARY OF FINDINGS:**

I.    Thermal injuries over greater than 95 percent of the body.

II.    Inhalation of products of combustion.

    A.    Carboxyhemoglobin 57.8 percent.

    B.    Soot on tongue, buccal mucosa, and within airway.

### WHEELER WAS INDICTED FOR HOMICIDE, ARSON, AND ULTIMATELY PLED GUILTY

16.    On March 18, 2017, Wheeler was arrested. During her interview, Wheeler confessed to starting the fire at the Venetian Hills Apartments by igniting a plastic trash bag in a living room and starting a separate fire outside the front door of another unit.

17.    On July 14, 2017, the State of Georgia filed a criminal indictment against Wheeler for murder, felony murder, and four counts of arson in a criminal action styled: *The State of Georgia vs Kamara Wheeler*, Case No. 17SC153114, in the Superior Court of Fulton County, Georgia. A copy of the indictment is attached as Exhibit "2."

18.    On March 31, 2021, Wheeler pled guilty to voluntary manslaughter, a lesser included offense of the murder count, and four counts of arson. A copy of the

order of *nolle prosequi* is attached as Exhibit "3" and a copy of the judgment is attached as Exhibit "4."

19.    As part of her plea agreement, Wheeler "received a global negotiated sentence of twenty-five years to serve twenty in confinement and the balance on probation." *Id*.

## THE ESTATE SUED VENETIAN HILLS AND MAUGHAN

20.    On March 12, 2019, the Estate filed a civil lawsuit against Venetian Hills and Maughan styled: *Marie Hughes, as Administrator of the Estate of George Hughes, et al. vs. Venetian Hills Apartments, LLC, et al.*, Case No. 19A73694, pending in the state court of Dekalb County, Georgia (the "Underlying Lawsuit"). A copy of the operative, amended complaint is attached as Exhibit "5."

21.    The crux of the amended complaint is Venetian Hills and Maughan are liable for failing to prevent the death of Mr. Hughes, including failing to "have proper fire detection and fire suppression equipment, required by applicable codes and regulations[,]" at the Venetian Hills Apartments. (*Id*., ¶2.)

22.    The amended complaint alleges that Venetian Hills and Maughan "acted with wilful misconduct, malice fraud, oppression, wantonness and an entire want of care raising the presumption of a conscience indifference to the consequences." (*Id*., ¶40.)

23.     In the amended complaint, the Estate seeks damages, including punitive and special damages. (*Id.*, ¶¶5, 36-37, 39-41.)

24.     Kinsale is defending Venetian Hills in the Underlying Lawsuit under a complete reservation of rights.

### THE POLICY

25.     Kinsale issued a commercial general liability policy to Venetian Hills as the Named Insured, bearing Policy No. 0100040031-0 and effective from 06/22/2016 to 06/22/2017. A copy of the policy is attached as Exhibit "6."

26.     Before the policy was issued, all the policy forms and endorsements were disclosed to Venetian Hills, through a surplus lines broker, in a Quote and a Binder, which Venetian Hills accepted.

### COUNT I – NO COVERAGE UNDER THE ASSAULT AND BATTERY EXCLUSION

27.     Kinsale incorporates paragraphs 1 through 26.

28.     The policy includes an Assault and Battery Exclusion. (*See* Ex. 6, Form CAS3002 0311.) In pertinent part, it provides:

## EXCLUSION - ASSAULT AND BATTERY

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to this policy:

This insurance does not apply to any claim or "suit" for "bodily injury," "property damage" or "personal and advertising injury" arising out of, related to, or, in any way involving any actual or alleged assault, battery, harmful or offensive contact, or threat, whether provoked or unprovoked. This exclusion includes but is not limited to:

1.    The prevention or suppression, or, the failure to suppress or prevent any assault, battery, harmful or offensive contact, or threat;

2.    The failure to provide an environment safe from any assault, battery, harmful or offensive contact, or threat, or, the failure to warn of the dangers of the environment that could contribute to any assault, battery, harmful or offensive contact, or threat;

3.    The selling, servicing or furnishing of alcoholic beverages resulting in any assault, battery, harmful or offensive contact, or threat;

4.    Injury or damage committed while using reasonable force to protect persons or property or acting in self-defense;

5.    The reporting or failure to report to the proper authorities;

6.    Conducting or failing to conduct an investigation of any assault, battery, harmful or offensive contact, or threat;

7.    Providing or failure to provide first aid, medical treatment, or otherwise handling or responding after there has been an assault, battery, harmful or offensive contact, or threat;

8.    Any assault, battery, harmful or offensive contact or threat whether caused by, or at the instigation, instruction, direction or due to the negligence of the insured, the insured's employees, agents, patrons, customers or any other person arising from any causes whatsoever; or

9.    The negligent hiring, employment, training, supervision, or retention of any employee or agent of any insured with respect to items **1.** through **8.** above.

This exclusion applies regardless of fault or intent and regardless of the particular cause of action.

This exclusion applies to any claim or "suit" where any actual or alleged "bodily injury," "property damage" or "personal and advertising injury" arises out of a chain of events that includes assault, battery, harmful or offensive conduct, or threat regardless of whether the assault, battery, harmful or offensive contact, or threat is the initial precipitating event or is in any way a cause of the "bodily injury", "property damage," or "personal and advertising injury". …

29.     In the Underlying Lawsuit, the Estate alleges Venetian Hills and Maughan are liable for failing to prevent the death of Mr. Hughes in the arson by Wheeler.

30.     Wheeler was indicted and pled guilty to arson and the homicide of Mr. Hughes.

31.     Accordingly, Kinsale has no duty to defend or pay any damages pursuant to the Assault and Battery Exclusion.

## COUNT II – NO COVERAGE UNDER THE ABSOLUTE POLLUTION EXCLUSION

32.     Kinsale incorporates paragraphs 1 through 26.

33.     The policy includes an "Exclusion-Absolute Pollution and Pollution Related Liability" endorsement ("Absolute Pollution Exclusion"). (*See* Ex. 6, Form ADF3003 0110.) In pertinent part, it provides:

## EXCLUSION - ABSOLUTE POLLUTION AND POLLUTION RELATED LIABILITY

This endorsement modifies insurance provided under the following:
ALL COVERAGE FORMS

The following exclusions are added to this policy. If the policy already includes a pollution exclusion or a pollution related exclusion, such exclusion(s) is (are) deleted and replaced with the following:

1.      This insurance does not apply to any claim or "suit" for "bodily injury", "property damage", "personal and advertising injury" or other injury or damage arising directly or indirectly out of, related to, or, in any way involving:

Pollution/environmental impairment/contamination or any expenses or any obligation to share damages with or repay anyone else who must pay damages from same in conjunction with occurrences arising out of or alleged to have arisen out of same. All liability and expense arising out of or related to any form of pollution, whether intentional or otherwise and whether or not any resulting injury, damage, devaluation, cost or expense is expected by any insured or any person or entity, is excluded throughout this policy.

2.      This insurance does not apply to any damages, claim, or "suit" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" including but not limited to any:

a.      "Bodily injury", "personal and advertising injury", "property damage" or other injury or damages for the devaluation of property, or for taking, use or acquisition or interference with the rights of others in or on property or air space, or any other type injury or expense; or

**b.**   Any loss, cost, expense, fines and/or penalties arising out of any (i) request, demand, order, governmental authority or directive that of any private party or citizen action that any insured, or others, test for, monitor, clean up, remove, contain, treat, detoxify or neutralize or in any way respond to, or assess same, the effects of "pollutants", environmental impairments, contaminants or (ii) any litigation or administrative procedure in which any insured or others may be involved as a party as a result of actual, alleged or threatened discharge, dispersal, seepage, migration, release, escape or placement of "pollutants", environmental impairments, or contaminants into or upon land, premises, buildings, the atmosphere, any water course, body of water, aquifer or ground water, whether sudden, accidental or gradual in nature or not, and regardless of when.

These exclusions apply regardless of whether:

**1.**   Injury or damage claimed is included within the "products-completed operations hazard" of the policy; or

**2.**   An alleged cause for the injury or damage is the insured's negligent hiring, placement, training, supervision, retention, act, error or omission.

The following definition is added to the policy. If the policy already includes a definition of "pollutants" such definition is deleted and replaced with the following:

"Pollutants" means any solid, liquid, gaseous, fuel, lubricant, thermal, acoustic, electrical, or magnetic irritant or contaminant, including but not limited to smoke, vapor, soot, fumes, fibers, radiation, acid, alkalis, petroleums, chemicals or "waste". "Waste" includes medical waste, biological infectants, and all other materials to be disposed of, recycled, stored, reconditioned or reclaimed.

34.     Mr. Hughes died from inhaling "pollutants," which includes "any gaseous, fuel, … [or] thermal … irritant or contaminant, including but not limited to smoke, vapor, soot, fumes[.]" (*Id*.)

35.     Accordingly, Kinsale has no duty to defend or pay any damages under the Absolute Pollution Exclusion.

**COUNT III – NO COVERAGE UNDER THE**
**FAILURE TO MAINTAIN EXCLUSION**

36.     Kinsale incorporates paragraphs 1 through 26.

37.     The policy includes an "Exclusions – Eviction and Failure to Maintain" endorsement ("Failure to Maintain Exclusion"). (*See* Ex. 6, Form CAS3103 0815.) In pertinent part, it provides:

**EXCLUSIONS – EVICTION AND FAILURE TO**
**MAINTAIN**

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE

The following exclusions are added to this policy:

This insurance does not apply to any claim or "suit" for "bodily injury", "property damage" or "personal and advertising injury" arising directly or indirectly out of, related to, or, in any way involving:

**1.**     Any actual or alleged violation, whether or not intended to cause injury or damage, of: …

      **f.**    Any Housing and Urban Development laws, ordinances or statutes;

      **g.**    Any rent stabilization laws or ordinances;

      **h.**    Any federal, state or local government subsidized program rules or regulations; or

      **i.**    Any administrative rules or regulations pertaining to **a.** through **h.** above, including but not limited to those promulgated by local authorities.

**2.**    Any failure to maintain any premises in, or restore any premises to a safe, sanitary, healthy, habitable and tenantable condition[.]

38.    In the Underlying Lawsuit, the Estate alleges Venetian Hills and Maughan are liable for failing to maintain the Venetian Hills Apartments in a safe and tenantable condition, including failing to have fire detection and fire suppression equipment required by applicable codes and regulations.

39.    Accordingly, Kinsale has no duty to defend or pay any damages under the Failure to Maintain Exclusion.

### <u>COUNT IV – NO COVERAGE FOR PUNITIVE DAMAGES</u>

40.    Kinsale incorporates paragraphs 1 through 26.

41.    The insuring agreement is only triggered by "bodily injury" caused by an "occurrence." (*See* Ex. 6, Form CG 00 01 10 01.)

42.    It is against public policy to allow coverage for punitive damages because of gross, willful, malicious, oppressive, or wanton negligence.

43.     The Estate seeks special and punitive damages because Venetian Hills and Maughan allegedly acted wilfully, maliciously, and wantonly, which does not qualify as an occurrence.

44.     These damages are not for bodily injury or property damage.

45.     It is also against public policy to allow coverage for punitive damages because of gross, willful, malicious, oppressive, or wanton negligence.

46.     Accordingly, Kinsale has no duty to defend or pay any damages under the insuring agreement and based on public policy.

## **RELIEF REQUESTED**

Kinsale respectfully requests that this Court:

a.  Take jurisdiction and adjudicate the rights of the parties under the Kinsale policy;

b.  Declare that Kinsale does not have a duty to defend or pay any damages imposed against Venetian Hills and Maughan in the Underlying Lawsuit based on the Assault and Battery Exclusion;

c.  Declare that Kinsale does not have a duty to defend or pay any damages imposed against Venetian Hills and Maughan in the Underlying Lawsuit based on the Absolute Pollution Exclusion;

d.  Declare that Kinsale does not have a duty to defend or pay any damages imposed against Venetian Hills and Maughan in the Underlying Lawsuit based on the Failure to Maintain Exclusion;

e.  Declare that Kinsale does not have a duty to defend or pay any punitive damages imposed against Venetian Hills and Maughan in the

Underlying Lawsuit because punitive damages are not covered under the insuring agreement and are uninsurable based on public policy;

f.   Award Kinsale all costs incurred to prosecute this action, as well as any other relief this Court deems equitable, just, and proper.

Respectfully submitted,

CLYDE & CO US LLP

/s/ JUNAID N. SAVANI
**JUNAID N. SAVANI**
Georgia Bar No. 309992
Junaid.Savani@clydeco.us
1221 Brickell Avenue
Suite 1600
Miami, Florida 33131
Telephone: (305) 446-2646
Fax: (305) 441-2374