IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MARIE HUGHES, as Authorized Administrator for the Estate of GEORGE HUGHES,<br><br>    Plaintiff,<br><br>vs.<br><br>VENETIAN HILLS APARTMENTS, LLC and JOHN MAUGHAN,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 19A73694 |

**AMENDED COMPLAINT**

COMES NOW Plaintiff and hereby files this Amended Complaint as follows:

1.

On March 15, 2017, George Hughes died intestate without any children or surviving parents. Marie Hughes, sister of George Hughes, is the authorized administrator of his estate hereinafter "Plaintiff").

2.

During the early morning hours of March 15, 2017, George Hughes was killed from an uncontrolled fire at Venetian Hills Apartments (hereinafter "Venetian Hills" or "Defendant") in Atlanta, Georgia. Venetian Hills was owned, operated, and controlled by John Maughan (hereinafter "Maughan" or "Defendant"). The fire trapped Mr. Hughes in his apartment at or around where he burned to death. At the time of the fire, Venetian Hills did not have proper fire detection and fire suppression equipment, required by applicable codes and regulations. At all relevant times, George Hughes was a resident and citizen of Georgia.

3.

Plaintiff Marie Hughes, as authorized administrator and personal representative, brings this case on behalf of the Estate pursuant to O.C.G.A. § 53-2-1 et seq. Plaintiff has the right to bring this wrongful death claim and to recover the full value of George Hughes' life and all other applicable damages pursuant to O.C.G.A. § 51-4-5(a).

4.

Plaintiff Marie Hughes, as administrator, states her intention and desire to bring each and every permissible, proper, and authorized claim for damages under Georgia law and O.C.G.A. § 51-4-5(b), including personal injury, funeral and burial expenses, medical, pre-death fright, punitive, and other damages as proven by the evidence at trial. Plaintiff Marie Hughes is subject to the jurisdiction of this Court.

5.

Plaintiff states her intention to bring each and every claim permissible under Georgia law and all other applicable law, and seek all special damages, economic losses, medical expenses, necessary expenses, pain and suffering, attorney's fees, and all compensatory, special, actual, general, and punitive damages permissible under Georgia law relating to the death of George Hughes, to include all estate-based claims and wrongful death claims.

6.

Defendant Venetian Hills Apartments, LLC is a Georgia corporation subject to the jurisdiction of this Court and may be served through its registered agent, Thomas Gould, at 2 Ravinia Drive, Suite 1600, Atlanta, Georgia 30346, DeKalb County, Atlanta, Georgia 30306-4627.

7.

Defendant Venetian Hills has been properly served with process in this action.

8.

Jurisdiction and venue are proper.

9.

Defendant John Maughan is an individual and resident of Fulton County, Georgia and subject to the jurisdiction of this Court. Defendant Maughan is an owner/operator of Venetian Hills. He may be served at his place of residence located at 3020 Big Creek Court, Alpharetta, Georgia 30005. Defendant Maughan has been properly served with process in this action. Venue and jurisdiction are proper as to Defendant Maughan.

10.

At all times mentioned herein, Defendant Maughan, in his individual capacity, owned, operated, controlled and/or managed an apartment complex located at 1829 Campbellton Road, SW, Atlanta, Georgia 30311 (hereinafter "the Premises") over which he exercised direction, guidance and control over Venetian Hills and its business operations.

11.

As a part of his direction and control over the Premises, Defendant Maughan was responsible for ensuring that the Premises complied with all applicable fire safety standards and regulations, including ensuring that the Premises had functioning smoke detectors, fire alarms, an emergency evacuation plan, and other fire suppression equipment for its residents.

12.

At all relevant times, Defendants operated, controlled, and managed the Premises.

13.

On March 15, 2017, George Hughes was Defendants' invitee and lawfully present on the Premises.

14.

During the morning hours of March 15, 2017, a violent fire started and spread throughout the Premises causing significant damage and extremely dangerous and hazardous conditions to the residents of the Premises, including George Hughes.

15.

The fire trapped George Hughes in his unit, at or around where he suffered greatly by burning to death.

16.

The smoke detectors and/or fire alarms at the Premises, if any, were either non-existent or were not functioning properly at the time of the incident.

17.

Defendants had a duty to provide working smoke detectors in the unit where George Hughes resided.

18.

Defendants negligently failed to provide working smoke detectors in the unit where George Hughes resided.

19.

Defendants had a duty to provide a working fire alarm on the Premises.

20.

Defendants negligently failed to provide a working fire alarm on the Premises.

21.

Defendants controlled the management of the property and had the legal duty to keep the Premises in a state consistent with the due regard of the safety of its invitees, including George

Hughes. Defendants breached said duties and failed to act as similarly situated businesses and/or individuals in like circumstances.

22.

Defendants had the duty and authority to take all actions necessary to ensure that the apartment units had operational fire detection and suppression equipment, including smoke detectors and fire alarms.

23.

Defendants were responsible for the maintenance and safe operating condition of equipment on the Premises and breached its duty to George Hughes to exercise ordinary care to keep the Premises safe by providing adequate safety measures.

24.

Defendants knew of, or with the exercise of due care for the safety of its invitees, should have known of the unreasonably dangerous and hazardous conditions existing on the Premises and that its failure to maintain, inspect, and manage the Premises would result in the injuries, suffering, and death of George Hughes.

25.

Defendants failed to inspect, discover, or report the hazardous conditions on the Premises and therefore breached a duty owed its invitees; Defendants instead negligently and carelessly subjected invitees, including George Hughes, to dangerous conditions.

26.

Defendants negligently failed to warn its invitees, including George Hughes, of the dangerous and hazardous conditions then existing on the Premises.

27.

Defendants had actual knowledge of the dangerous and hazardous conditions existing at the Premises due to the direct knowledge of its employees and agents.

28.

Defendants negligently failed to maintain a policy, procedure, or system of investigating, reporting, and warning of the aforementioned safety hazards to its invitees and therefore negligently maintained the Premises.

29.

Defendants negligently failed to supervise, hire, train, and retain its employees and the entrustment of the Premises to its agents and employees proximately caused George Hughes' death.

30.

Defendants were and are negligent *per se*.

31.

Defendants' negligence directly and proximately caused George Hughes injuries and death as follows:

a) Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the Premises safe;

b) Violation of O.C.G.A. § 44-7-13;

c) In failing to properly inspect and maintain the Premises;

d) In failing to provide adequate safety measures;

e) In failing to warn of the latent dangers on the Premises;

f) In failing to abide by the relevant building code standards pertaining to the installation and maintenance of smoke detectors and/or fire alarms;

g) In failing to properly train and supervise its employees in regard to the maintenance and safety of the Premises; and

h) In failing to properly retain, entrust, hire, train, and supervise said employees.

32.

The subject incident was directly and proximately caused by Defendants' negligence *per se* by failing to use ordinary care to keep the Premises safe, in violation of O.C.G.A. § 51-3-1.

33.

Each of the foregoing tortious acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all the above stated acts and omissions proximately caused the injuries to, and death of, George Hughes. By and through its employees, Defendants are jointly and severally liable for the personal injuries and wrongful death of George Hughes and all damages recoverable under Georgia law.

34.

At all relevant times, George Hughes exercised ordinary care and diligence under the circumstances then existing.

35.

George Hughes did not assume the risk nor did he commit comparative negligence.

36.

One or more of Defendants' acts and omissions rise to the level of conscious indifference to the consequences such that punitive damages should be awarded.

37.

Defendants subjected George Hughes to personal injuries and wrongful death, such that Defendant is liable for the economic and non-economic damages as well as pain and suffering, personal injury and punitive damages as supported by the evidence.

38.

Defendants are liable for George Hughes' injuries, pain and suffering, the full value of his life pursuant to O.C.G.A. § 51-4-1 et seq., and all other elements of damage allowed under the laws of the State of Georgia. Defendants are liable to Plaintiff directly, as well as under theories of *respondeat superior*, joint enterprise and agency principles.

39.

As a result of Defendants' negligence, Plaintiff states the intention to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia Law, including, but not limited to:

a) Personal injuries;

b) Pain and suffering;

c) Mental anguish, fright, shock, and terror;

d) Loss of the enjoyment of life;

e) Wrongful death;

f) Funeral and burial expenses;

g) Lost earning capacity and income;

h) Incidental expenses;

i) Medical expenses;

j) The full value of George Hughes' life; and

k) Consequential damages to be proven at trial.

40.

By allowing the apartment complex to exist without basic safety equipment, such as a fire alarms or smoke detectors, among other flagrant acts and omissions, Defendants acted with willful misconduct, malice fraud, oppression, wantonness and an entire want of care raising the presumption of a conscience indifference to the consequences. Accordingly, Plaintiff is entitled to recover punitive damages from Defendants, in accordance with the enlightened conscience of an impartial jury, pursuant to O.C.G.A. § 51-12-5.1.

41.

Because Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense, Plaintiff is entitled to recover necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

WHEREFORE, Plaintiff prays for a judgment to be awarded to them and against the Defendants and for the following:

a) Process issue and Defendants be served as provided by law;

b) Plaintiff have a trial by jury;

c) Plaintiff be awarded actual damages in amounts to be shown at trial from Defendants;

d) Plaintiff be awarded the full value of George Hughes' life pursuant to O.C.G.A. § 51-4-1 et seq.;

e) Plaintiff be awarded all general, medical, punitive, special, compensatory, incidental, consequential, and all other permissible damages in accordance with the enlightened conscience of an impartial jury;

f) Plaintiff be awarded attorneys' fees and cost of litigation in an amount which will be proven through the evidence at the time of trial;

g) Plaintiff be awarded interest and costs; and

h) Plaintiff be awarded such other relief as this Court deems just and proper.

TRIAL BY JURY IS HEREBY DEMANDED.

                                      Respectfully submitted,

                                      **SHIVER HAMILTON, LLC**

                                      */s/ Jeff P. Shiver*
                                      Jeff P. Shiver
                                      Georgia Bar No. 001303
                                      Brandon S. Smith
                                      Georgia Bar No. 732793
                                      ***Attorneys for Plaintiff***

**SHIVER HAMILTON, LLC**
3490 Piedmont Road, Suite 640
Atlanta, Georgia 30305
(404) 593-0020

**CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2019, I electronically filed a copy of the foregoing *Amended Complaint* with the State Court of DeKalb County via the Odyssey eFileGA filing system, which will automatically send e-mail notification of such filing to the following counsel of record:

Warner S. Fox, Esq.
Hawkins Parnell & Young, LLP
303 Peachtree Street, NE, Suite 4000
Atlanta, Georgia 30308-3243
*Counsel for Defendants*

This 18th day of June, 2019.

Respectfully submitted,

SHIVER HAMILTON, LLC

*/s/ Jeff P. Shiver*
Jeff P. Shiver
Georgia Bar No. 001303
*Attorney for Plaintiffs*

**SHIVER HAMILTON, LLC**
3490 Piedmont Road, Suite 640
Atlanta, Georgia 30305
(404) 593-0020

11