UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KINSALE INSURANCE COMPANY,

    Plaintiff,

v.                            CASE NO: 1:21-cv-03214-LMM

VENETIAN HILLS APARTMENTS, LLC,
JOHN MAUGHAN, and MARIE HUGHES,
as Authorized Administrator for the Estate of
GEORGE HUGHES,

    Defendants.
_____/

**PLAINTIFF'S MOTION TO SEAL
EXHIBIT 1 OF THE COMPLAINT**

    Plaintiff KINSALE INSURANCE COMPANY ("Kinsale") files this motion to seal Exhibit "1" of the complaint [DE 1-1], and in support, states:

    1.    The general public's common-law right to access judicial records "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero v Drummond Co., Inc.*, 480 F. 3d 1234, 1246 (11th Cir. 2007). "[C]ourts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to

respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id*.

2. Exhibit 1 of the complaint is the autopsy report of George Hughes. This document contains personal information regarding Hughes's injuries at the time of his death. As such, Kinsale believes in good faith that these documents should not be disclosed to the public. *See Reid v. Viacom Int'l Inc.*, No. 1:14-CV-1252-MHC, 2016 WL 4157208, at *4 (N.D. Ga. Jan. 25, 2016) ("This Court finds that Plaintiff's legitimate privacy interests in the information contained in the exhibits containing her personal health information outweighs the public right of access to that information."); *Est. of Neal v. Maryland*, No. CV ELH-15-3278, 2016 WL 11641938, at *2 (D. Md. Aug. 4, 2016) ("[T]he Autopsy Report obviously contains personal medical information about the decedent that cannot be readily redacted. …Accordingly, the Motion to Seal is GRANTED as to the Autopsy Report[.]"); *Brown v. Mount Laurel Twp.*, No. CV 13-6455, 2016 WL 5334657, at *14 (D.N.J. Sept. 21, 2016) ("For the reasons stated on the record during the hearing and those set forth above, State Defendants' Motion to Seal Documents Containing Medical Records and Autopsy Reports is granted[.]").

3. Kinsale respectfully requests that the Court enter an Order sealing Exhibit 1 of the Complaint [DE 1-1].

4. A proposed Order granting this motion is attached as Exhibit "A."

WHEREFORE, Kinsale respectfully requests that the Court enter an Order sealing Exhibit 1 of the Complaint [DE 1-1], and any other relief deemed just and proper.

> Respectfully submitted,
>
> CLYDE & CO US LLP
>
> /s/ JUNAID N. SAVANI
> **JUNAID N. SAVANI**
> Georgia Bar No. 309992
> Junaid.Savani@clydeco.us
> 1221 Brickell Avenue
> Suite 1600
> Miami, Florida 33131
> Telephone: (305) 446-2646
> Fax: (305) 441-2374

## CERTIFICATE OF SERVICE

I CERTIFY that on August 10, 2021, this document was filed via the CM/ECF system. I further certify that I am unaware of any non-CM/ECF participants.

> /s/JUNAID N. SAVANI
> JUNAID N. SAVANI