**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| KINSALE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | 1:21-cv-03214-LMM |
| v. | ) | |
| | ) | |
| VENETIAN HILLS APARTMENTS, | ) | |
| LLC, JOHN MAUGHAN, and MARIE | ) | |
| HUGHES, as Authorized Administrator | ) | |
| for the Estate of GEORGE HUGHES, | ) | |
| | ) | |
| Defendants. | | |

## ANSWER AND DEFENSES OF VENETIAN HILLS APARTMENTS, LLC AND JOHN MAUGHAN

COMES NOW Defendants Venetian Hills Apartments, LLC and John Maughan (these "Defendants"), and files their *Answer and Defenses* to Plaintiff's *Complaint for Declaratory Relief and Damages* (hereinafter "Complaint"), respectfully showing as follows:

## FIRST DEFENSE

Plaintiff's Complaint, in whole and with respect to the individual counts, fails to state a claim upon which relief can be granted and should be dismissed.

## SECOND DEFENSE

Plaintiff's Complaint does not allege or present an actual controversy over

which this court may assert jurisdiction, and therefore must be dismissed.

## THIRD DEFENSE

This Declaratory Judgment action will not resolve any uncertainty as to the relief sought herein but will subject the parties to hardship and a multiplicity of suits. Plaintiff's Complaint must therefore be dismissed.

## FOURTH DEFENSE

Plaintiff has not alleged the necessary prerequisites sufficient to state a claim for declaratory relief.

## FIFTH DEFENSE

Plaintiff's Complaint is barred by the doctrine of ripeness as the cause of action depends upon the determination of facts in an underlying lawsuit which have yet to be determined. Plaintiff's Complaint must therefore be dismissed.

## SIXTH DEFENSE

These Defendants raise as a defense lack of privity of contract between Plaintiff and one or more of these Defendants.

## SEVENTH DEFENSE

Plaintiff's claims against these Defendants may be barred by Plaintiff's failure to comply with its contract, if any, with one or more of these Defendants.

## EIGHTH DEFENSE

Plaintiff's claims against Defendants may be barred by the doctrines of estoppel and waiver.

## NINTH DEFENSE

Plaintiff's claims may be barred because they are against public policy.

## TENTH DEFENSE

Some or all of the requests for relief are not, or may not be, ripe for adjudication.

## ELEVENTH DEFENSE

Plaintiff's claims may be barred based on lack of consideration.

## TWELFTH DEFENSE

These Defendants respond to the individual paragraphs of Plaintiff's Complaint as follows:

## NATURE OF THE ACTION

1.

Paragraph 1 of Plaintiff's Complaint asserts a legal conclusion to which no response is required.  To the extent that Paragraph 1 is construed to assert factual or legal allegations, these Defendants specifically deny that there is no coverage for the underlying lawsuit pursuant to the Assault and Battery Exclusion in

Venetian Hills Apartments, LLC's insurance policy issued by Plaintiff.  These Defendants deny any remaining allegations contained in Paragraph 1 of Plaintiff's Complaint as asserted by Plaintiff.

## JURISDICTION AND VENUE

### 2.

These Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

### 3.

These Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

### 4.

These Defendants do not understand what is being alleged in Paragraph 4 of Plaintiff's Complaint, and therefore are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint.

## THE PARTIES

### 5.

In response to Paragraph 5 of Plaintiff's Complaint, these Defendants admit only that Plaintiff issued an insurance policy to Venetian Hills as the Named

Insured.  These Defendants are without sufficient knowledge or information to either admit or deny the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

In response to Paragraph 6 of Plaintiff's Complaint, these Defendants admit only that Venetian Hills is a Georgia limited liability company, that Defendant Maughan is the sole member of Venetian Hills, and that Defendant Maughan is a resident of Fulton County, Georgia.  These Defendants deny all remaining allegations contained in Paragraph 6 of Plaintiff's Complaint as alleged by Plaintiff.

7.

These Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

These Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

## WHEELER KILLED MR. HUGHES BY COMMITTING [SIC] AT THE VENETIAN HILLS APARTMENTS

### 9.

Paragraph 9 of Plaintiff's Complaint asserts a legal conclusion to which no response is required.  To the extent that Paragraph 1 is construed to assert factual or legal allegations, these Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.

### 10.

These Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint.

### 11.

These Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.

## THE MEDICAL EXAMINER CONCLUDED MR. HUGHES DIED FROM SMOKE INHALATION AND BURNS

### 12.

These Defendants admit the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

In response to Paragraph 13 of Plaintiff's Complaint, these Defendants admit only that the autopsy report referenced in Paragraph 13 of Plaintiff's Complaint was attached as "Exhibit 1" and that the document speaks for itself.  These Defendants deny any remaining allegations contained in Paragraph 13 of Plaintiff's Complaint as worded by Plaintiff.

14.

In response to Paragraph 14 of Plaintiff's Complaint, these Defendants admit only that the autopsy report referenced in Paragraph 14 of Plaintiff's Complaint was attached as "Exhibit 1" and that the document speaks for itself.  These Defendants deny any remaining allegations contained in Paragraph 14 of Plaintiff's Complaint as worded by Plaintiff.

15.

In response to Paragraph 15 of Plaintiff's Complaint, these Defendants admit only that the autopsy report referenced in Paragraph 15 of Plaintiff's Complaint was attached as "Exhibit 1" and that the document speaks for itself.  These Defendants deny any remaining allegations contained in Paragraph 15 of Plaintiff's Complaint as worded by Plaintiff.

## WHEELER WAS INDICTED FOR HOMICIDE, ARSON, AND ULTIMATELY PLED GUILTY

16.

These Defendants admit the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

In response to Paragraph 17 of Plaintiff's Complaint, these Defendants admit only that the indictment referenced in Paragraph 17 of Plaintiff's Complaint was attached as "Exhibit 2" and that the document speaks for itself. These Defendants deny any remaining allegations contained in Paragraph 17 of Plaintiff's Complaint as worded by Plaintiff.

18.

In response to Paragraph 18 of Plaintiff's Complaint, these Defendants admit only that the *nolle prosequi* and judgment referenced in Paragraph 18 of Plaintiff's Complaint were attached as "Exhibit 3" and "Exhibit 4", respectively, and that the documents speak for themselves. These Defendants deny any remaining allegations contained in Paragraph 18 of Plaintiff's Complaint as worded by Plaintiff.

19.

In response to Paragraph 19 of Plaintiff's Complaint, these Defendants admit only that the "plea agreement" passage quoted in Paragraph 19 of Plaintiff's Complaint is contained in the document attached as "Exhibit 3" to Plaintiff's Complaint and that the document speaks for itself.  These Defendants deny any remaining allegations contained in Paragraph 19 of Plaintiff's Complaint as worded by Plaintiff.

## THE ESTATE SUED VENETIAN HILLS AND MAUGHAN

20.

These Defendants admit the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

In response to Paragraph 21 of Plaintiff's Complaint, these Defendants admit only that the quoted passage is included in the amended complaint in the Underlying Lawsuit.  These Defendants specifically deny that said quote was the "crux" of the amended complaint and any other incidental allegations contained in Paragraph 21 as worded by Plaintiff.

22.

In response to Paragraph 22 of Plaintiff's Complaint, these Defendants admit

only that the quoted passage is included in the amended complaint in the

Underlying Lawsuit.  These Defendants specifically deny the accuracy of said

quote and any other incidental allegations contained in Paragraph 22 as worded by

Plaintiff.

23.

In response to Paragraph 23 of Plaintiff's Complaint, these Defendants admit

only that the claims referenced are included in the amended complaint in the

Underlying Lawsuit.  These Defendants specifically deny the accuracy and

viability of said claims and any other incidental allegations contained in Paragraph

23 as worded by Plaintiff.

24.

In response to Paragraph 24 of Plaintiff's Complaint, these Defendants admit

only that Kinsale is defending Venetian Hills and that Plaintiff sent letters

purporting to set out reservations of rights.  These Defendants specifically that the

allegations and analysis set forth in those letters are accurate and/or complete.

These Defendants deny any other incidental allegations contained in Paragraph 24

as worded by Plaintiff.

## THE POLICY

### 25.

These Defendants admit the allegations contained in Paragraph 25 of Plaintiff's Complaint.

### 26.

These Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

## COUNT I – NO COVERAGE UNDER THE
## ASSAULT AND BATTERY EXCLUSION

### 27.

These Defendants re-allege and incorporate the defenses set-forth in Paragraphs 1-26 above, as well as the affirmative defenses set forth above, as if fully set forth herein.

### 28.

In response to Paragraph 28 of Plaintiff's Complaint, these Defendants admit only that the quoted passage of the Assault and Battery Exclusion is included in the subject insurance policy.  These Defendants specifically deny that said quote pertains to any issue of coverage involved in this lawsuit and any other incidental allegations contained in Paragraph 28 as worded by Plaintiff.

29.

In response to Paragraph 29 of Plaintiff's Complaint, these Defendants admit only that the claims referenced are included in the amended complaint in the Underlying Lawsuit.  These Defendants specifically deny the accuracy and viability of said claims and any other incidental allegations contained in Paragraph 29 as worded by Plaintiff.

30.

In response to Paragraph 30 of Plaintiff's Complaint, these Defendants admit only that the "Exhibit 3" and "Exhibit 4" to the Complaint speak for themselves. These Defendants deny any remaining allegations contained in Paragraph 30 of Plaintiff's Complaint as worded by Plaintiff.

31.

These Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

## COUNT II – NO COVERAGE UNDER THE ABSOLUTE POLLUTION EXCLUSION

32.

These Defendants re-allege and incorporate the defenses set-forth in Paragraphs 1-31 above, as well as the affirmative defenses set-forth above, as if

fully set forth herein.

33.

In response to Paragraph 33 of Plaintiff's Complaint, these Defendants admit only that the quoted passage of the Absolute Pollution and Pollution Related Liability Exclusion is included in the subject insurance policy.  These Defendants specifically deny that said quote pertains to any issue of coverage involved in this lawsuit and any other incidental allegations contained in Paragraph 33 as worded by Plaintiff.

34.

These Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

These Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint.

## COUNT III – NO COVERAGE UNDER THE

## FAILURE TO MAINTAIN EXCLUSION

36.

These Defendants re-allege and incorporate the defenses set-forth in Paragraphs 1-35 above, as well as the affirmative defenses set-forth above, as if

fully set forth herein.

37.

In response to Paragraph 37 of Plaintiff's Complaint, these Defendants admit only that the quoted passage of the Eviction and Failure to Maintain Exclusion is included in the subject insurance policy. These Defendants specifically deny that said quote pertains to any issue of coverage involved in this lawsuit and any other incidental allegations contained in Paragraph 37 as worded by Plaintiff.

38.

In response to Paragraph 38 of Plaintiff's Complaint, these Defendants admit only that the referenced claims are among those alleged in the Underlying Lawsuit. These Defendants specifically deny the accuracy and viability of said claims and any other incidental allegations contained in Paragraph 38 as worded by Plaintiff.

39.

These Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Complaint.

## COUNT IV – NO COVERAGE FOR PUNITIVE DAMAGES

40.

These Defendants re-allege and incorporate the defenses set-forth in Paragraphs 1-39 above, as well as the affirmative defenses set-forth above, as if

fully set forth herein.

41.

In response to Paragraph 41 of Plaintiff's Complaint, these Defendants admit only that "bodily injury" caused by an "occurrence" can trigger coverage under the subject insurance policy.  These Defendants deny all remaining allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.

These Defendants deny the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.

In response to Paragraph 43 of Plaintiff's Complaint, these Defendants admit only that the referenced claims are among those alleged in the Underlying Lawsuit. These Defendants specifically deny the accuracy and viability of said claims and any other incidental allegations contained in Paragraph 43 as worded by Plaintiff.

44.

These Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Complaint as worded by Plaintiff.

45.

These Defendants deny the allegations contained in Paragraph 45 of

Plaintiff's Complaint.

46.

These Defendants deny the allegations contained in Paragraph 46 of Plaintiff's Complaint.

<b><u>RELIEF REQUESTED</u></b>

These Defendants respond to the unnumbered paragraph, including subparts (a) through (f) thereto, by denying all allegations of fact requiring a response.

These Defendants deny any remaining allegations of fact in Plaintiff's Complaint that are not heretofore responded.

WHEREFORE, having fully responded to Plaintiff's Complaint by the filing of this, their *Answer and Defenses*, these Defendants pray:

(a) That judgment is rendered in favor of Defendants and against Plaintiff;

(b) That the cost of this action be taxed against Plaintiff;

(c) That this matter be tried by a jury of twelve (12) members; and,

(d) For such other and further relief as is meet and just.

Respectfully submitted this  25th  day of  October , 2021.

*[signature appears on next page]*

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone:  (404) 870-1064
Facsimile:   (404) 870-1030

*/s/ M.Ryan Del Campo*
Matthew G. Moffett
Georgia State Bar No.:  515323
M.Ryan Del Campo
Georgia State Bar No.: 384618
*Attorneys for Defendants Venetian Hills*
*Apartments, LLC and John Maughan*

## <u>CERTIFICATE OF SERVICE AND COMPLIANCE WITH L.R. 5.1</u>

This is to certify that I have this day served the foregoing *ANSWER AND DEFENSES OF VENETIAN HILLS APARTMENTS, LLC AND JOHN MAUGHAN* with the Clerk of Court and upon all counsel of record using the CM/ECF system which will automatically send email notification of such filing to the following:

| | |
|---|---|
| **Junaid N. Savani, Esq.**<br>**CLYDE & CO US LLP**<br>**1221 Brickell Avenue**<br>**Suite 1600**<br>**Miami, FL 33131** | **Jeff P. Shiver, Esq.**<br>**Shiver Hamilton, LLC**<br>**One Securities Centre**<br>**3490 Piedmont Rd NE**<br>**Suite 640**<br>**Atlanta, GA 30305** |

This is to further certify that the foregoing complies with the font and point selections approved by the Court in Local Rule 5.1.  It is prepared in Times New Roman 14-point font.

Dated this  25th day of  October , 2021.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**       */s/ M.Ryan Del Campo*
950 East Paces Ferry Road, N.E.       Matthew G. Moffett
Suite 1700 – Salesforce Tower Atlanta       Georgia State Bar No.:  515323
Atlanta, Georgia 30326       M.Ryan Del Campo
Telephone:  (404) 870-1064       Georgia State Bar No.: 384618
Facsimile:   (404) 870-1030       *Attorneys for Defendants Venetian Hills*
*Apartments, LLC and John Maughan*