**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| KINSALE INSURANCE COMPANY, )<br>)<br>    Plaintiff,                     )<br>)<br>v.                                      )<br>)<br>VENETIAN HILLS APARTMENTS,   )<br>LLC, JOHN MAUGHAN, and MARIE )<br>HUGHES, as Authorized Administrator )<br>for the Estate of GEORGE HUGHES, )<br>)<br>    Defendants. | CIVIL ACTION FILE NO.:<br><u>1:21-cv-03214-LMM</u> |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

COME NOW all parties to the above-styled action and present this preliminary report and discovery plan to the court as follows:

**1.   Description of Case:**

**(a)   Describe briefly the nature of this action.**

<u>Kinsale's Statement</u>: Kinsale filed this action for declaratory relief to establish there is no insurance coverage available to Venetian Hills Apartments, LLC ("Venetian Hills") or John Maughan under an insurance policy for an underlying lawsuit ("Underlying Lawsuit") by Marie Hughes, as authorized administrator for the Estate of George Hughes. Specifically,

Page 1 of 16

Kinsale seeks declarations that there is no coverage under the policy's an Assault and Battery Exclusion, Absolute Pollution Exclusion, Failure to Maintain Exclusion, and no coverage for punitive damages.

<u>Venetian Hills Defendants' Statement</u>: The Venetian Hills Apartments and John Maughan (collectively the "Venetian Hills" Defendants) contend that Plaintiff is attempting to avoid its express obligations under the subject insurance contract based on exclusions that clearly do not apply to the facts of the underlying litigation.  There was no assault or battery involved in the subject incident, nor is there any connection to pollution to trigger the exclusions in the policy relied upon by Plaintiff.  Similarly, there is no evidence that the criteria for application of the "failure to maintain" exclusion are present and there is no punitive damages exclusion in the policy.

<u>Defendant Hughes' Statement</u>: No additions to the brief description.

**(b)    Summarize, in the space provided below, the facts of this case.**

<u>Kinsale's Statement</u>: On March 15, 2017, non-party Kamara Wheeler committed arson by setting a fire at the Venetian Hills Apartments. George Hughes was in his apartment at the Venetian Hills Apartments and was ultimately killed by the fire started by Wheeler. Because of the fire, Wheeler was arrested and subsequently confessed to starting the fire at the Venetian

Hills Apartments by igniting a plastic trash bag in a living room and starting a separate fire outside the front door of another unit. Wheeler has also pled guilty to voluntary manslaughter, a lesser included offense of the murder count, and four counts of arson.

On March 12, 2019, the Estate filed the Underlying Lawsuit against Venetian Hills and Maughan. In the Underlying Lawsuit, the crux of the amended complaint is Venetian Hills and Maughan are liable for failing to prevent the death of Mr. Hughes, including failing to "have proper fire detection and fire suppression equipment, required by applicable codes and regulations[,]" at the Venetian Hills Apartments. (*Id*., ¶2.) The amended complaint also alleges that Venetian Hills and Maughan "acted with wilful misconduct, malice fraud, oppression, wantonness and an entire want of care raising the presumption of a conscience indifference to the consequences." (*Id*., ¶40.) In the amended complaint, the Estate seeks damages, including punitive and special damages. (*Id*., ¶¶5, 36-37, 39-41.)

Kinsale is defending Venetian Hills in the Underlying Lawsuit under a complete reservation of rights. In this action, Kinsale seeks declarations that there is no coverage under the policy's an Assault and Battery Exclusion, Absolute Pollution Exclusion, Failure to Maintain Exclusion, and no coverage

-
-
-
-

for punitive damages.

<u>Venetian Hills Defendants' Statement</u>: George Hughes, a resident of Venetian Hills, died on March 15, 2017 after a stranger lit a fire while visiting another resident in the apartment. Marie Hughes, as executor of the Estate of George Hughes, filed a lawsuit in the State Court of DeKalb County, Georgia, against the owner of the complex, Venetian Hills Apartments, LLC and the owner of the LLC, John Maughan, asserting claims for wrongful death sounding in negligence on March 12, 2019. Nearly two and a half years later, on the eve of trial, Plaintiff Kinsale filed this declaratory judgment action, seeking to avoid its obligations to indemnify the Venetian Hills Defendants under the liability insurance agreement it issued for any potential judgment against them. Plaintiff's reliance on the policy exclusions referenced in its Complaint is unsupported by fact or law.

<u>Defendant Hughes' Statement</u>: Defendant Hughes adopts the statement of the Venetian Hills Defendants.

**(c)    The legal issues to be tried are as follows:**

<u>Kinsale's Statement</u>: In this action, Kinsale seeks declarations that there is no coverage under the policy's an Assault and Battery Exclusion, Absolute

Pollution Exclusion, Failure to Maintain Exclusion, and no coverage for punitive damages.

<u>Venetian Hills Defendants' Statement</u>: Application of policy exclusions to facts of underlying litigation; Plaintiff's liability for any potential judgment against Venetian Hills by Defendant Hughes in the underlying lawsuit.

<u>Defendant Hughes' Statement</u>: Whether Plaintiff has a duty to defend and indemnify the Venetian Hills Defendants in the underlying lawsuit, and potentially legal issues relating to defenses asserted in the case.

**(d)     The cases listed below (include style and action number) are**

  **(1)     Pending Related Cases:**

  *Marie Hughes, as Administrator of the Estate of George Hughes v. Venetian Hills Apartments, LLC*, State Court of DeKalb County, Georgia, Civil Action File No. 19A73694.

  **(2)     Previously Adjudicated Related Cases:**

  None.

**2.    This case is complex because it possesses one (1) or more of the features listed below (please check):**

  __    **(1)  Unusually large number of parties**

  __    **(2)  Unusually large number of claims or defenses**

  __    **(3)  Factual issues are exceptionally complex**

    __    **(4)  Greater than normal volume of evidence**

**X**    **(5)  Extended discovery period is needed**

    __    **(6)  Problems locating or preserving evidence**

    __    **(7)  Pending parallel investigations or actions by government**

    __    **(8)  Multiple use of experts**

    __    **(9)  Need for discovery outside United States boundaries**

    __    **(10) Existence of highly technical issues and proof**

    __    **(11) Unusually complex discovery of electronically stored information.**

**3.      Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

<u>Kinsale</u>**:**    Junaid N. Savani, Esq.
CLYDE & CO US LLP
1221 Brickell Avenue
Suite 1600
Miami, FL 33131
Phone: (305) 446-2646
Fax: (305) 441-2374
Email: junaid.savani@clydeco.us

<u>Venetian Hills Defendants</u>:    Matthew G. Moffett, Esq.
M. Ryan Del Campo, Esq.
GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, LLP
1700 Atlanta Plaza
950 East Paces Ferry Road

|  |  |
|---|---|
|  | Atlanta, Georgia 30326<br>Telephone: (404) 870-7373<br>Facsimile: (404) 870-1030<br>Email: mmoffett@grsmb.com<br>Email: rdelcampo@grsmb.com |
| <u>Defendant Hughes</u>: | Jeff P. Shiver, Esq.<br>Darrell W. Hinson, Esq.<br>SHIVER HAMILTON, LLC<br>3490 Piedmont Road, Suite 640<br>Atlanta, Georgia 30305<br>Telephone: (404) 476-6516<br>Facsimile: (877) 256-4087<br>Email: jeff@shiverhamilton.com<br>Email: darrell@shiverhamilton.com |

**4.    Jurisdiction: Is there any question regarding this court's jurisdiction?**

Currently, the Plaintiff and Venetian Hills Defendants do not believe there is any question regarding the court's jurisdiction. Defendant Hughes has agreed to a waiver of the service of summons, is still within the time to answer under the waiver, and preserves all defenses or objections, including those relating to this Court's jurisdiction.

**5.    Parties to This Action:**

**(a)    The following persons are necessary parties who have not been joined:**

None known at this time.

**(b)    The following persons are improperly joined as parties:**

None known at this time.

  **(c)**  **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

    None known at this time.

  **(d)**  **The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.**  **Amendments to the Pleadings:** Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

  **(a)**  **List separately any amendments to the pleadings which the Parties anticipate will be necessary:**

    None known at this time.

  **(b)**  **Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary report and discovery schedule is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.**  **Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below, except as the parties propose modifications below. All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

**(a)     Motions to Compel:**

05/24/2022

**(b)     Summary Judgment Motions:**

06/23/2022

**(c)     Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

**(d)     Motions Objecting to Expert Testimony:**

No later than thirty (30) days after 06/23/2022, or entry of the Court's ruling on any pending motions for summary judgment, whichever is later.

**8.     Initial Disclosures:**

Plaintiff and the Venetian Hills Defendants agree to serve their initial disclosures under Rule 26(a) on or before 12/12/2021.  Defendant Hughes has waived service under Rule 4(d) and will make her initial disclosures under LR 26.1 within thirty (30) days after her appearance by answer or motion.

**9.     Request for Scheduling Conference:**

At this time, the parties do not request a scheduling conference with the Court.

**10.    Discovery Period:**

**(a)     Please state below the subjects on which discovery may be needed:**

<u>Kinsale's Statement</u>: Kinsale anticipate that discovery might be needed regarding indemnity for the underlying lawsuit and the defendants' affirmative defenses.

<u>Venetian Hills Defendants' Statement</u>: These Defendants anticipate serving targeted written discovery requests to Plaintiff focused on issues concerning the application of the policy exclusions referenced in Plaintiff's Complaint to the facts of the underlying lawsuit.

<u>Defendant Hughes' Statement</u>: Whether Plaintiff has a duty to defend and indemnify the Venetian Hills Defendants in the underlying lawsuit and subjects relating to defenses raised in the case.

**(b)    If the parties anticipate that additional time beyond that allowed by the assigned track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The parties jointly request that the Court place the parties on a six-month discovery track to accommodate necessary depositions.

11. **Discovery Limitation and Discovery of Electronically Stored Information:**

    **(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.**

    None at this time.

**(b)** **Is any party seeking discovery of electronically stored information?**

No. The parties are not aware of any ESI needs at this time, but have agreed to address this issue at a later date if such needs arise. The parties are willing to work with one another regarding the production of any and all electronically stored information in the format it is usually maintained. Specifically, there is no objection to the production of electronically stored information in the .PDF format. In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in accordance with paragraph 9 of this report.

**12.** **Other Orders:**

**(a)** **What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

None at this time.

**13.** **Settlement Potential.**

**(a)** **Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held November 22, 2021 and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

For Kinsale:

Lead counsel (signature):     */s/ Junaid Savani*
                              Junaid N. Savani
                              Georgia Bar No. 309992

|  |  |
|---|---|
|  | CLYDE & CO US LLP |
|  | 1221 Brickell Avenue |
|  | Suite 1600 |
|  | Miami, Florida 33131 |
|  | Telephone: (305) 446-2646 |
|  | Fax: (305) 441-2374 |
|  | Junaid.Savani@clydeco.us |
| Other participants: | Andres Cordova, Esquire |
|  | CLYDE & CO US LLP |
|  | 1221 Brickell Avenue |
|  | Suite 1600 |
|  | Miami, FL 33131 |
|  | Phone: (305) 446-2646 |
|  | Fax: (305) 441-2374 |
|  | andres.cordova@clydeco.us |

**For the Venetian Hills Defendants:**

|  |  |
|---|---|
| Lead counsel (signature): | ***/s/ M. Ryan Del Campo*** |
|  | Matthew G. Moffett |
|  | Georgia State Bar No.:  515323 |
|  | M. Ryan Del Campo |
|  | Georgia State Bar No.: 384618 |
|  | Attorneys for Defendant |
|  | GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, LLP |
|  | 1700 Atlanta Plaza |
|  | 950 East Paces Ferry Road |
|  | Atlanta, Georgia 30326 |
|  | Telephone: (404) 870-1064 |
|  | Facsimile: (404) 870-1030 |
|  | rdelcampo@grsmb.com |
| Other participants: | n/a |

**For Defendant Hughes:**

|  |  |
|---|---|
| Lead counsel (signature): | ***/s/ Darrell W. Hinson*** |
|  | Jeff P. Shiver, Esq. |

>
> Georgia Bar No.: 001303
> Darrell W. Hinson, Esq.
> Georgia Bar No. 356789
> **SHIVER HAMILTON, LLC**
> 3490 Piedmont Road, Suite 640
> Atlanta, Georgia 30305
> Telephone: (404) 476-6516
> Facsimile: (877) 256-4087
> jeff@shiverhamilton.com
> darrell@shiverhamilton.com

      Other participants:      n/a

**(b)** **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

    (X)   A possibility of settlement after discovery.

**(c)** **Counsel (X) do intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is not scheduled at this time.**

**(d)** **The following specific problems have created a hindrance to settlement of this case.**

    Kinsale's Statement: Kinsale remains receptive to settlement discussions but does not believe settlement is feasible at this time because of the other parties' positions regarding the coverage issues.

    Defendants: Resolution of the underlying litigation.

**14.** **Trial by Magistrate Judge:**

**(a)** **The parties ( x ) do not consent to having this case tried before a magistrate judge of this Court.**

Respectfully submitted this 23rd day of November, 2021.

*/s/ Junaid Savani*
Junaid N. Savani, Esq.
Georgia State Bar No.: 309992
**CLYDE & CO US LLP**
121 Brickell Avenue
Suite 1600
Miami, FL 33131
Phone: (305) 446-2646
Fax: (305) 441-2374
Email: junaid.savani@clydeco.us
*Counsel for Plaintiff, Kinsale Insurance Company*

*/s/ M. Ryan Del Campo*
Matthew G. Moffett
Georgia State Bar No.: 515323
M. Ryan Del Campo
Georgia State Bar No.: 384618
Attorneys for Defendant
**GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, LLP**
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
Telephone: (404) 870-1064
Facsimile: (404) 870-1030
Email: mmoffett@grsmb.com
Email: rdelcampo@grsmb.com
*Counsel for Defendants Venetian Hills Apartments, LLC and John Maughan*

*/s/ Darrell W. Hinson*
*(Signed w/express permission by M. Ryan Del Campo)*
Jeff P. Shiver, Esq.
Georgia Bar No.: 001303
Darrell W. Hinson, Esq.
Georgia Bar No.: 356789
**SHIVER HAMILTON, LLC**
3490 Piedmont Road, Suite 640
Atlanta, Georgia 30305
Telephone: (404) 476-6516
Facsimile: (877) 256-4087
Email: jeff@shiverhamilton.com
Email: darrell@shiverhamilton.com
*Counsel for Defendant Hughes*

# JOINT PROPOSED SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court assigns this case to a six-month discovery track. The Court also that the applicable time limits are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified by the following deadlines:

| Deadlines | Proposed date |
| --- | --- |
| Certification of interested persons and corporate disclosures | 11/24/2021* <br><br> *Defendant Hughes has waived service under Rule 4(d) and will make her certificate of interested persons within thirty (30) days after her appearance by answer or motion. |
| Parties' initial disclosures under Rule 26(a) | 12/12/2021* <br><br> *Defendant Hughes has waived service under Rule 4(d) and will make her initial disclosures under LR 26.1 within thirty (30) days after her appearance by answer or motion. |
| Amendments to the pleadings | 12/23/2021* <br><br> *Defendant Hughes has waived service under Rule 4(d), has not yet filed any pleading, and preserves the right to amend her pleadings in accordance with Fed.R.Civ.P. 15. |

| Motions to compel | 05/24/2022 |
| --- | --- |
| Close of discovery | 05/24/2022 |
| Summary Judgment Motions | 06/23/2022 |
| Motions Objecting to Expert Testimony: | No later than thirty (30) days after 06/23/2022, or entry of the Court's ruling on any pending motions for summary judgment, whichever is later |
| Proposed pretrial order | No later than thirty (30) days after 06/23/2022, or entry of the Court's ruling on any pending motions for summary judgment, whichever is later |

**DONE AND ORDERED** on _____ 2021.

_____
**LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE**