IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KINSALE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | 1:21-cv-03214-LMM |
| v. | ) | |
| | ) | |
| VENETIAN HILLS APARTMENTS, LLC, JOHN MAUGHAN, and MARIE HUGHES, as Authorized Administrator for the Estate of GEORGE HUGHES, | ) ) ) ) | |
| | ) | |
| Defendants. | | |

## MARIE HUGHES' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

COMES NOW Defendant MARIE HUGES as Administrator for the Estate of George Hughes ("Hughes"), and files her answer and defenses to Plaintiff's *Complaint for Declaratory Relief and Damages* (hereinafter "Complaint"), respectfully showing the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint, in whole and with respect to the individual counts, fails to state a claim upon which relief can be granted and should be dismissed.

**SECOND DEFENSE**

Plaintiff's Complaint does not allege or present an actual controversy over which this court may assert jurisdiction, and therefore must be dismissed.

**THIRD DEFENSE**

This Declaratory Judgment action will not resolve any uncertainty as to the relief sought herein but will subject the parties to hardship and a multiplicity of suits. Plaintiff's Complaint must therefore be dismissed.

**FOURTH DEFENSE**

Plaintiff has not alleged the necessary prerequisites sufficient to state a claim for declaratory relief.

**FIFTH DEFENSE**

Plaintiff's Complaint is barred by the doctrine of ripeness as the cause of action depends upon the determination of facts in an underlying lawsuit which has yet to be determined. Plaintiff's Complaint must therefore be dismissed.

**SIXTH DEFENSE**

The provisions at issue of the policy in question are ambiguous and should be interpreted in favor of coverage.

## SEVENTH DEFENSE

Plaintiff's claims against these Defendants may be barred by Plaintiff's failure to comply with its contract with one or more of these Defendants.

## EIGHTH DEFENSE

Plaintiff's claims against Defendants may be barred by the doctrines of estoppel and waiver.

## NINTH DEFENSE

Plaintiff's claims may be barred because they are against public policy.

## TENTH DEFENSE

Some or all of the requests for relief are not, or may not be, ripe for adjudication.

## ELEVENTH DEFENSE

Plaintiff's claims may be barred based on lack of consideration.

## TWELFTH DEFENSE

Plaintiff has waived or is otherwise estopped from asserting lack of coverage in this declaratory judgment action by failing to promptly bring this declaratory judgment action.

## THIRTEENTH DEFENSE

Hughes responds to the individual numbered paragraphs of Plaintiff's

Complaint as follows:[1]

1.

Hughes admits that Paragraph 1 of Plaintiff's Complaint describes the relief Plaintiff seeks, but denies that Plaintiff is entitled to the declaratory judgment it seeks or any relief whatsoever. Hughes denies Plaintiff's contention that there is no coverage is a matter of law. Hughes denies any remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

## **JURISDICTION AND VENUE**

2.

Hughes admits the amount in controversy exceeds $75,000, exclusive of attorney's fees and costs. Hughes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2, so they are denied.

3.

Hughes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, so they are denied.

---

[1] For ease of reference, Hughes replicates some of Plaintiff's headings and titles in the Complaint, but to the extent that the headings and titles may be construed to contain factual allegations, Hughes denies all the allegations in the headings and titles of Plaintiff's Complaint.

4.

Hughes lacks sufficient information regarding the specific nature of the allegations of Paragraph 4. Hughes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, so they are denied.

## THE PARTIES

5.

In response to Paragraph 5 of Plaintiff's Complaint, Hughes admits only that upon information and belief, Plaintiff issued an insurance policy to Venetian Hills Apartments as a Named Insured. Hughes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 of Plaintiff's Complaint, so they are denied.

6.

In response to Paragraph 6 of Plaintiff's Complaint, Hughes admits only that Venetian Hills Apartments LLC is a Georgia limited liability company, that Defendant Maughan is the sole member of Venetian Hills LLC, and that Defendant Maughan is a resident of Fulton County, Georgia. Hughes denies all remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Admitted.

8.

Hughes admits she is the authorized administrator for the Estate of George Hughes and that she is a citizen of Georgia. Hughes further admits that at the time of his death, George Hughes was a resident of Fulton County, Georgia. The remaining allegations contained in Paragraph 8 of Plaintiff's Complaint are denied.

9.

Hughes denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Hughes admits that George Hughes was in his apartment at the Venetian Hills Apartments at the time of a fire on March 15, 2017. The remaining allegations contained in Paragraph 10 of Plaintiff's Complaint are denied.

11.

Hughes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, so they are denied.

12.

Hughes admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

In response to Paragraph 13 of Plaintiff's Complaint, Hughes admits that "Exhibit 1" to Plaintiff's Complaint contains the quoted text. Hughes denies any remaining allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

In response to Paragraph 13 of Plaintiff's Complaint, Hughes admits that "Exhibit 1" to Plaintiff's Complaint contains the quoted text. Hughes denies any remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

In response to Paragraph 15 of Plaintiff's Complaint, Hughes admits that "Exhibit 1" to Plaintiff's Complaint contains the quoted text. Hughes denies any remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Hughes admits that Kamara Wheeler was arrested on March 18, 2017. Hughes denies the remaining allegations contained in Paragraph 16 of

Plaintiff's Complaint.

17.

In response to Paragraph 17 of Plaintiff's Complaint, Hughes admits that on July 14, 2017, the State of Georgia Filed a criminal indictment against Kamara Wheeler in a criminal action styled: The State of Georgia vs Kamara Wheeler, Case No. 17SC153114, in the Superior Court of Fulton County, Georgia. Hughes admits that a copy of that indictment is attached as "Exhibit 2" to Plaintiff's Complaint. Hughes denies any remaining allegations contained in Paragraph 17 of Plaintiff's Complaint as worded by Plaintiff.

18.

In response to Paragraph 18 of Plaintiff's Complaint, Hughes admits that copies of an "Order of Nolle Prosequi" and Judgment relating to Kamara Wheeler are attached as "Exhibit 3" and "Exhibit 4", respectively, to Plaintiff's Complaint. Hughes admits that on March 31, 2021, Wheeler negotiated a plea in Case No. 17SC153114, Superior Court of Fulton County, Georgia. Hughes denies any remaining allegations contained in Paragraph 18 of Plaintiff's Complaint as worded by Plaintiff.

19.

Hughes admits that Exhibit 3 to Plaintiff's Complaint ("Order of Nolle

Prosequi") includes text stating that "Defendant pleaded guilty to Indictment #16SC146855 and Indictment #17SC153114 on March 31, 2021 and received a global negotiated sentence of twenty five years to serve twenty in confinement and the balance on probation." Hughes denies the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint as worded by Plaintiff.

20.

Hughes admits that on March 12, 2019, a civil lawsuit was filed against Venetian Hills and Maughan for the estate and wrongful death claims arising from the death of George Hughes, Case No. 19A73694, in the State Court of Dekalb County, Georgia. Hughes admits that a copy of the amended complaint filed in Case No. 19A73694, State Court of Dekalb County, Georgia is attached to Plaintiff's Complaint as Exhibit "5." Hughes denies the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Hughes admits the quoted text in Paragraph 21 of Plaintiff's Complaint appears in paragraph 2 of the Amended Complaint attached as Exhibit 5 to Plaintiff's Complaint. Hughes otherwise denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Hughes admits the quoted text in Paragraph 22 of Plaintiff's Complaint appears in paragraph 40 of the Amended Complaint attached as Exhibit 5 to Plaintiff's Complaint. Hughes otherwise denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Hughes admits the Amended Complaint in Case No. 19A73694, in the State Court of Dekalb County, Georgia seeks damages, including punitive damages and special damages. Hughes denies the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Hughes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, so they are denied.

25.

Hughes admits Kinsale issued a commercial general liability policy to Venetian Hills Apartments as a Named Insured, bearing Policy No. 0100040031-0 and effective from 06/22/2016 to 06/22/2017. Hughes further admits that a copy of the policy is attached to Plaintiff's Complaint as Exhibit "6." admits the allegations contained in Paragraph 25 of Plaintiff's Complaint.

Hughes denies the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Hughes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, so they are denied.

## COUNT I

27.

Hughes incorporates the answers and defenses set-forth in Paragraphs 1-26 above as if fully set forth herein.

28.

In response to Paragraph 28 of Plaintiff's Complaint, Hughes admits that Exhibit 6 to Plaintiff's Complaint contains the quoted text. Hughes otherwise denies the allegations contained in Paragraph 28 of Plaintiff's Complaint. Hughes denies that the provision quoted is applicable to this case.

29.

Hughes denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Hughes denies the allegations contained in Paragraph 30 of Plaintiff's

Complaint.

31.

Hughes denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

## COUNT II

32.

Hughes incorporates the answers and defenses set-forth in Paragraphs 1-26 above as if fully set forth herein.

33.

In response to Paragraph 33 of Plaintiff's Complaint, Hughes admits that Exhibit 6 to Plaintiff's Complaint contains the quoted text. Hughes otherwise denies the allegations contained in Paragraph 33 of Plaintiff's Complaint. Hughes denies that the provision quoted is applicable to this case.

34.

Hughes denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

Hughes denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

## COUNT III

36.

Hughes incorporates the answers and defenses set-forth in Paragraphs 1-26 above as if fully set forth herein.

37.

In response to Paragraph 37 of Plaintiff's Complaint, Hughes admits that Exhibit 6 to Plaintiff's Complaint contains the quoted text. Hughes otherwise denies the allegations contained in Paragraph 37 of Plaintiff's Complaint. Hughes denies that the provision quoted is applicable to this case.

38.

Hughes denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

Hughes denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

## COUNT IV

40.

Hughes incorporates the answers and defenses set-forth in Paragraphs 1-26 above as if fully set forth herein.

41.

Hughes denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.

Hughes denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.

Hughes denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.

Hughes denies the allegations contained in Paragraph 44 of Plaintiff's Complaint as worded by Plaintiff.

45.

Hughes denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.

Hughes denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

## RELIEF REQUESTED

Hughes denies all allegations contained in the unnumbered paragraph, titled "Relief Requested," including subparts (a) through (f).

Hughes further denies each and every prayer for relief, allegation, and claim in Plaintiff's Complaint not specifically responded to above.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Hughes respectfully demands a jury trial of all issues triable to a jury in this action.

WHEREFORE, having fully responded to Plaintiff's Complaint by the filing of this, her *Answer and Defenses*, Defendant Hughes prays:

(a) That judgment is rendered in favor of Hughes and against Plaintiff;

(b) That the cost of this action be taxed against Plaintiff;

(c) That this matter be tried by a jury of twelve (12) members; and,

(d) For such other and further relief as the Court deems just and proper.

Respectfully submitted this 20th day of December, 2021

                                      **SHIVER HAMILTON, LLC**

                                      */s/ Darrell Hinson*
                                      JEFF P. SHIVER
                                      Georgia Bar No. 001303

                                        DARRELL W. HINSON
                                        Georgia Bar No. 356789
                                        *Attorney for Defendant Marie Hughes as Authorized Administrator for the Estate of George Hughes*

3490 Piedmont Road
Suite 640
Atlanta, Georgia  30305
(404) 593-0020 - Telephone
(888) 501-9536 – Facsimile
jeff@shiverhamilton.com
darrell@shiverhamilton.com

# CERTIFICATE OF SERVICE AND COMPLIANCE WITH L.R. 5.1

I hereby certify that I have this date filed the within and foregoing *Marie Hughes' Answer and Affirmative Defenses to Plaintiff's Complaint for Declaratory Relief and Damages* to the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following:

| | |
|---|---|
| Junaid N. Savani, Esq.<br>Clyde & Co. US LLP<br>1221 Brickell Avenue<br>Suite 1600<br>Miami, Florida 33131 | Matthew G. Moffett, Esq.<br>Matthew R. Del Campo, Esq.<br>Gray, Rust, St. Amand, Moffett &<br>Brieske, LLP<br>950 East Paces Ferry Road, NE<br>Suite 1700<br>Atlanta, GA 30326 |

This is to further certify that the foregoing complies with the forn and point selections approved by the Court in Local Rule 5.1. It is prepared in Times New Roman 14-point font.

Respectfully submitted this 20th day of December, 2021.

            **SHIVER HAMILTON, LLC**

            */s/ Darrell W. Hinson*
            DARRELL W. HINSON
            Georgia Bar No. 356789

3490 Piedmont Road, Suite 640
Atlanta, Georgia  30305