# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KINSALE INSURANCE COMPANY,  )<br>  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>VENETIAN HILLS APARTMENTS,  )<br>LLC, JOHN MAUGHAN, and MARIE  )<br>HUGHES, as Authorized Administrator  )<br>for the Estate of GEORGE HUGHES,  )<br>  )<br>    Defendants.  ) | CIVIL ACTION FILE NO.:<br><u>1:21-cv-03214-LMM</u> |

## <u>DEFENDANT MARIE HUGHES'S MOTION TO DISMISS</u>
## <u>OR STAY PROCEEDINGS</u>

COMES NOW Defendant Marie Hughes ("Hughes"), as Administrator for the Estate of George Hughes, and hereby moves the Court to dismiss the Complaint for Declaratory Judgment filed by Kinsale Insurance Company ("Kinsale") or, in the alternative, stay this action.

**I.    Background**

    1.    Kinsale seeks to have the Court resolve whether it has a duty to defend and indemnify Defendants Venetian Hills Apartments, LLC ("Venetian Hills") and John Maughan ("Maughan") in an underlying lawsuit brought by Hughes. (Doc.1.)

2. The underlying lawsuit was filed in the State Court of DeKalb County, Georgia, Civil Action File Number 19A73694, on March 12, 2019. (Doc. 1, ¶20.)

3. In that underlying litigation, Hughes has brought a wrongful death tort action against Defendants Venetian Hills and Maughan for claims arising from the death of George Hughes. (Doc. 1-5.) George Hughes was a lawful tenant and invitee of Venetian Hills Apartments. (Doc. 1-5, ¶13.)

4. George Hughes died in an uncontrolled fire in the early morning hours of March 15, 2017, in his sleeping room in Unit I-5 of Venetian Hills Apartments in Atlanta, Georgia. (Doc. 1-5, ¶2.)

5. The underlying action alleges that during the morning hours of March 15, 2017, a violent fire started and spread throughout the premises causing significant damage and extremely dangerous and hazardous conditions to the residents of the premises, including George Hughes. (Doc. 1-5, ¶14.) The suit alleges that the fire trapped George Hughes in his unit, where he suffered greatly by burning to death. (Doc. 1-5, ¶15.)

6. Hughes sued Defendants Venetian Hills and Maughan as owners and occupiers of the property in tort. Among the negligence claims alleged were that Defendants breached their duties to exercise ordinary care in keeping the premises safe as required by O.C.G.A. § 51-3-1 and also as landlords for damages

arising from the failure to keep the premises in repair under O.C.G.A. § 44-7-14. (Doc. 1-5, ¶31.)

7. Hughes alleges in the underlying action that Defendants Venetian Hills and Maughan were negligent because, among other things, they knew of, or with the exercise of due care for the safety of its invitees, should have known of the unreasonably dangerous and hazardous conditions existing on the Premises and that its failure to maintain, inspect, and manage the Premises would result in the injuries, suffering, and death of George Hughes. (Doc. 1-5, ¶24.) Hughes alleges that Defendants Venetian Hills and Maughan failed to inspect, discover, or report the hazardous conditions on the Premises and therefore breached a duty owed its invitees; Defendants instead negligently and carelessly subjected invitees, including George Hughes, to dangerous conditions. (Doc. 1-5, ¶25.) Defendants Venetian Hills and Maughan negligently failed to warn its invitees, including George Hughes, of the dangerous and hazardous conditions then existing on the Premises. (Doc. 1-5, ¶26.)

8. Hughes alleges that Defendants Venetian Hills and Maughan negligently failed to maintain a policy, procedure, or system of investigating, reporting, and warning of the safety hazards to its invitees. (Doc. 1-5, ¶28.). The complaint alleges that Venetian Hills and Maughan negligently failed to

supervise, hire, train, and retain its employees and the entrustment of the Premises to its agents and employees proximately caused George Hughes' death. (Doc. 1-5, ¶29.)

9. Hughes alleges that Defendants Venetian Hills and Maughan had the duty and authority to take all actions necessary to ensure that the apartment units had operational fire detection and suppression equipment, including smoke detectors and fire alarms. (Doc. 1-5, ¶22.). Hughes alleges that smoke detectors and/or fire alarms at the premises, if any, were either non-existent or were not functioning properly at the time of the incident. (Doc. 1-5, ¶16.)

10. Other allegations of negligence against Defendants Venetian Hills and Maughan in the underlying action include: failing to properly inspect and maintain the premises; failing to provide adequate safety measures; failing to warn of latent dangers on the premises; failing to abide by the relevant building code standards pertaining to the installation and maintenance of smoke detectors and fire alarms; failing to properly train and supervise its employees regarding the maintenance and safety of the premises; and failing to properly hire, train, entrust, supervise, and retain its employees. (Doc. 1-5, ¶31.)

11. Kinsale issued to Defendant Venetian Hills a commercial general liability policy for the policy period of June 22, 2016 to June 22, 2017. (Doc. 1,

¶25.). The policy's insuring agreement states Kinsale "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." (Doc. 1-6, p. 5.) The policy further provides that the insurance applies to 'bodily injury' arising out of the "ownership, maintenance and use" of the identified premises. (Doc. 1-6, p. 21.) The policy also states that Kinsale has the "duty to defend the insured against any 'suit' seeking those damages." (Doc. 1-6, p. 5.)

12. Kinsale has provided a defense to Defendants Venetian Hills and Maughan in the underlying action since it was initiated on March 12, 2019. (*See* Doc. 1, ¶24.)

13. Kinsale filed its Complaint for Declaratory Judgment nearly two and a half years into the underlying litigation, on August 6, 2021. (Doc. 1.)

14. In this action, Kinsale alleges that it has no obligation to defend Defendants Venetian Hills and Maughan against Hughes' claims or to indemnify them for any damages imposed against them. (Doc. 1, p. 13-14.) Kinsale bases these allegations on 3 exclusions: an "Assault and Battery" exclusion; an "Absolute Pollution and Pollution Related Liability" exclusion; and an "Eviction and Failure to Maintain" exclusion. (Doc. 1-6, p. 6-12.) Kinsale also asserts that its policy does not provide coverage for punitive damages. (Doc. 1-6, p. 12-13.)

15. Hughes moves to dismiss this action because Kinsale has a duty to defend as a matter of law and Kinsale's request for a judgment on its duty to indemnify is not yet ripe. In the alternative, Hughes moves the Court to stay this action pending the resolution of the underlying action.

## II. Argument and Memorandum of Law

### A. Legal Standards

The Court's exercise of jurisdiction in a declaratory judgment action is discretionary. The Declaratory Judgment Act is "an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." *Am. Fam. Ins. Co. v. Almassud*, No. 1:16-CV-4023-RWS, 2018 WL 4361195, at *2 (N.D. Ga. Sept. 13, 2018) (*citing Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) and *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942) (explaining that the Declaratory Judgment Act gives federal courts the ability to make a declaration of rights, but it does not impose a duty to do so)). Courts in this Circuit have stayed declaratory judgment actions until the resolution of underlying state court proceedings on many occasions, and, on others, dismissed the declaratory judgment case outright. *Am. Fam. Ins. Co. v. Almassud*, 2018 WL 4361195, at *3 (N.D. Ga. Sept. 13, 2018) (*citing Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1332 (11th Cir. 2005)).

The duty to indemnify is separate from the duty to defend and depends on whether the insured becomes legally obligated to pay sums as damages because of "bodily injury" or "property damage."  Disputes related to an insurer's duty to indemnify are typically not ripe until liability is established in the underlying action. *Am. Fam. Ins. Co. v. Almassud*, 413 F. Supp. 3d 1292, 1300 (N.D. Ga. 2019).

To determine the scope of an insurer's duty to defend, the Court must compare the allegations of the complaint, as well as the facts supporting those allegations, against the provisions of the insurance contract. *Phoenix Ins. Co. v. Robinson Constr. Co.*, No. 1:20-CV-414-LMM, 2020 WL 5755010, at *3 (N.D. Ga. Aug. 21, 2020). The duty to defend is determined by the contract; and since the contract obligates the insurer to defend claims asserting liability under the policy; even if groundless, the allegations of the complaint are looked to to determine whether a liability covered by the policy is asserted." *Id.* (*quoting Great Am. Ins. Co. v. McKemie*, 244 Ga. 84, 85, 259 S.E.2d 39, 40 (1979)). For an insurer to be excused from its duty to defend, the facts as alleged must "unambiguously exclude coverage under the policy." *Nautilus Ins. Co. v. Flor*, 801 F. App'x 703, 707 (11th Cir. 2020).

### B.     Whether Kinsale has a duty to indemnify is not yet ripe.

The Court should exercise is discretion to dismiss or stay this action because it will not settle the controversy. Unless and until a judgment or settlement is entered against Defendants Venetian Hills or Maughan, this Court has no jurisdiction over Plaintiffs' declaratory judgment claim on the duty to indemnify. *Phoenix Ins. Co. v. Robinson Constr. Co.*, 2020 WL 5755010, at *5 (N.D. Ga. Aug. 21, 2020). Here, the underlying suit is ongoing and any liability has yet to be established. Should the defendants in the underlying suit prevail, any decision by this Court on Plaintiff's duty to indemnify would necessarily be moot and a waste of judicial resources. *See e.g., Am. Fam. Ins. Co. v. Almassud*, 413 F. Supp. 3d 1292, 1301 (N.D. Ga. 2019)

At this point it is undetermined if there will ever be a judgment in the underlying action, and if will include punitive damages. No duty to indemnify has been triggered and no punitive damages awarded, so this Court would be issuing an advisory opinion on these issues. In the event there is a judgment in the future, Kinsale can bring the claim if appropriate. If that judgment includes punitive damages, that can be addressed as well. Until then, Kinsale's claim regarding its duty to indemnify should be dismissed without prejudice for lack of subject-matter jurisdiction.

## C. Kinsale has no uncertainty concerning its duty to defend.

The Court should exercise its discretion and dismiss or stay this action because it would not serve any useful purpose in clarifying the legal relations at issue. Kinsale has provided a defense to Venetian Hills and Maughan in the underlying litigation for over two and a half years. Declaratory judgment at this stage will not provide any guidance to Kinsale, because it is not seeking direction with respect to some future action that it plans to take with respect to the duty to defend. That is probably because Kinsale is no doubt well aware of the law concerning its duty to defend.

The duty to defend is broader than the duty to indemnify, and "whether an insurer has a duty to defend depends on the language of the policy as compared with the allegations of the complaint." *Hoover v. Maxum Indem. Co.*, 291 Ga. 402, 407-08, 730 S.E.2d 413, 418 (2012). "If the facts as alleged in the complaint even arguably bring the occurrence within the policy's coverage, the insurer has a duty to defend the action." *Id.* at 408, 418. "[I]t is only where the complaint sets forth true factual allegations showing no coverage that the suit is one for which liability insurance coverage is not afforded and for which the insurer need not provide a defense." *Penn-America Ins. Co. v. Disabled Am. Veterans, Inc.*, 268 Ga. 564, 566, 490 S.E.2d 374, 376 (1997) (affirming trial court that ruled there was a duty to

defend as a matter of law). The duty to defend is triggered even if the complaint shows only "potential" or "arguable" coverage. *Id.* (emphasis added). When a plaintiff makes multiple claims – some excluded and some covered – the insurer must defend the entire suit. *S. Tr. Ins. Co. v. Mountain Express Oil Co.*, 351 Ga. App. 117, 121, 828 S.E.2d 455, 458 (2019).

In this case, examination of the factual allegations in the complaint in the underlying action and the plain language of the policy provisions establish that the incident is within the coverage of the Kinsale policy, which applied to bodily injury arising out of the ownership, maintenance and use of the premises. (Doc. 1-6, pp. 5, 21.) Furthermore, the allegations in the underlying complaint do not establish that there is no coverage under the policy because of the exclusions pled by Kinsale in this action.

The allegations in the underlying action's complaint do not assert that Hughes died from "homicide by arson" as claimed by Kinsale, or any other facts that would fall within the "assault and battery" exclusion as written. Similarly, Hughes alleges in the underlying action that Hughes died from burning to death, not inhalation of various substances. (Doc. 1-5, ¶15.) Kinsale's allegation that George Hughes died from inhaling "pollutants," which includes "any gaseous, fuel, ... [or] thermal ... irritant or contaminant, including but not limited to smoke, vapor,

soot, fumes[.]" is, at a minimum, a disputed fact in the underlying litigation. And a review of the complaint also shows that Kinsale's allegation that Hughes has pled that Venetian Hills and Maughan are liable for "failing to maintain the Venetian Hills Apartments in a safe and tenantable condition" is simply wrong. (Doc. 1, p.12; Doc 1-5.)  Nor do the facts alleged in the complaint establish the applicability of Kinsale's exclusion concerning the failure to maintain the premises in "a *safe, sanitary, healthy, habitable and tenantable* condition."

Here, the allegations of the complaint in the underlying action assert claims against Venetian Hills and Maughan that are not unambiguously excluded by the exclusions in the Kinsale policy. Therefore, Kinsale has a duty to defend Venetian Hills and Maughan against all claims asserted, and Kinsale made the decision years ago to provide a defense to its insureds in the underlying litigation without seeking timely declaration of its duty to defend. This declaratory judgment action will not serve any useful purpose in clarifying Kinsale's duty to defend at this point. Litigating Kinsale's duty to defend given the status of the underlying litigation would be a waste of time and resources for the Court and parties.

### III. Conclusion

For the reasons cited herein this Court should exercise its discretion to dismiss the Plaintiff's Complaint for Declaratory Judgment or in the alternative stay this action pending the outcome of the underlying action.

Respectfully submitted this 23rd day of December, 2021

                                    **SHIVER HAMILTON, LLC**

                                    */s/ Darrell Hinson*
                                    JEFF P. SHIVER
                                    Georgia Bar No. 001303
                                    DARRELL W. HINSON
                                    Georgia Bar No. 356789

                                    *Attorneys for Defendant Marie Hughes as Authorized Administrator for the Estate of George Hughes*

3490 Piedmont Road
Suite 640
Atlanta, Georgia  30305
(404) 593-0020 - Telephone
(888) 501-9536 – Facsimile
jeff@shiverhamilton.com
darrell@shiverhamilton.com

## CERTIFICATE OF SERVICE AND COMPLIANCE WITH L.R. 5.1

I hereby certify that I have this date filed the within and foregoing *Defendant Marie Hughes' Motion to Dismiss or Stay Proceedings* to the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following:

| | |
|---|---|
| Junaid N. Savani, Esq.<br>Clyde & Co. US LLP<br>1221 Brickell Avenue<br>Suite 1600<br>Miami, Florida 33131 | Matthew G. Moffett, Esq.<br>Matthew R. Del Campo, Esq.<br>Gray, Rust, St. Amand, Moffett & Brieske, LLP<br>950 East Paces Ferry Road, NE<br>Suite 1700<br>Atlanta, GA 30326 |

## LOCAL RULE 7.1(D) CERTIFICATION OF COMPLIANCE

I hereby certify that the foregoing complies with the font and point selections approved by the Court in Local Rule 5.1(B). It is prepared in Times New Roman 14-point font.

Respectfully submitted this 23rd day of December, 2021.

**SHIVER HAMILTON, LLC**

*/s/ Darrell W. Hinson*
DARRELL W. HINSON
Georgia Bar No. 356789
darrell@shiverhamilton.com

3490 Piedmont Road, Suite 640
Atlanta, Georgia  30305