IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KINSALE INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VENETIAN HILLS APARTMENTS, ) <br> LLC, JOHN MAUGHAN, and MARIE ) <br> HUGHES, as Authorized Administrator ) <br> for the Estate of GEORGE HUGHES, ) <br> ) <br> Defendants. ) | CIVIL ACTION FILE NO: <br> <u>1:21-cv-03214-LMM</u> |

**<u>KINSALE INSURANCE COMPANY'S RESPONSE TO DEFENDANT
MARIE HUGHES'S MOTION TO DISMISS OR STAY PROCEEDINGS</u>**

KINSALE INSURANCE COMPANY ("Kinsale") files this response in opposition to the motion to dismiss or stay proceedings by Defendant MARIE HUGHES (ECF No. 27), and states:

**<u>INTRODUCTION</u>**

Kinsale filed this action to establish there is no insurance coverage available to its insureds Venetian Hills Apartments, LLC ("Venetian Hills") and John Maughan under a surplus lines policy for an underlying lawsuit. Hughes moves to

dismiss or stay this action in an obvious attempt to stall.[1] As the Court will quickly appreciate, however, Hughes's arguments are entirely without merit and are contrary to Georgia law, which encourages insurers to do exactly what Kinsale did here—defend under reservation of rights and seek a coverage determination.

After spending 5 ½ pages arguing the merits of the underlying action, Hughes argues there is no justiciable controversy regarding the duty to defend, which makes no sense because Kinsale's complaint clearly alleges an "actual controversy" on the duty to defend based on the plain language of several exclusions. Moreover, the policyholders disagree too because they have answered and asserted affirmative defenses.

Hughes also argues the duty to indemnify is not ripe until the underlying action is adjudicated but neglects to understand that a finding that there is no duty to defend means there is no duty to indemnify regardless of whether Hughes prevails or not in the underlying action.

Kinsale's complaint clearly alleges an "actual controversy" that is ripe for adjudication. The motion to dismiss or stay is meritless and should be denied.

---

[1] Hughes does not want to have to admit the straight allegations in Kinsale's pleading, which is why she devotes most of her motion to arguing the merits of the underlying action.

**ARGUMENT AND CITATION OF AUTHORITY**

**Declaratory Judgment Standard**

An action for declaratory relief under 28 U.S.C. § 2201 "permits federal courts to declare the rights of parties only in cases involving an 'actual controversy.'" *Hendrix v. Poonai*, 662 F.2d 719, 721 (11th Cir. 1981). Accordingly, "the threshold question is whether a justiciable controversy exists." *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995). "Whether such a controversy exists is determined on a case-by-case basis." *Id.* (quotations omitted). The test "in each case is whether ... there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Lake Carriers' Assoc. v. MacMullan*, 406 U.S. 498, 505 (1972).

"In the context of an insurance coverage dispute, a plaintiff-insurer typically demonstrates the existence of a justiciable controversy by alleging that the insured has made a demand for coverage under the insurance policy or that the insured is liable to an injured party." *Houston Specialty Ins. Co. v. Titleworks of Sw. Fla., Inc.*, No. 2:15-cv-219-FtM-29DNF, 2015 WL 5599175, at *3 (M.D. Fla. Sept. 22, 2015) (quoting *GTE Directories Pub. Corp. v. Trimen Am., Inc.*, 67 F.3d 1563, 1569 (11th Cir. 1995)). "However, the existence of actual liability by the insured is not required,

and the mere fact that 'the [insured's] liability may be contingent does not necessarily defeat jurisdiction of a declaratory judgment action.'" *Id*.

District courts' decisions "granting declaratory relief[] should be reviewed for abuse of discretion." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-90.

## I. KINSALE'S COMPLAINT SATISFIES THE PLEADING REQUIREMENTS UNDER RULE 8(A).

Hughes argues for dismissal based on the merits of the coverage dispute between Kinsale and its insureds. (*See* ECF No. 27, Pg. 11/13.) The threshold for dismissal is not whether Hughes agrees with Kinsale's coverage position, but rather whether the pleading satisfies the requirements under Rule 8(a).

"To survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level[.]" *James River Ins. Co. v. Ground Down Eng'g, Inc.,* 540 F.3d 1270, 1274 (11th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Further, district courts "must accept all well-pleaded allegations within the complaint and any documents attached thereto as true and must read the complaint in the light most favorable to the plaintiff." *See Mt. Hawley Ins. Co. v. Tactic Sec. Enforcement, Inc.*, 252 F. Supp. 3d 1307 (M.D. Fla. 2017)

(denying motion to dismiss complaint for declaratory judgment of no coverage under Mt. Hawley's policy).

Kinsale's pleading complies with Rule 8(a) and 12(b)(6). Kinsale's complaint alleges a justiciable controversy over the applicability of several exclusions. Indeed, Kinsale's complaint alleges a justiciable controversy over the following exclusions:

**(1) Assault and Battery Exclusion.** This exclusion broadly precludes coverage for "'bodily injury,' … arising out of, related to, or, in any way involving any actual or alleged assault, battery, harmful or offensive contact, or threat, whether provoked or unprovoked … regardless of fault or intent and regardless of the particular cause of action." (*See* ECF No. 1, ¶28; ECF No. 1-6, Form CAS3002 0311.) Despite Hughes's attempts to obfuscate, Kinsale's complaint alleges the Assault and Battery Exclusion precludes the duty to defend because Hughes sued the insureds for negligently failing to prevent the criminal arson by Kamara Wheeler. (*See* ECF No. 1, ¶¶1, 27-31.) Under Georgia law, the exclusion clearly applies and precludes the duty to defend and indemnify. *See Southern v. Sphere-Drake Ins. Co.*, 226 Ga. App. 450, 451 (1997) ("Under the terms of the assault and battery/negligent hiring exclusion, assault and battery arising from any cause including negligent acts was not covered.") (citing *Al Who Enterprises v. Capitol Indem. Corp.*, 217 Ga.App. 423, 426 (1995)).

**(2) Absolute Pollution Exclusion.** This exclusion bars coverage for "any damages, claim, or 'suit' arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants'[,]" which is defined broadly to include the fire itself as well as any emanating "gaseous, fuel, … thermal, … irritant or contaminant, including but not limited to smoke, vapor, soot, fumes, [or] petroleums[.]" (*See* ECF No. 1, ¶33; ECF No. 1-6, Form ADF3003 0110.) In turn, Kinsale's complaint alleges "Hughes died from inhaling 'pollutants[.]'" (ECF No. 1, ¶34.) Based on Kinsale's allegations regarding the policy and the Underlying Complaint, the Absolute Pollution Exclusion applies. *See Perkins Hardwood Lumber Co. v. Bituminous Casualty Corp.*, 378 S.E.2d 407, 409 (Ga. App. 1989) (holding smoke from wood fire to be pollutant, which was defined in the policy to include "smoke," because "exclusion does not require that the 'smoke' result from the burning of any specified material in order to be considered an 'irritant' or 'contaminant'").

**(3) Failure to Maintain Exclusion.** This exclusion precludes coverage for bodily injury "arising directly or indirectly out of, related to, or, in any way involving: … Any failure to maintain any premises in, or restore any premises to a safe, sanitary, healthy, habitable and tenantable condition." (*See* ECF No. 1, ¶37; ECF No. 1-6, Form CAS3103 0815.) In summarizing the Underlying Complaint,

Hughes essentially concedes the exclusion applies. (*See* ECF No. 27, Pgs. 2-3/13) ("Among the negligence claims alleged were that Defendants breached their duties to exercise ordinary care in keeping the premises safe. … Hughes alleges that Defendants Venetian Hills and Maughan negligently failed to maintain a policy, procedure, or system of investigating, reporting, and warning of the safety hazards to its invitees."). (*See also* ECF No. 27, Pg. 4/13) (alleging the insureds negligently failed "to take all actions necessary to ensure that the apartment units had operational fire detection and suppression equipment, including smoke detectors and fire alarms. … Other allegations of negligence against Defendants Venetian Hills and Maughan in the underlying action include: failing to properly inspect and maintain the premises; failing to provide adequate safety measures; failing to warn of latent dangers on the premises; failing to abide by the relevant building code standards pertaining to the installation and maintenance of smoke detectors and fire alarms; failing to properly train and supervise its employees regarding the maintenance and safety of the premises; and failing to properly hire, train, entrust, supervise, and retain its employees."). In addition to Hughes's concession, Kinsale's complaint clearly alleges the Failure to Maintain Exclusion precludes coverage. (*See* ECF No. 36-39.)

**(4) Punitive Damages:** Kinsale's complaint alleges the Underlying Complaint "seeks special and punitive damages," but the policy does not provide coverage for those damages. (ECF No. 1, ¶¶40-46.)

The preceding allegations establish Kinsale is entitled to declaratory relief and must be accepted as "true and … read … in the light most favorable to [Kinsale]." *Tactic Sec. Enforcement, Inc.*, 252 F. Supp. Recognizing the allegations are sufficient, Hughes does not challenge their sufficiency. Hughes merely disagrees the duty to defend is ripe because she believes there is coverage. This is not the standard. The motion must be denied. *See Nationwide Mut. Co. v. Ft. Myers Total Rehab*, 657 F. Supp. 2d 1279, 1292 (M.D. Fla. 2009) ("The test for the sufficiency of a complaint for declaratory judgment is not whether the plaintiff will succeed in obtaining the decree he seeks favoring his position, but whether he is entitled to a declaration of rights at all.").

## II. THERE IS A JUSTICIABLE CONTROVERSY.

Kinsale's complaint clearly alleges a justiciable controversy over the duty to defend. (*See supra*, Pgs. 5-8.) Hughes can do no better than to offer that this action "would not serve any useful purpose." (*See* ECF No. 27, Pg. 9/13) ("The Court should exercise its discretion and dismiss or stay this action because it would not serve any useful purpose in clarifying the legal relations at issue."); (*see also* Pg.

11/13) ("This declaratory judgment action will not serve any useful purpose in clarifying Kinsale's duty to defend at this point."). This is wrong.

The fact that an "actual controversy" exists in this instance has long been settled by the Supreme Court. In *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941), the Court addressed the issue of whether an "actual controversy" exists in the context of declaratory action between an insurer and a claimant and answered it in the affirmative. *Id.* at 273 (holding an "actual controversy" existed between an insurer and an injured third party under a liability policy issued to an insured even where the underlying case was unresolved).

The Eleventh Circuit has also been clear regarding the purpose of a declaratory judgment action even "on a somewhat hypothetical set of facts." *GTE Directories Pub. Corp. v. Trimen Am., Inc.*, 67 F.3d 1563, 1569 (11th Cir. 1995). The Court explained:

> [I]n some instances a declaratory judgment is proper even though there are future contingencies that will determine whether a controversy ever actually becomes real. The familiar type of suit in which a liability insurer seeks a declaration that it will not be liable to indemnify an insured person for any damages the injured person may recover against the insured is an example. The injured person may not sue or he may not obtain a judgment against the insured, but there is held to be sufficient controversy between the insurer and the injured person that a declaratory judgment is permissible. *Id.*

Numerous courts have reached the same result and held that an actual controversy does exist between an insurer and an injured third party like Hughes. *See Edwards v. Sharkey*, 747 F.2d 684, 686-87 (11th Cir. 1984) (finding a case or controversy between an insured and injured third party and noting that "the Supreme Court of the United States has held that a 'case or controversy' exists to support declaratory relief between an injured third party and an insurance company even in the absence of a judgment in favor of the third party against the insured.") (citing *Maryland Cas. Co.*, 312 U.S. 270); *Cent. Sur. & Ins. Corp. v. Norris*, 103 F.2d 116, 117 (5th Cir. 1939) ("The interest of [the injured plaintiffs in the underlying case] in the question the Insurance Corporation is trying to get adjudicated by a declaratory judgment is real and substantial though not immediate. They ought to be retained as parties to be heard on it and to be bound by the result."); *Atlantic Cas. Ins. Co. v. Ramirez*, 651 F.Supp.2d 669, 674 (N.D. Tex. 2009) ("an injured party, who is a plaintiff in state court litigation against an insured party, has a 'real and substantial, though not immediate' interest in a determination of whether an insurance company has a duty to indemnify the insured, and as such is a proper party to a declaratory judgment action.").

Hughes attempts to obfuscate with speculation regarding the positions of Kinsale's insureds and Kinsale's motive. (*See* ECF No. 27, Pg. 9/13) ("Kinsale has

provided a defense to Venetian Hills and Maughan in the underlying litigation for over two and a half years. Declaratory judgment at this stage will not provide any guidance to Kinsale, because it is not seeking direction with respect to some future action that it plans to take with respect to the duty to defend.").

It seems too obvious to explain, but Hughes has no standing to argue for Venetian Hills and Maughan, who are represented by sophisticated counsel and already filed an answer and affirmative defenses because they too would like a resolution of the coverage dispute. (ECF No. 12.) Kinsale is also clearly "seeking direction" regarding its obligation to defend and this action is the only vehicle for achieving that objective. *See Richmond v. Georgia Farm Bureau Mutual Ins. Co.*, 140 Ga. App. 215 (1976) ("[T]he proper course for an insurer to follow, if in doubt as to its obligation to provide a defense, is to enter into a defense of the insured under a reservation of rights and to proceed with a declaratory judgment action seeking a determination of its rights and obligations."). *See also Hoover v. Maxum Indem. Co.*, 291 Ga. 402 (2012); *N. Am. Specialty Ins. Co. v. Bull River Marina, LLC*, 158 F. Supp. 3d 1351, n. 5 (S.D. Ga. 2016), *aff'd in part, rev'd in part*, 709 F. App'x 623 (11th Cir. 2017) ("[T]the resolution of Plaintiff's duty to defend is so inextricably intertwined with its duty to indemnify that finding an absence of any duty to defend is dispositive of both issues. … Accordingly, practicality and judicial economy

warrant the exercise of this Court's discretion to provide a declaratory judgment with respect to both Plaintiff's duty to defend and duty to indemnify.") (citing *Phila. Indem. Ins. Co. v. Yachtsman's Inn Condo Ass'n, Inc.*, 595 F.Supp.2d 1319, 1322 (S.D.Fla.2009) ("[A] court's determination that the insurer has no duty to defend requires a finding that there is no duty to indemnify.")).

Simply, this matter can be swiftly decided on the papers and there is clearly a justiciable controversy regarding Kinsale' duty to defend and a resolution of coverage is beneficial to all the interested parties. Hughes's motion must be denied.

### III. THERE WILL BE NO DUTY TO INDEMNIFY IF THERE IS NO DUTY TO DEFEND.

Hughes next argues the duty to indemnify is not ripe "[u]nless and until a judgment or settlement is entered against Defendants Venetian Hills or Maughan." (*See* ECF No. 27, Pg. 8/13.) Hughes fails to appreciate that a finding that there is no duty to defend will also preclude the duty to indemnify as a matter of law, regardless of the adjudication of the Underlying Lawsuit. *See Travelers Indem. Co. of Connecticut v. Peachstate Auto Ins. Agency, Inc.*, 357 F. Supp. 3d 1259, 1264 (N.D. Ga. 2019) ("Though the duty to defend and the duty to indemnify are independent obligations and should generally be analyzed separately, the absence of a duty to defend is dispositive of the duty to indemnify.") (internal citations omitted) (citing

*National Cas. Co. v. Pickens*, 582 Fed. Appx. 839, 841 (11th Cir. 2014) (per curiam) ("If there is no duty to defend, there is no duty to indemnify.").

## CONCLUSION

Kinsale's complaint alleges a justiciable controversy. Kinsale respectfully requests an order denying Hughes's motion to dismiss or stay. Attached as Exhibit "A" is a proposed order.

Respectfully submitted,

/s/ ANDRES CORDOVA
Andres Cordova
Florida Bar No. 0118147
andres.cordova@clydeco.us
*Admitted Pro Hac Vice*

CLYDE & CO US LLP
1221 Brickell Avenue
Suite 1600
Miami, Florida 33131
Telephone: (305) 446-2646
Fax: (305) 441-2374
*Counsel for Kinsale Insurance Company*

## LOCAL RULE 7.1(D) CERTIFICATION OF COMPLIANCE

I hereby certify that the foregoing complies with the font and point selections approved by the Court in Local Rule 5.1(B). It is prepared in Times New Roman 14-point font.

/s/ANDRES CORDOVA
ANDRES CORDOVA

## CERTIFICATE OF SERVICE

I CERTIFY that on January 18, 2022, this document was filed via the CM/ECF system. I further certify that I am unaware of any non-CM/ECF participants.

/s/ANDRES CORDOVA
ANDRES CORDOVA
