IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KINSALE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | 1:21-cv-03214-LMM |
| v. | ) | |
| | ) | |
| VENETIAN HILLS APARTMENTS, LLC, JOHN MAUGHAN, and MARIE HUGHES, as Authorized Administrator for the Estate of GEORGE HUGHES, | ) ) ) ) | |
| | ) | |
| Defendants. | | |

# DEFENDANT MARIE HUGHES'S INITIAL DISCLOSURES

Defendant Marie Hughes ("Hughes"), as Administrator for the Estate of George Hughes, makes the following Initial Disclosures.

1. If the defendant is improperly identified, state defendants' correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

    **Response:** Ms. Hughes is properly identified.

2. Provide the names of any parties whom defendant contends are necessary parties to this action, but who has not been named by plaintiff. If defendant contends

that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**Response:** None at this time.

3. Provide a detailed factual basis for the defense or defenses and any counterclaims or cross-claims asserted by defendant in the responsive pleading.

**Response:**

George Hughes died in an uncontrolled fire in the early morning hours of March 15, 2017, in his sleeping room in Unit I-5 of Venetian Hills Apartments in Atlanta, Georgia. (Doc. 1-5, ¶2.)

Ms. Hughes, as Administrator of the Estate of George Hughes, a defendant in this declaratory judgment action, is the plaintiff in an underlying lawsuit against Kinsale's insureds, Venetian Hills Apartments, LLC and John Maughan. Kinsale defended the underlying lawsuit for years and then filed this declaratory judgment action after the underlying lawsuit was placed in position number two on a trial calendar in August 2021.

Kinsale issued to Defendant Venetian Hills a commercial general liability policy for the policy period of June 22, 2016 to June 22, 2017. (Doc. 1, ¶25.). The policy's insuring agreement states Kinsale "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property

damage' to which this insurance applies." (Doc. 1-6, p. 5.) The policy further provides that the insurance applies to 'bodily injury' arising out of the "ownership, maintenance and use" of the identified premises. (Doc. 1-6, p. 21.) The policy also states that Kinsale has the "duty to defend the insured against any 'suit' seeking those damages." (Doc. 1-6, p. 5.)

The underlying action alleges that during the morning hours of March 15, 2017, a violent fire started and spread throughout the premises causing significant damage and extremely dangerous and hazardous conditions to the residents of the premises, including George Hughes. (Doc. 1-5, ¶14.) The suit alleges that the fire trapped George Hughes in his unit, where he suffered greatly by burning to death. (Doc. 1-5, ¶15.)

Hughes sued Defendants Venetian Hills and Maughan as owners and occupiers of the property in tort. Among the negligence claims alleged were that Defendants breached their duties to exercise ordinary care in keeping the premises safe as required by O.C.G.A. § 51-3-1 and also as landlords for damages arising from the failure to keep the premises in repair under O.C.G.A. § 44-7-14. (Doc. 1-5, ¶31.)

Hughes alleges in the underlying action that Defendants Venetian Hills and Maughan were negligent because, among other things, they knew of, or with the

exercise of due care for the safety of its invitees, should have known of the unreasonably dangerous and hazardous conditions existing on the Premises and that its failure to maintain, inspect, and manage the Premises would result in the injuries, suffering, and death of George Hughes. (Doc. 1-5, ¶24.) Hughes alleges that Defendants Venetian Hills and Maughan failed to inspect, discover, or report the hazardous conditions on the Premises and therefore breached a duty owed its invitees; Defendants instead negligently and carelessly subjected invitees, including George Hughes, to dangerous conditions. (Doc. 1-5, ¶25.) Defendants Venetian Hills and Maughan negligently failed to warn its invitees, including George Hughes, of the dangerous and hazardous conditions then existing on the Premises. (Doc. 1-5, ¶26.)

Hughes alleges that Defendants Venetian Hills and Maughan negligently failed to maintain a policy, procedure, or system of investigating, reporting, and warning of the safety hazards to its invitees. (Doc. 1-5, ¶28.). The complaint alleges that Venetian Hills and Maughan negligently failed to supervise, hire, train, and retain its employees and the entrustment of the Premises to its agents and employees proximately caused George Hughes' death. (Doc. 1-5, ¶29.)

Hughes alleges that Defendants Venetian Hills and Maughan had the duty and authority to take all actions necessary to ensure that the apartment units had

operational fire detection and suppression equipment, including smoke detectors and fire alarms. (Doc. 1-5, ¶22.). Hughes alleges that smoke detectors and/or fire alarms at the premises, if any, were either non-existent or were not functioning properly at the time of the incident. (Doc. 1-5, ¶16.)

Other allegations of negligence against Defendants Venetian Hills and Maughan in the underlying action include: failing to properly inspect and maintain the premises; failing to provide adequate safety measures; failing to warn of latent dangers on the premises; failing to abide by the relevant building code standards pertaining to the installation and maintenance of smoke detectors and fire alarms; failing to properly train and supervise its employees regarding the maintenance and safety of the premises; and failing to properly hire, train, entrust, supervise, and retain its employees. (Doc. 1-5, ¶31.)

Kinsale has provided a defense to Defendants Venetian Hills and Maughan in the underlying action since it was initiated on March 12, 2019. (See Doc. 1, ¶24.) Kinsale filed its Complaint for Declaratory Judgment nearly two and a half years into the underlying litigation, on August 6, 2021. (Doc. 1.)

In this action, Kinsale alleges that it has no obligation to defend Defendants Venetian Hills and Maughan against Hughes' claims or to indemnify them for any damages imposed against them. (Doc. 1, p. 13-14.) Kinsale bases these allegations

on 3 exclusions: an "Assault and Battery" exclusion; an "Absolute Pollution and Pollution Related Liability" exclusion; and an "Eviction and Failure to Maintain" exclusion. (Doc. 1-6, p. 6-12.) Kinsale also asserts that its policy does not provide coverage for punitive damages. (Doc. 1-6, p. 12-13.)

The policy exclusions asserted by Kinsale do not apply to the underlying litigation. There is no exclusion for punitive damages in the Kinsale policy.

4. Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendants contends are applicable to this action.

**Response:**

- 28 U.S.C. § 2201 *et seq.*;

- A liability insurer's duty to defend exists if the claim potentially comes within the policy. Any doubt as to liability and insurer's duty to defend should be resolved in favor of the insured. *See e.g., Penn-Am. Ins. Co. v. Disabled Am. Veterans, Inc.*, 268 Ga. 564, 565, 490 S.E.2d 374, 376 (1997).

- "If the facts as alleged in the complaint even arguably bring the occurrence within the policy's coverage, the insurer has a duty to defend the action." *Hoover v. Maxum Indem. Co.*, 291 Ga. 402, 730 S.E.2d 413, 418 (2012); *City of Atlanta v. St. Paul Fire & Marine Ins. Co.*, 231 Ga. App. 206, 207, 498

S.E.2d 782 (1998).

- It is a cardinal principle of insurance law that a policy or contract of insurance is to be construed liberally in favor of the insured and strictly as against the insurer. *See e.g., Atlas Assur. Co. v. Lies*, 70 Ga. App. 162, 27 S.E.2d 791, 793 (1943). This principle applies even when there is no ambiguity in the contract language. *See e.g., Roland v. Georgia Farm Bureau Mut. Ins. Co.*, 265 Ga. 776, 777, 462 S.E.2d 623, 625 (1995)

- Any ambiguities in the insurance contract are strictly construed against the insurer as drafter of the document. Any exclusion from coverage sought to be invoked by the insurer is likewise strictly construed. Insurance contracts are to be read in accordance with the reasonable expectations of the insured where possible. *See e.g., Richards v. Hanover Ins. Co.*, 250 Ga. 613, 615, 299 S.E.2d 561, 563 (1983).

- When a policy provision is susceptible to more than one meaning, even if each meaning is logical and reasonable, the provision is ambiguous and, pursuant to OCGA § 13-2-2(5), will be construed strictly against the insurer/drafter and in favor of the insured. *Georgia Farm Bureau Mut. Ins. Co. v. Smith*, 298 Ga. 716, 719, 784 S.E.2d 422, 424–25 (2016).

- O.C.G.A. § 13-2-2; Georgia and Federal case law relating to insurance policy

interpretation.

- *Tifton Mach. Works, Inc. v. Colony Ins. Co.*, 224 Ga App. 19 (1996);
- *State Farm v. Seeba*, 209 Ga. App. 328 (1992);
- *Nationwide Mut. Fire Ins. Co. v. Kim*, 294 Ga. App. 548 (2008);
- *Nationwide Mut. Fire Ins. Co. v. Somers*, 264 Ga. App. 421 (2003);
- *Georgia Farm Bureau Mut. Ins. Co. v. Smith*, 298 Ga. 716 (2016); and
- The doctrines of ripeness, estoppel, and waiver may apply to this action.

5. Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support you claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

   **Response:** See Attachment A.

6. Provide the name of any person who may be used at trial to present evidence under rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provision of that rule. (Attach expert witness list to Initial Disclosures as Attachment B.)

   **Response:** None at this time.

7. Provide a copy of, or description by category and location of, all documents,

data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

    **Response:**   See Attachment C.

8.    In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injured suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P.34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

    **Response:**   Defendant is not claiming any damages in this action at this time.

9.    If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendants in this matter, state the full name, address and telephone number of such person or entity and describe in detail the basis of such liability.

    **Response:**   None known at this time.

10. Attach for inspection and copying as under Fed.R.Civ.P 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**Response:** This declaratory judgment action concerns the insurance agreement identified in Plaintiff's Complaint. Defendant is unaware of any other insurance agreement responsive to this disclosure paragraph.

Respectfully submitted this 19th day of January, 2022

                                        **SHIVER HAMILTON, LLC**

                                        */s/ Darrell Hinson*
                                        JEFF P. SHIVER
                                        Georgia Bar No. 001303
                                        DARRELL W. HINSON
                                        Georgia Bar No. 356789

                                        *Attorneys for Defendant Marie Hughes as Authorized Administrator for the Estate of George Hughes*

3490 Piedmont Road
Suite 640
Atlanta, Georgia  30305
(404) 593-0020 - Telephone
(888) 501-9536 – Facsimile
jeff@shiverhamilton.com
darrell@shiverhamilton.com

# ATTACHMENT A

1. Angela Bullock, Claims Examiner, Kinsale Insurance Company;

2. Catherine Thrift, Claims, Kinsale;

3. Plaintiff Kinsale's underwriting personnel (identities unknown);

4. Drafters of the Kinsale policy at issue (identities unknown);

5. Sina Bahadoran, Esq., Clyde & Co., 1221 Brickell Ave., Ste. 1600, Miami, FL 33131, counsel for Kinsale;

6. Plaintiff Kinsale's attorneys, claims professionals and agents;

7. Barbara Floyd, McEver & Tribble, Inc., 3300 Cumberland Blvd., Suite 350, Atlanta, GA 30339, communications with Kinsale regarding the policy;

8. Peter Curnin, All Risks, Ltd., 3567 Parkway Lane, Suite 250, Peachtree Corners, GA 30092, communications with Kinsale regarding the policy;

9. Venetian Hills Apartments, LLC, defendant in the underlying lawsuit;

10. Bryan Grantham, Esq., Hawkins Parnell & Young, 303 Peachtree St. NE, Suite 4000, Atlanta, GA 30308, 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, Counsel for Venetian Hills Apartments, LLC in the underlying lawsuit and has knowledge of same;

11. James B. McClung, Esq., Carol Clark Law, 6075 Lake Forrest Dr., Suite 200, Atlanta GA 30328, 404-250-3300; Counsel for Venetian Hills and James Maughan, communications with Kinsale regarding the policy;

12. John Maughan, Defendant in underlying lawsuit;

13. Matthew G. Moffett, Esq., Gray, Rust, St. Amand, Moffett & Brieske, LLP, 950 East Paces Ferry Road, N.E., Suite 1700-Salesforce Tower Atlanta, Georgia 30326, Counsel for John Maughan in the underlying lawsuit and has knowledge of same; and

14. Marie Hughes, Administrator of the Estate of George Hughes, may be contacted through counsel, Plaintiff in underlying lawsuit and has knowledge of same.

## ATTACHMENT C

1. Kinsale Commercial General Liability insurance policy no. 0100040031-0, issued to named insured Venetian Hills Apartments with effective period 6/22/16 to 6/22/17;

2. Pleadings, document productions, written discovery responses, third-party documents, and/or deposition transcripts (including exhibits and attachments thereto) in the underlying lawsuit;

3. Correspondence between Kinsale and Defendants.

## CERTIFICATE OF SERVICE AND COMPLIANCE WITH L.R. 5.1

I hereby certify that I have this date filed the within and foregoing *Defendant Marie Hughes' Initial Disclosures* to the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following:

| | |
|---|---|
| Junaid N. Savani, Esq.<br>Clyde & Co. US LLP<br>1221 Brickell Avenue<br>Suite 1600<br>Miami, Florida 33131 | Matthew G. Moffett, Esq.<br>Matthew R. Del Campo, Esq.<br>Gray, Rust, St. Amand, Moffett &<br>Brieske, LLP<br>950 East Paces Ferry Road, NE<br>Suite 1700<br>Atlanta, GA 30326 |

I hereby certify that the foregoing complies with the font and point selections approved by the Court in Local Rule 5.1(C). It is prepared in Times New Roman 14-point font.

Respectfully submitted this 19th day of January, 2022.

                                        **SHIVER HAMILTON, LLC**

                                        */s/ Darrell W. Hinson*
                                        DARRELL W. HINSON
                                        Georgia Bar No. 356789
                                        darrell@shiverhamilton.com

3490 Piedmont Road,
Suite 640
Atlanta, Georgia  30305