IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KINSALE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | 1:21-cv-03214-LMM |
| v. | ) | |
| | ) | |
| VENETIAN HILLS APARTMENTS, LLC, JOHN MAUGHAN, and MARIE HUGHES, as Authorized Administrator for the Estate of GEORGE HUGHES, | ) ) ) ) | |
| | ) | |
| Defendants. | | |

## DEFENDANT MARIE HUGHES'S REPLY BRIEF ON MOTION TO DISMISS OR STAY PROCEEDINGS

Pursuant to LR 7.1(C), Defendant Marie Hughes ("Hughes"), as Administrator for the Estate of George Hughes, files this reply brief on her Motion to Dismiss or Stay Proceedings (Doc. 27) and Plaintiff Kinsale Insurance Company's Response (Doc. 32).

Hughes moves this Court to exercise its discretion to dismiss Kinsale's Complaint for Declaratory Judgment or in the alternative stay this action pending the outcome of the underlying action. Kinsale filed this declaratory judgment action to have the Court resolve whether it has a duty to defend and indemnify Defendants Venetian Hills Apartments, LLC ("Venetian Hills") and John

1

Maughan ("Maughan") in an underlying lawsuit brought by Hughes. (Doc.1.) Kinsale alleges that it has no obligation to defend Defendants Venetian Hills and Maughan against Hughes's claims or to indemnify them for any damages imposed against them. (Doc. 1, p. 13-14.)

I. **The declaratory judgment claim regarding Kinsale's duty to indemnify should be dismissed for lack of subject-matter jurisdiction.**

Unless and until a judgment or settlement is entered against Defendants Venetian Hills or Maughan, this Court has no jurisdiction over Plaintiff's declaratory judgment claim on the duty to indemnify. *See Phoenix Ins. Co. v. Robinson Constr. Co.*, 2020 WL 5755010, at *5 (N.D. Ga. Aug. 21, 2020). Kinsale does not dispute that the Court has no subject-matter jurisdiction, but instead argues that a declaration that that an insurer does not have a duty to defend would relieve it of a duty to indemnify. But that does not change the rule that the duty to defend is separate and distinct from the duty to indemnify. Because Kinsale's Complaint alleges that it has no obligation to defend or to indemnify, the Court should separately address jurisdiction as to each claim. *See id.*, at *2.

Similarly, the issue of whether Kinsale has a duty to indemnify for punitive damages is also not yet ripe. At this point, it is undetermined if there will ever be a judgment in the underlying action and if that judgment will include punitive

damages. No duty to indemnify has been triggered and no punitive damages awarded, so this Court would be issuing an advisory opinion on these issues.

## II.     The Court should decline to exercise jurisdiction over Kinsale's entire declaratory judgment action.

This Court should decline to exercise jurisdiction over Kinsale's entire declaratory judgment action because underlying factual issues are important to an informed resolution of the case. Kinsale's request for a judgment on its duty to indemnify is not yet ripe. And Kinsale's arguments against coverage are not based on the allegations of the underlying complaint as much as facts that are at issue in the underlying litigation.

Kinsale's Complaint for declaratory judgment illustrates this. Attached as exhibits to Kinsale's Complaint are a medical examiner's report and various criminal court filings, which Kinsale claims support its arguments that Venetian Hills and Maughan are not owed any coverage because of an "assault and battery" exclusion and a pollution exclusion. So Kinsale's allegations rely, at least in part, upon facts to be determined in the underlying litigation and not the allegations of Hughes's complaint.[1] Accordingly, there will be factual overlap between this action and the underlying action.

---

[1] Hughes disputes Kinsale's characterizations of the allegations of her complaint in the underlying action. Hughes also disputes Kinsale's claim that she somehow

3

### III. Conclusion

This Court should exercise its discretion to dismiss the Plaintiff's Complaint for Declaratory Judgment or in the alternative stay this action pending the outcome of the underlying action.

Respectfully submitted this 1st day of February, 2022.

        **SHIVER HAMILTON, LLC**

        */s/ Darrell Hinson*
        JEFF P. SHIVER
        Georgia Bar No. 001303
        DARRELL W. HINSON
        Georgia Bar No. 356789

        *Attorneys for Defendant Marie Hughes as Authorized Administrator for the Estate of George Hughes*

3490 Piedmont Road
Suite 640
Atlanta, GA 30305
(404) 593-0020 - Telephone
(888) 501-9536 – Facsimile
jeff@shiverhamilton.com
darrell@shiverhamilton.com

---

"concedes" that Kinsale's "Habitability exclusion" applies. Hughes also reserves the right to later assert that other allegations not addressed in this motion trigger Kinsale's duty to defend.

## CERTIFICATE OF SERVICE

I hereby certify that I have this date filed the within and foregoing ***Defendant Marie Hughes's Reply Brief on Motion to Dismiss or Stay Proceedings*** to the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following:

| | |
|---|---|
| Junaid N. Savani, Esq. | Matthew G. Moffett, Esq. |
| Clyde & Co. US LLP | Matthew R. Del Campo, Esq. |
| 1221 Brickell Avenue | Gray, Rust, St. Amand, Moffett & |
| Suite 1600 | Brieske, LLP |
| Miami, Florida 33131 | 950 East Paces Ferry Road, NE |
| | Suite 1700 |
| | Atlanta, GA 30326 |

## LOCAL RULE 7.1(D) CERTIFICATION OF COMPLIANCE

I hereby certify that the foregoing complies with the font and point selections approved by the Court in Local Rule 5.1(C). It is prepared in Times New Roman 14-point font.

Respectfully submitted this 1st day of February, 2022.

           **SHIVER HAMILTON, LLC**

           */s/ Darrell W. Hinson*
           DARRELL W. HINSON
           Georgia Bar No. 356789
           darrell@shiverhamilton.com

3490 Piedmont Road, Suite 640
Atlanta, Georgia  30305