AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| KINSALE INSURANCE COMPANY, | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:21-CV-03214-LMM |
| VENETIAN HILLS APARTMENTS, LLC, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  All Risks Specialty, LLC f/k/a All Risks, LTD

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Exhibit A

| Place: Shiver Hamilton<br>3490 Piedmont Road, Suite 640<br>Atlanta, Georgia 30305 | Date and Time:<br><br>03/18/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  02/16/2022

| *CLERK OF COURT* | OR | [signature] |
|---|---|---|
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Marie Hughes, as Authorized Aministrator for the Estate of George Hughes , who issues or requests this subpoena, are:

Darrell W. Hinson, 3490 Piedmont Road, Suite 640, Atlanta, GA 30305, darrell@shiverhamilton.com, 404-593-0020

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-CV-03214-LMM

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## INSTRUCTIONS

1. In responding to the following requests for documents, you are required to furnish all documents that are available to you, including documents in the possession, custody or control of your attorneys, accountants, agents, employees, representatives, or any other persons directly or indirectly employed by or connected with you or your attorneys or anyone else subject to your control.

2. All documents produced pursuant to this Subpoena shall be produced at the time and place set forth in the foregoing Subpoena in separate groups of documents responsive to each separate request or in the form and order in which they were kept by you until being produced.

3. All definitions set forth below apply to the foregoing instructions as well as to the requests for production themselves.

## DEFINITIONS

I. "Communication" or "Communications" refers to the transmittal of information in any form, including without limitation, in writing, orally, electronically (e-mails are expressly included within the scope of this definition) or otherwise, and with respect to oral communications shall include documents evidencing such communications such as notes, memoranda or other descriptions of the oral communication.

II.	"Document" refers to, without limitation, written, typed, printed, recorded, graphic or photographic matter, however produced or reproduced, of any kind, and whether an original, master, duplicate, or copy, including but not limited to, files, papers, correspondence, telegrams, internal Communications, memoranda, notes, reports, studies, contracts, manuals, analysis, spreadsheets, reports of laboratory tests, agreements, working papers, corporate records, accounting records of any kind, invoices, photographs, video tapes, microfilm or microfiche, e-mails, text messages, computer stored information, minutes, voice mails, transcriptions or sound recordings of any conversations, negotiations, meetings or conferences, conducted either in person or by telephone, or things similar to either of the foregoing, and all other papers, including inter and intra-company Communications, summaries, writings or physical things containing information, and other documentary material of any nature whatsoever.

III.	"Incident" means the March 15, 2017, fire at Venetian Hills Apartments, 1829 Campbellton Rd SW, Atlanta, Georgia 30311 and death of George Hughes.

IV.	"Kinsale Insurance Company" means, without limitation: Kinsale Insurance Company; all subsidiaries or predecessors of Kinsale Insurance Company; current or former agents, officers, directors, employees, or representatives of Kinsale Insurance Company; and anyone else acting on behalf of Kinsale Insurance

Company or its subsidiaries or predecessors.

V.      "John Maughan" means the individual John Maughan, and any representatives, agents, attorneys, servants, or anyone else acting on behalf of John Maughan.

VI.     "Person" means any natural person and any corporation, partnership, limited partnership, limited liability company, association, joint venture, firm, organization, or other business enterprise or legal entity, and any department, agency, office, bureau, or division of the United State, state, county, local or federal government. The term "person" includes both the singular and the plural.

VII.    "Policy" means the Kinsale Insurance Company commercial general liability policy issued to Venetian Hills as the Named Insured and bearing Policy Number 01000040031-0, policy period June 22, 2016, to June 22, 2017.

VIII.   "Underlying Lawsuit" means the civil action styled *Marie Hughes, as Authorized Administrator for the Estate of George Hughes v. Venetian Hills Apartments, LLC and John Maughan*, State Court of DeKalb County, Georgia, Civil Action No. 19A73694.

IX.     "Venetian Hills Defendants" means, without limitation: John Maughan; Defendant Venetian Hills Apartments, LLC; current or former agents, officers, directors, employees, or representatives of John Maughan or Venetian Hills Apartments, LLC; and anyone else acting or purporting to act on behalf of John

Maughan or Venetian Hills Apartments, LLC.

X. "Venetian Hills Claims" means all claims against Venetian Hills Apartments, LLC, or John Maughan, or both, resulting from the March 15, 2017 fire at Venetian Hills Apartments, 1829 Campbellton Rd SW, Atlanta, Georgia 30311.

XI. "Venetian Hills Apartments, LLC" means Venetian Hills Apartments, LLC, agents, officers, directors, members, employees, or representatives, and anyone else acting on behalf of Venetian Hills Apartments, LLC.

XII. "You" and "Your" mean All Risks, Ltd.

XIII. "All Risks, Ltd." means All Risks, Ltd., All Risks Specialty, LLC, their agents, officers, directors, members, employees, or representatives, and anyone else acting on their behalf.

XIV. "McEver & Tribble, Inc." means McEver & Tribble, Inc. its agents, officers, directors, members, employees, or representatives, and anyone else acting on behalf of McEver & Tribble, Inc.

## REQUESTED DOCUMENTS

The documents to be produced are copies of:

1.

All Documents relating or referring to the Incident or any claims arising out of the Incident, or both.

2.

All Documents referring or relating to the Policy.

3.

All Documents evidencing, reflecting, or referring to Communications between You and Venetian Hills Defendants relating to the Incident and any claims arising out of the incident.

4.

All Documents evidencing, reflecting, or referring to Communications between You and Venetian Hills Defendants relating to the Policy.

5.

All Documents evidencing, reflecting, or referring to Communications between You and Venetian Hills Defendants relating to Kinsale Insurance Company.

6.

All Documents evidencing, reflecting, or referring to Communications between You and Kinsale Insurance Company relating to the Policy.

7.

All Documents evidencing, reflecting, or referring to Communications between You and Kinsale Insurance Company relating to the Incident and any claims arising out of the incident.

8.

All Documents evidencing, reflecting, or referring to Communications between You and Venetian Hills Defendants relating to any subject.

9.

All documents evidencing, reflecting, relating to, or referring to applications for insurance, quotes, and proposals for insurance by Defendants Venetian Hills Apartments, LLC or John Maughan, or both.

10.

All Documents evidencing, reflecting, or referring to Communications between You and any Person relating to the Policy.

11.

All Documents evidencing, reflecting, or referring to Communications between You and any Person relating to the Underlying Lawsuit.

12.

All Documents evidencing, reflecting, or referring to Communications between You and any Person relating to the Venetian Hills Claims.

13.

All Documents evidencing, reflecting, or referring to Communications between You and any Person relating to insurance coverage and any "Assault and Battery" exclusion in the Policy.

14.

All Documents evidencing, reflecting, or referring to Communications between You and any Person relating to insurance coverage and any "Absolute Pollution and Pollution Related Liability" exclusion in the Policy.

15.

All Documents evidencing, reflecting, or referring to Communications between You and any Person relating to insurance coverage and any "Eviction and Failure to Maintain" or "Habitability" exclusions in the Policy.

16.

All Documents referring or relating to the meaning and interpretation of the "Assault and Battery" exclusion in any policy issued by Kinsale Insurance Company.

17.

All Documents referring or relating to the meaning and interpretation of the "Absolute Pollution and Pollution Related Liability" exclusion in any policy issued by Kinsale Insurance Company.

18.

All Documents referring or relating to the meaning and interpretation of the "Eviction and Failure to Maintain" exclusion in any policy issued by Kinsale Insurance Company.

19.

All Documents evidencing, reflecting, or referring to Communications between any Person and Venetian Hills Defendants relating or referring to coverage or the absence of coverage under the Policy for any claims relating to the Incident.