IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KINSALE INSURANCE COMPANY,   :
                                    :
                                    :
     Plaintiff,                    :
                                    :
v.                                    :      CIVIL ACTION NO.
                                   :      1:21-cv-03214-LMM
                                   :
VENETIAN HILLS APARTMENTS,   :
LLC; JOHN MAUGHAN; and        :
MARIE HUGHES, *as administrator*  :
*of the estate of* George Hughes,    :
                                   :
                                   :
     Defendants.              :

## <u>ORDER</u>

This case comes before the Court on Defendant Marie Hughes's Motion to Dismiss or Stay [27]. After due consideration, the Court enters the following Order:

## I.   BACKGROUND[1]

In this declaratory judgment action, Plaintiff asks the Court to decide whether it has a duty to defend and indemnify Defendants Venetian Hills Apartments, LLC ("Venetian Hills") and John Maughan, who is the sole member of Venetian Hills Apartments, LLC, in an underlying lawsuit brought by

---

[1] The relevant facts are taken from Plaintiff's complaint and assumed to be true. Because Plaintiff is the non-moving party, the alleged facts are construed in the light most favorable to Plaintiff.

Defendant Marie Hughes. In that litigation, Defendant Marie Hughes sued Venetian Hills and John Maughan on behalf of the estate of her deceased brother, George Hughes, who died in a fire at the Venetian Hills Apartments. In her suit, Defendant Hughes seeks damages, including punitive damages, against Defendants Venetian Hills and Maughan for failing to prevent Mr. Hughes's death. The underlying complaint alleges that the apartment complex did not have proper fire detection and fire suppression equipment as required by law. Dkt. No. [1-5] ¶ 2.

The fire originated from an act of arson committed by non-party Kamara Wheeler, who was later indicted for murder, felony murder, and four counts of arson in Fulton County, Georgia.[2] Wheeler ultimately pled guilty to voluntary manslaughter. Defendant Hughes' filed her civil lawsuit in Dekalb County State Court.[3]

Plaintiff has provided a defense to Defendants Venetian Hills and Maughan in the underlying action under a complete reservation of rights. The underlying action is still pending. Plaintiff issued a commercial general liability policy to Defendant Venetian Hills, Policy No. 0100040031-0 ("the Policy"), which was

---

[2] The criminal action against Kamara Wheeler is styled as *The State of Georgia vs. Kamara Wheeler*, Case No. 17SC153114 in the Superior Court of Fulton County.

[3] The underlying action filed by Defendant Hughes is styled as *Marie Hughes, as Administrator of the Estate of George Hughes, et al. vs. Venetian Hills Apartments, LLC, et al.,* Case. No. 19A73694 in Dekalb County State Court.

effective from June 22, 2016 to June 22, 2017. The fire at issue took place on March 15, 2017.

## II. DISCUSSION

Plaintiff has asked that the Court issue a declaratory judgment on its duty to defend and its duty to indemnify Defendants Venetian Hills and Maughan from Defendant Marie Hughes's underlying claims. Defendant Hughes moves to dismiss both issues, arguing that Plaintiff has a duty to defend as a matter of law and that the duty to indemnify is not yet ripe. Dkt. No. [27] at 6. In the alternative, Defendant Hughes asks the Court to stay this action pending the resolution of the underlying lawsuit. Id.

Since Plaintiff requests a judgment on its duty to defend and its duty to indemnify, the Court must address each separately. See Nat'l Builders Ins. Co. v. RQ Bldg. Prods., Inc., 709 F. App'x 677, 678 (11th Cir. 2018) ("As '[t]he duty to defend is separate and apart from the duty to indemnify,' the district court should have separately addressed the duty to defend issues." (quoting Trizec Props., Inc. v. Biltmore Constr. Co., 767 F.2d 810, 812 (11th Cir. 1985))); Elan Pharm. Rsch. Corp. v. Emp. Ins.. 144 F.3d 1372, 1375 (11th Cir. 1998) ("[U]nder Georgia law, the duty to defend an insured is separate and independent from the obligation to indemnify." (citing Penn-Am. Ins. Co. v. Disabled Am. Veterans, Inc., 490 S.E.2d 374, 376 (Ga. 1997))).

### A.    Duty to Defend

Defendant Hughes argues that there is no uncertainty as to whether Plaintiff is obligated to defend Defendants Venetian Hills and Maughan. Dkt. No. [27] at 9. Defendant Hughes argues that the Policy applies to bodily injury and property damage arising out of "[t]he ownership, maintenance or use of the premises." See Dkt. No. [1-6] at 5, 21. Further, she argues that the exclusions identified by Plaintiff do not apply to her claim in the underlying action and that some of the exclusions rely on facts that are disputed in the underlying action. Dkt. No. [27] at 10–11. Defendant Hughes argues that because her claims in the underlying action are not unambiguously excluded by the Policy it would be unnecessary and improper for the Court rule on Plaintiff's duty to defend. Id. at 11.

Plaintiff argues that there is a justiciable controversy as to its duty to defend because its complaint alleges that four exclusions in the Policy bar coverage for its defense of the underlying lawsuit. First, Plaintiff points to the "Assault and Battery Exclusion" which states that the Policy "does not apply to any claim or 'suit' for 'bodily injury' . . . arising out of, related to, or in any way involving any actual or alleged assault, batter, harmful or offensive contact, or threat" and does not cover those suits "regardless of fault or intent and regardless of the particular cause of action." Dkt. Nos. [32] at 5; [1-6] at 40. Second, Plaintiff argues that the "Absolute Pollution Exclusion" bars coverage for damages from

fire as well as smoke.[4] Third, Plaintiff argues that the "Failure to Maintain Exclusion" bars coverage for "any claim or suit for bodily injury . . . arising directly or indirectly out of, related to, or in any way involving . . . failure to maintain any premises in, or restore any premises to a safe, sanitary, healthy, habitable, and tenantable condition." Dkt. No. [1-6] at 51. Fourth, Plaintiff argues that the underlying complaint seeks punitive damages that are excluded by the Policy. Dkt. No. [32] at 8.

The Court finds that the duty-to-defend issue presents a live controversy for the Court to adjudicate. Plaintiff alleges that it is defending Defendant Venetian Hills in the underlying lawsuit under a complete reservation of rights. Dkt. No. [1] ¶ 24. Plaintiff also alleges that it has no duty to defend under the four exclusions listed above. Id. ¶¶ 31, 35, 39, 46. Defendants Venetian Hills and Maughan have answered the complaint, providing several affirmative defenses and denying Plaintiff's conclusion that there is no coverage under the Policy. See Dkt. No. [12]. Defendant Hughes also contends that there is coverage. See Dkt. No. [27]. Accordingly, Plaintiff's duty to defend presents a question ripe for adjudication. See Scottsdale Ins. Co. v. King Bird Fireworks, No. 4:19-cv-109-HLM, 2019 WL 9821774, at *6 (N.D. Ga. Aug. 12, 2019) ("Plaintiff seeks

---

[4] Plaintiff alleges in its complaint that Mr. Hughes died from inhaling pollutants, while Defendant Marie Hughes argues in her motion that Mr. Hughes died from burning to death. As discussed in more detail below, the relevant inquiry for determining whether Plaintiff owed a duty to defend is whether the *allegations* in the underlying complaint are covered by the insurance contract, independent of actual fact-finding in the underlying lawsuit.

declarations concerning its duty to defend as well as its duty to indemnify. The request for declaratory judgment concerning Plaintiff's duty to defend is ripe."); Auto-Owners Ins. Co. v. Deerlake Homeowners Ass'n, Inc., No. 1:11-cv-0215-RWS, 2012 WL 1038748, at *3 (N.D. Ga. Mar. 27, 2012) ("Here, there is a controversy about whether Plaintiff is obligated to provide a defense to Defendants under the Policies, making the duty to defend ripe for adjudication."); State Farm Fire and Cas. Co. v. Myrick, No. 2:06-cv-359-WKW, 2007 WL 3120262, at *2 (M.D. Ala. Oct. 23, 2007) ("[A] controversy exists regarding the duty to defend when the insured seeks a defense from an insurance company, but the insurance company denies that it is obligated.").

The Court chooses to exercise its discretionary jurisdiction over Plaintiff's duty-to-defend claim, rather than dismiss or stay it. See Otwell v. Ala. Power Co., 747 F.3d 1275, 1280 (11th Cir. 2014) ("It is well established that district courts have exceptionally broad discretion in deciding whether to issue a declaratory judgment, and the remedy is not obligatory." (citing Wilton v. Seven Falls Co., 515 U.S. 277, 286–88 (1995))). Plaintiff's duty-to-defend claim presents legal issues separate from those in the underlying litigation and there is little risk of factual overlap. To determine the scope of Plaintiff's duty to defend, the Court must "compare the allegations of the complaint, as well as the facts supporting those allegations, against the provisions of the insurance contract." Elan Pharm., 144 F.3d at 1375 (citing Great Am. Ins. Co. v. McKemie, 259 S.E.2d 39, 40–41 (Ga. 1979)). "[T]he duty to defend is determined by the contract; and since the

contract obligates the insurer to defend claims asserting liability under the policy; even if groundless, the allegations of the complaint are looked to to determine whether a liability covered by the policy is asserted." <u>Great Am. Ins. Co.</u>, 259 S.E.2d at 40–41 (quotation omitted).

Here, the Policy ties Plaintiff's duty to defend to the allegations made by Defendant Hughes in the underlying lawsuit. Plaintiff's duty to defend is stated as follows:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any suit seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

Dkt. No. [1-6] at 5. The form then defines "suit" as "a civil proceeding in which damages because of 'bodily injury,' 'property damage' or 'personal and advertising injury' to which this insurance applies are alleged." <u>Id.</u> at 19. The language of the form is therefore consistent with Georgia case law, which looks to the allegations in the complaint to determine whether an insurer has a duty to defend against a particular claim. <u>See</u> <u>Penn-Am. Ins. Co. v. Disabled Am. Veterans, Inc.</u>, 490 S.E.2d 374, 376 (Ga. 1997).

Accordingly, the Court disagrees with Defendant Hughes's argument that the resolution of this case depends upon the facts to be developed in the underlying litigation. The resolution of this case—so far as Plaintiff's duty to

defend is concerned—depends upon the allegations of her complaint. Id. The facts to be developed in discovery are not immediately relevant, and so there is little risk that this case will duplicate the fact discovery of the underlying litigation. See Med. Protective Co. v. Mosley, No. 4:18-cv-100(CDL), 2018 WL 4494104, at *1 (M.D. Ga. Sept. 19, 2018) ("[N]o reason exists to delay the coverage determination pending a final resolution of the underlying state court negligence lawsuit.").

The Court also disagrees with Defendant Hughes's argument that coverage for the duty to defend is unambiguous, particularly at the motion to dismiss stage. Plaintiff has presented a colorable argument that some or all of Plaintiff's claims could ultimately be outside its duty to defend under the Policy sufficient to withstand dismissal.

### B.  Duty to Indemnify

Plaintiff also seeks a declaratory judgment that it has no duty to indemnify Defendants Venetian Hills and Maughan. Dkt. No. [1] at 12 (requesting that the Court declare "Kinsale does not have a duty to defend or pay any damages imposed against Venetian Hills and Maughan in the Underlying Lawsuit . . . ."). Defendant Hughes argues that the Court should not exercise jurisdiction over this claim because a ruling on Plaintiff's duty to indemnify would be purely advisory until the underlying litigation is resolved. Dkt. No. [27] at 8. Defendant Hughes also argues that the issue of coverage for punitive damages would be best dealt with after they are actually awarded. Id.

8

The Court agrees with Defendant Hughes. The issue of whether Plaintiff has a duty to indemnify Defendant from a judgment or settlement of the underlying claims is not yet ripe. Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc., 766 F. App'x 768, 770 (11th Cir. 2019) (unpublished) ("[D]uty to indemnify . . . is not ripe for adjudication until the underlying lawsuit is resolved."); Am. Fam. Ins. Co. v. Almassud, 413 F. Supp. 3d 1292, 1300 (N.D. Ga. Sept. 3, 2019) (Story, J.) ("Disputes related to an insurer's duty to indemnify are typically not ripe until liability is established in the underlying action." (citing J.B.D. Constr., Inc. v. Mid-Continent Cas. Co., 571 F. App'x 918, 927 (11th Cir. 2014))). Unless and until a judgment or settlement is entered against Defendant, this Court has no jurisdiction over Plaintiff's declaratory judgment claim on duty to indemnify. Mid-Continent Cas. Co., 766 F. App'x at 770; Almassud, 413 F. Supp. 3d at 1301 ("Ripeness, as an Article III doctrine, ultimately 'goes to whether [a] district court had subject matter jurisdiction to hear the case.'" (quoting Dig. Props., Inc. v. City of Plantation, 121 F.3d 586, 591 (11th Cir. 1997))).

Plaintiff argues in response that if there is no duty to defend then there cannot be a duty to indemnify. Dkt. No. [32] at 12. The Court does not find that to be a persuasive reason to exercise jurisdiction over the duty to indemnify claim given the lack of Article III ripeness on that issue. There is no live controversy over the duty to indemnify regardless of whether there is a duty to defend because there has been no judgment or settlement. While Plaintiff may deem it

more efficient for the Court decide both claims at once, Plaintiff's argument cannot overcome the lack of ripeness.

Plaintiff also argues that Defendant Hughes, as the injured party, cannot move for portions of this action to be dismissed given that the insured, Defendants Maughan and Venetian Hills, presumably want to discern their rights under the Policy. The Court disagrees. Ripeness is essential to the Court's jurisdiction over this claim and cannot be ignored simply because it was raised by the injured party rather than the insured.

## III.  CONCLUSION

Based upon the foregoing, Defendant Marie Hughes's Motion to Dismiss or Stay [27] is **GRANTED in part** and **DENIED in part**. Plaintiff's declaratory judgment claim regarding its duty to indemnify is **DISMISSED without prejudice** for lack of subject-matter jurisdiction. Plaintiff's claim on its duty to defend may proceed.

**IT IS SO ORDERED** this 29th day of April, 2022.

**Leigh Martin May**
**United States District Judge**