AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| | |
|---|---|
| KINSALE INSURANCE COMPANY, <br> *Plaintiff* <br> v. <br> VENETIAN HILLS APARTMENTS, LLC, et al. <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 1:21-CV-03214-LMM |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Overland Solutions, Inc. c/o CT Corporation System
289 South Culver Street, Lawrenceville, Georgia 30046

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Exhibit A

| Place: Shiver Hamilton Campbell, LLC <br> 3490 Piedmont Road, Suite 640 <br> Atlanta, Georgia 30305 | Date and Time: <br><br> 03/12/2023 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/10/2023

CLERK OF COURT                                OR    *[signature]*

_____                          Georgia Bar No. 356789
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Marie Hughes, as Authorized Aministrator for the Estate of George Hughes , who issues or requests this subpoena, are:

Darrell W. Hinson, 3490 Piedmont Road, Suite 640, Atlanta, GA 30305, darrell@shiverhamilton.com, 404-593-0020

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-CV-03214-LMM

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## EXHIBIT A

## INSTRUCTIONS

1. In responding to the following requests for documents, you are required to furnish all documents that are available to you, including documents in the possession, custody or control of your attorneys, accountants, agents, employees, representatives, or any other persons directly or indirectly employed by or connected with you or your attorneys or anyone else subject to your control.

2. All documents produced pursuant to this Subpoena shall be produced at the time and place set forth in the foregoing Subpoena in separate groups of documents responsive to each separate request or in the form and order in which they were kept by you until being produced.

3. All definitions set forth below apply to the foregoing instructions as well as to the requests for production themselves.

## DEFINITIONS

I. "Communication" or "Communications" refers to the transmittal of information in any form, including without limitation, in writing, orally, electronically (e-mails are expressly included within the scope of this definition) or otherwise, and with respect to oral communications shall include documents evidencing such communications such as notes, memoranda or other descriptions of the oral communication.

II.     "Document" refers to, without limitation, written, typed, printed, recorded, graphic or photographic matter, however produced or reproduced, of any kind, and whether an original, master, duplicate, or copy, including but not limited to, files, papers, correspondence, telegrams, internal Communications, memoranda, notes, reports, studies, contracts, manuals, analysis, spreadsheets, reports of laboratory tests, agreements, working papers, corporate records, accounting records of any kind, invoices, photographs, video tapes, microfilm or microfiche, e-mails, text messages, computer stored information, minutes, voice mails, transcriptions or sound recordings of any conversations, negotiations, meetings or conferences, conducted either in person or by telephone, or things similar to either of the foregoing, and all other papers, including inter and intra-company Communications, summaries, writings or physical things containing information, and other documentary material of any nature whatsoever.

III.    "Kinsale Insurance Company" means, without limitation: Kinsale Insurance Company; all subsidiaries or predecessors of Kinsale Insurance Company; current or former agents, officers, directors, employees, or representatives of Kinsale Insurance Company; and anyone else acting on behalf of Kinsale Insurance Company or its subsidiaries or predecessors.

IV.     "John Maughan" means the individual John Maughan, and any representatives, agents, attorneys, servants, or anyone else acting on behalf of John

Maughan.

V.      "Overland Solutions, Inc." means Overland Solutions, Inc., its agents, officers, directors, members, employees, or representatives, and anyone else acting on behalf of Overland Solutions, Inc.

VI.     "Person" means any natural person and any corporation, partnership, limited partnership, limited liability company, association, joint venture, firm, organization, or other business enterprise or legal entity, and any department, agency, office, bureau, or division of the United State, state, county, local or federal government. The term "person" includes both the singular and the plural.

VII.    "Policy" means any insurance policy of Kinsale Insurance Company issued to Venetian Hills Apartments, LLC, including Policy Number 01000040031-0.

VIII.   "Underlying Lawsuit" means the civil action styled *Marie Hughes, as Authorized Administrator for the Estate of George Hughes v. Venetian Hills Apartments, LLC and John Maughan*, State Court of DeKalb County, Georgia, Civil Action No. 19A73694.

IX.     "Venetian Hills Defendants" means, without limitation: John Maughan; Defendant Venetian Hills Apartments, LLC; current or former agents, officers, directors, employees, or representatives of John Maughan or Venetian Hills Apartments, LLC; and anyone else acting or purporting to act on behalf of John

Maughan or Venetian Hills Apartments, LLC.

X. "Venetian Hills Apartments" means all buildings and the entire parcel of land at 1829 Campbellton Rd SW, Atlanta, Georgia 30311.

XI. "Venetian Hills Apartments, LLC" means Venetian Hills Apartments, LLC, agents, officers, directors, members, employees, or representatives, and anyone else acting on behalf of Venetian Hills Apartments, LLC.

XII. "Work Order Detail" means Overland Solutions, Inc. Work Order Number 10838452, Order Date 7/27/2016, referencing Company Name: 1057094 – Kinsale Insurance Company-General Casualty, concerning Venetian Hills Apartments.

XIII. "You" and "Your" mean Overland Solutions, Inc.

XIV. "McEver & Tribble, Inc." means McEver & Tribble, Inc. its agents, officers, directors, members, employees, or representatives, and anyone else acting on behalf of McEver & Tribble, Inc.

## REQUESTED DOCUMENTS

The documents to be produced are copies of:

1.

All Documents relating or referring to the Work Order Detail defined above.

2.

All Documents referring or relating to Venetian Hills Apartments.

3.

All Documents referring or relating to the Policy.

4.

All Documents evidencing, reflecting, or referring to Communications between You and Kinsale Insurance Company relating to Venetian Hills Apartments.

5.

All Documents evidencing, reflecting, or referring to Communications between You and Venetian Hills Defendants relating to any subject.

6.

All Documents evidencing, reflecting, or referring to Communications between You and Kinsale Insurance Company relating to the Policy.

7.

All Documents evidencing, reflecting, or referring to Communications between You and McEver & Tribble, Inc. relating to Venetian Hills Apartments.

8.

All documents evidencing, reflecting, relating to, or referring to applications for insurance, quotes, and proposals for insurance by Defendants Venetian Hills Apartments, LLC or John Maughan, or both.

9.

All Documents evidencing, reflecting, or referring to Communications between You and any Person relating to Venetian Hills Apartments.

10.

All Documents evidencing, reflecting, or referring to Communications between You and any Person relating to the Venetian Hills Apartments, LLC.