# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KINSALE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE NO.: |
| ) | 1:21-cv-03214-LMM |
| v. ) | |
| ) | |
| VENETIAN HILLS APARTMENTS, ) | |
| LLC, JOHN MAUGHAN, and MARIE ) | |
| HUGHES, as Authorized Administrator ) | |
| for the Estate of GEORGE HUGHES, ) | |
| ) | |
| Defendants. | |

## RULE 30(b)(6) NOTICE OF VIDEO DEPOSITION OF
## KINSALE INSURANCE COMPANY AND NOTICE TO PRODUCE

**TO:** Kinsale Insurance Company
c/o Andres Cordova, Esq.
Clyde & Co. US LLP
1221 Brickell Avenue
 Suite 1600
Miami, Florida 33131

PLEASE TAKE NOTICE, pursuant to Section 26 and 30(b)(6) of the Federal Rules of Civil Procedure, that beginning at 10:30 a.m. E.T. on Friday, May 5, 2023, counsel for Defendant Hughes shall proceed to take the deposition of Plaintiff Kinsale Insurance Company. The deposition will take place via Zoom videoconference and will be upon oral examination before an officer authorized by

law to administer oaths and to take depositions. The deposition will be taken for discovery and all purposes allowable by law and will continue from day to day until completed.

Said representative(s) should have knowledge to speak for Plaintiff as to the topics listed in Exhibit A.  The representative is further commanded to have available to them at that time and place the following material: For reference and use by the deponent during the deposition, a complete bates-numbered set of all Documents and materials produced by Kinsale in this action.

Respectfully submitted this the 24th day of April, 2024.

                                            **SHIVER HAMILTON CAMPBELL, LLC**

                                            */s/ Darrell Hinson*
                                            JEFF P. SHIVER
                                            Georgia Bar No. 001303
                                            DARRELL W. HINSON
                                            Georgia Bar No. 356789
                                            *Attorneys for Defendant Marie Hughes as Authorized Administrator for the Estate of George Hughes*

3490 Piedmont Road
Suite 640
Atlanta, Georgia 30305
(404) 593-0020 –Telephone
(888) 501-9536 – Facsimile
jeff@shiverhamilton.com
darrell@shiverhamilton.com

# CERTIFICATE OF SERVICE

I CERTIFY that on April 24, 2023, I electronically filed this document with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

| | |
|---|---|
| Andres Cordova, Esq.<br>Clyde & Co. US LLP<br>1221 Brickell Avenue<br>Suite 1600<br>Miami, Florida 33131 | Matthew G. Moffett, Esq.<br>Matthew R. Del Campo, Esq.<br>Gray, Rust, St. Amand, Moffett &<br>Brieske, LLP<br>950 East Paces Ferry Road, NE<br>Suite 1700<br>Atlanta, GA 30326 |

Respectfully submitted this the 24th day of April, 2023.

**SHIVER HAMILTON CAMPBELL, LLC**

*/s/ Darrell W. Hinson*
DARRELL W. HINSON
Georgia Bar No. 356789

3490 Piedmont Road, Suite 640
Atlanta, Georgia 30305
darrell@shiverhamilton.com

## EXHIBIT A

## DEFINITIONS

The following definitions are applicable to each of the following areas of inquiry:

I.     The term "Communication" or "Communications" refers to the transmittal of information in any form, including without limitation, in writing, orally, electronically (e-mails are expressly included within the scope of this definition) or otherwise, and with respect to oral communications shall include documents evidencing such communications such as notes, memoranda or other descriptions of the oral communication.

II.     The term "Document" refers to, without limitation, written, typed, printed, recorded, graphic or photographic matter, however produced or reproduced, of any kind, and whether an original, master, duplicate, or copy, including but not limited to, files, papers, correspondence, telegrams, internal Communications, memoranda, notes, reports, studies, contracts, manuals, analysis, spreadsheets, reports of laboratory tests, agreements, working papers, corporate records, accounting records of any kind, invoices, photographs, video tapes, microfilm or microfiche, e-mails, text messages, computer stored information, minutes, voice mails, transcriptions or sound recordings of any conversations, negotiations,

meetings or conferences, conducted either in person or by telephone, or things similar to either of the foregoing, and all other papers, including inter and intra-company Communications, summaries, writings or physical things containing information, and other documentary material of any nature whatsoever.

 III. "Incident" means the March 15, 2017, fire at Venetian Hills Apartments, 1829 Campbellton Rd SW, Atlanta, Georgia 30311 and death of George Hughes.

 IV. "Kinsale Insurance Company" means, without limitation: Plaintiff Kinsale Insurance Company; all subsidiaries or predecessors of Kinsale Insurance Company; current or former agents, officers, directors, employees, or representatives of Kinsale Insurance Company; and anyone else acting on behalf of Kinsale Insurance Company or its subsidiaries or predecessors.

 V. "John Maughan" means the Defendant John Maughan, and any representatives, agents, attorneys, servants, or anyone else acting on behalf of John Maughan.

 VI. "Person" means any natural person and any corporation, partnership, limited partnership, limited liability company, association, joint venture, firm, organization, or other business enterprise or legal entity, and any department, agency, office, bureau, or division of the United State, state, county, local or federal

government. The term "person" includes both the singular and the plural.

V. "Policy" means the Kinsale Insurance Company commercial general liability policy issued to Venetian Hills as the Named Insured and bearing Policy Number 01000040031-0, policy period June 22, 2016, to June 22, 2017, which is the subject of this action.

VI. "Underlying Lawsuit" means the civil action styled *Marie Hughes, as Authorized Administrator for the Estate of George Hughes v. Venetian Hills Apartments, LLC and John Maughan*, State Court of DeKalb County, Georgia, Civil Action No. 19A73694.

VII. "Venetian Hills Defendants" means, without limitation: Defendant John Maughan; Defendant Venetian Hills Apartments, LLC; current or former agents, officers, directors, employees, or representatives of John Maughan or Venetian Hills Apartments, LLC,; and anyone else acting or purporting to act on behalf of John Maughan or Venetian Hills Apartments, LLC.

VIII. "Venetian Hills Claims" means all claims against Venetian Hills Apartments, LLC, or John Maughan, or both, resulting from the March 15, 2017 fire at Venetian Hills Apartments, 1829 Campbellton Rd SW, Atlanta, Georgia 30311.

IX. "Venetian Hills Apartments, LLC" means Venetian Hills Apartments, LLC, agents, officers, directors, members, employees, or representatives, and

anyone else acting on behalf of Venetian Hills Apartments, LLC.

X.  "You" and "Your" mean Plaintiff Kinsale Insurance Company, its current or former agents, employees, officers, directors, representatives, and anyone else acting or purporting to act on its behalf.

## AREAS OF INQUIRY

1. The Policy.

2. The underwriting and issuance of the Policy.

3. The factual basis for Your contention that Kinsale has no duty to defend the Venetian Hills Defendants under the "Assault and Battery" exclusion in the Policy (Endorsement CAS3002 0311).

4. The factual basis for Your contention that Kinsale has no duty to defend the Venetian Hills Defendants under the "Absolute Pollution and Pollution Related Liability" exclusion in the Policy (Endorsement ADF3003 0110).

5. The factual basis for Your contention that Kinsale has no duty to defend the Venetian Hills Defendants under the "Eviction and Failure to Maintain" exclusion in the Policy (Endorsement CAS3103 0815).

6. The factual basis for Your contention that Kinsale has no duty to defend the Venetian Hills Defendants under the Policy from any action to recover punitive damages.

7. The factual basis for Your contentions that Kinsale has no duty to defend Venetian Hills Apartments, LLC and Maughan in the Underlying Lawsuit.

8. Kinsale's position as to whether coverage exists under the Policy for the Venetian Hills Claims.

9. All Communications between You and the Venetian Hills Defendants relating to coverage or the absence of coverage under the Policy.

10. All Communications between You and any Person relating to coverage or the absence of coverage under the Policy. (This request excludes any protected Communication between You and the attorneys representing Kinsale Insurance Company this action.)

11. The origin, source, or drafting history the "Assault and Battery" exclusion, "Absolute Pollution and Pollution Related Liability" exclusion, and "Eviction and Failure to Maintain" exclusion endorsements of the Policy, including previous and subsequent versions of those exclusions.

12. All Documents evidencing, reflecting, or referring to policies, procedures, protocols, programs, plans, directives, guidelines, or suggestions that were created or maintained by You that refer or relate to the meaning and interpretation of the "Assault and Battery" exclusion, "Absolute Pollution and Pollution Related Liability" exclusion, and "Eviction and Failure to Maintain"

exclusion endorsements of the Policy, including previous and subsequent versions of those exclusions.

13. All educational material, seminar materials, videotapes, written instructions, training materials, course materials or other Documents that refer or relate to the meaning and interpretation of the "Assault and Battery" exclusion, "Absolute Pollution and Pollution Related Liability" exclusion, and "Eviction and Failure to Maintain" exclusion endorsements of the Policy, including previous and subsequent versions of those exclusions.

14. The initial disclosures, including any supplements, served by You in this litigation.

15. All answers to interrogatories served by You in this litigation.

16. All responses by You to requests for production of documents in this litigation and the documents produced in response to those requests.

17. The authenticity and completeness of the Documents produced by You in discovery in this case.

18. The existence and contents of any documents evidencing, reflecting, or referring to information responsive to Topics 1-16. (This excludes work product generated by the attorneys representing You in this action and any protected

Communication between You and the attorneys representing Kinsale Insurance Company this action.)