# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KINSALE INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VENETIAN HILLS APARTMENTS, )<br>LLC, JOHN MAUGHAN, and MARIE )<br>HUGHES, as Authorized Administrator )<br>for the Estate of GEORGE HUGHES, )<br>)<br>Defendants. ) | CIVIL ACTION FILE NUMBER<br>1:21-cv-03214-LMM |

**DEFENDANT VENETIAN HILLS APARTMENTS, LLC AND JOHN MAUGHAN'S RESPONSE AND OBJECTION TO PLAINTIFF'S NOITCE OF 30(B)(6) VIDEO DEPOSITION OF DEFENDANT VENETIAN HILLS APARTMENTS, LLC**

COMES NOW Defendants Venetian Hills Apartments, LLC and John Maughan (these "Defendants") and serve the following Objections to Plaintiff's Request for 30(b)(6) Video Deposition of Defendant Venetian Hills Apartments, LLC as follows:

1.

These Defendants object to Topic No. 1, simply referring to "The Policy", as patently vague and ambiguous, overly broad, and to the extent that it seeks discovery that is neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence in this litigation, which is whether Kinsale owes a duty to defend these Defendants in the Underlying Lawsuit. [*See* Doc. No. 41].

2.

These Defendants object to Topic No. 2, simply referring to "The Incident", as patently vague and ambiguous, overly broad, and to the extent that it seeks discovery that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this litigation, which is whether Kinsale owes a duty to defend these Defendants in the Underlying Lawsuit. [*See* Doc. No. 41].

3.

These Defendants object to Topic No. 3 as seeking discovery that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this litigation, which is whether Kinsale owes a duty to defend these Defendants in the Underlying Lawsuit. [*See* Doc. No. 41].

4.

These Defendants object to Topic No. 4 as seeking discovery that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this litigation, which is whether Kinsale owes a duty to defend these Defendants in the Underlying Lawsuit. [*See* Doc. No. 41]. Any applications, insurance agreements, or other documents involving insurance offered by or obtained from

other insurance carriers have no bearing upon the question of whether the pleadings in the Underlying Lawsuit are sufficient to trigger Kinsale's duty to defend these Defendants under these circumstances.

5.

These Defendants object to Topic No. 5 only to the extent that it seeks testimony based on defenses which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence concerning Kinsale's duty to defend these Defendants in the Underlying Lawsuit. [*See* Doc. No. 41].

6.

These Defendants object to Topic No. 6 as vague and ambiguous with respect to its use of the term "expectations", overly broad, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in that these Defendants' subjective beliefs as to whether Kinsale owes them a duty to defend the Underlying Lawsuit.

7.

These Defendants object to Request No. 7 only to the extent that it seeks testimony which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence regarding the limited issue to be decided in this case, being

- 3 -

Kinsale's duty to defend these Defendants in the Underlying Lawsuit.  [*See* Doc. No. 41].

8.

These Defendants object to Request No. 8 only to the extent that it seeks testimony which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence regarding the limited issue to be decided in this case, being Kinsale's duty to defend these Defendants in the Underlying Lawsuit.  [*See* Doc. No. 41].

9.

These Defendants have no objection to Topic No. 9.

10.

These Defendants have no objection to Topic No. 10.

11.

These Defendants have no objection to Topic No. 11.

12.

These Defendants object to Topic No. 12 only to the extent that it seeks legal opinions or intends to ambush Defendants with any alleged deficiencies with respect to their written discovery or document productions without following the proper procedure to do so pursuant to Fed. R. Civ. P. 37.

13.

These Defendants object to Topic No. 13 for the reasons that follow and incorporate herein their request to the Court to limit the scope of Kinsale's examination of its 30(b)(6) witness. This topic seeks information which is patently irrelevant and nor reasonably calculated to lead to the discovery of admissible evidence regarding the limited issue to be decided in this case [*see* Doc. No. 41], is vague and ambiguous throughout, and is overly broad and unduly burdensome, and seeks legal opinions. These Defendants also object to this Topic as seeking communications protected from disclosure by the attorney-client privilege between the very defense counsel retained by Kinsale in the underlying action and these Defendants as well as documents and information protected from disclosure by the work product and opinion work product doctrines.

14.

These Defendants have no objection to Topic No. 14.

15.

These Defendants specifically incorporate their objections to Topic No. 13.

16.

These Defendants specifically incorporate their objections to Topic No. 13.

17.

These Defendants specifically incorporate their objections to Topic No. 13.

18

These Defendants specifically incorporate their objections to Topic No. 13.

19.

These Defendants have no objection to Topic No. 19.

20.

These Defendants object to Topic No. 20 as a "catch-all" request and insofar as it implicates any of the other objections above by seeking documents and information "responsive to Topics 1-19."

Respectfully submitted this 26th day of May, 2023.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | */s/ M. Ryan Del Campo* |
| **MOFFETT & BRIESKE, L.L.P.** | Matthew G. Moffett |
| 950 East Paces Ferry Road, N.E. | Georgia State Bar No.:  515323 |
| Suite 1700 – Salesforce Tower Atlanta | M. Ryan Del Campo |
| Atlanta, Georgia 30326 | Georgia State Bar No.: 384618 |
| Telephone:  (404) 870-1064 | *Attorneys for Defendants* |
| Facsimile:   (404) 870-1030 | |

## **CERTIFICATE OF SERVICE AND COMPLIANCE WITH L.R. 5.1**

I, M. Ryan Del Campo, herein state that the foregoing complies with the font and point selections approved by the Court in Local Rule 5.1.  It is prepared in Times New Roman 14-point font.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KINSALE INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VENETIAN HILLS APARTMENTS, ) <br> LLC, JOHN MAUGHAN, and MARIE ) <br> HUGHES, as Authorized Administrator ) <br> for the Estate of GEORGE HUGHES, ) <br> ) <br> Defendants. ) | CIVIL ACTION FILE NUMBER <br> 1:21-cv-03214-LMM |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served the foregoing with the Clerk of Court and upon all counsel of record using the CM/ECF system and by Statutory Electronic Service via email, and which will automatically send email notification of such filing to the following:

Eric Benedict
Andres Cordova
Florida Bar No. 0118147
*Admitted Pro Hac Vice*
**CLYDE & CO US LLP**
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
andres.cordova@clydeco.us
eric.benedict@cludeco.us
*Counsel for Plaintiff*

Jeff P. Shiver, Esq.
Darrell W. Hinson, Esq.
**SHIVER HAMILTON, LLC**
3490 Piedmont Road, Suite 640
Atlanta, Georgia 30305
jeff@shiverhamilton.com
darrell@shiverhamilton.com
*Counsel for Defendant Marie Hughes*

This 26th day of May, 2023.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | /s/ M. Ryan Del Campo |
| **MOFFETT & BRIESKE, L.L.P.** | Matthew G. Moffett |
| 950 East Paces Ferry Road, N.E. | Georgia State Bar No.: 515323 |
| Suite 1700 – Salesforce Tower Atlanta | M. Ryan Del Campo |
| Atlanta, Georgia 30326 | Georgia State Bar No.: 384618 |
| Telephone:  (404) 870-1064 | *Attorneys for Defendants* |
| Facsimile:   (404) 870-1030 | |