IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KINSALE INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VENETIAN HILLS APARTMENTS, ) <br> LLC, JOHN MAUGHAN, and MARIE ) <br> HUGHES, as Authorized Administrator ) <br> for the Estate of GEORGE HUGHES, ) <br> ) <br> Defendants. ) | CIVIL ACTION FILE NO: <br> 1:21-cv-03214-LMM <br><br> **UNOPPOSED MOTION** |

**UNOPPOSED MOTION TO TAKE THE DEPOSITION OF VENETIAN HILLS APARTMENTS LLC'S CORPORATE REPRESENTATIVE OUTSIDE THE DISCOVERY PERIOD OR, IN THE ALTERNATIVE, TO EXTEND DISCOVERY FOR THE LIMITED PURPOSE OF TAKING THE DEPOSITION**

KINSALE INSURANCE COMPANY ("Kinsale"), pursuant to Fed. R. Civ. P. 16(b)(4), files this Unopposed Motion to Take the Deposition of VENETIAN HILLS APARTMENTS LLC's ("Venetian") Corporate Representative Outside the Discovery Period or, in the Alternative, to Extend Discovery for the Limited Purpose of Taking the Deposition, and for good cause state:

1. On May 10, 2023, Kinsale served a Rule 30(b)(6) notice of taking the deposition of Venetian. The deposition was supposed to take plane on May 30, 2023.

2. On May 23, 2023, Defendant MARIE HUGHES submitted an unrelated discovery dispute to the Court.

3. Venetian's counsel used that discovery dispute as an opportunity to raise objections to Kinsale's deposition of Venetian for the first time. Venetian did not serve formal objections until two days later on May 26, 2023.

4. On June 1, 2023, the Court held a telephone conference regarding several discovery disputes between the parties, including Venetian's objections to its deposition.

5. June 1 was the earliest date all counsel and the Court were available for the discovery conference. Accordingly, Venetian and Kinsale agreed to postpone the May 30 deposition until after the discovery conference on the condition that Venetian's counsel would ensure Venetian's availability for a subsequent deposition.

6. During the conference and with the input of the attorneys, the Court instructed the parties to confer regarding the submission of a consent scheduling order extending the remaining deadlines in this case. On June 6, 2023, the Court entered the parties' consent scheduling order. (D.E. 68.) The order established the following deadlines:

    a.    <u>Close of discovery</u>: September 5, 2023

    b. <u>Summary judgment motions</u> October 4, 2023

    c. <u>Proposed pretrial order</u>: no later than thirty (30) days after October 4, 2023, or entry of the Court's ruling on any pending motions for summary judgment, whichever is later.

  7. At the discovery conference, the Court also directed Kinsale and Venetian's counsel to confer regarding Venetian's objections to the topics noticed for deposition. Kinsale and Venetian resolved their disagreement regarding the scope of the deposition. Nevertheless, counsel did not agree to a new date for the deposition because Venetian's counsel needed to confer with his client regarding an appropriate witness and the witness's availability.

  8. Kinsale's counsel conferred with the defendants' counsel weeks ago by email regarding their availability for Kinsale's deposition of Venetian. The same day Venetian's counsel agreed to confer with Venetian "to confirm deposition availability." Venetian's counsel then called Kinsale's counsel to advise that there were obstacles impeding Venetian's availability for deposition. Three days later, Venetian's counsel advised the "obstacles" had been resolved, but that he and Venetian were not available for the deposition on any date prior to the close of discovery on September 5.

  9. In this motion, Kinsale moves for leave to take Venetian's deposition after the close of discovery or, in the alternative, to extend the discovery period for

the limited purpose of the deposition.

10. Hughes and Venetian both agreed to the relief requested in this motion and have no objection.

11. Currently, Hughes and Kinsale have confirmed their availability for the deposition on September 18. Venetian's counsel agreed to coordinate with his witness regarding that date, but has not yet confirmed availability.

12. Kinsale respectfully submits that good cause exists for granting this motion. Kinsale noticed Venetian's deposition in May and has endeavored to finalize the scope and date of the deposition ever since. In turn, Venetian asserted objections on just one business day prior to the original deposition date, failed to identify a witness for weeks, recently alluded to "obstacles" impeding Venetian's ability to be deposed, and is now unavailable for several weeks. Kinsale is entitled to take Venetian's deposition and should not be penalized for Venetian's inability to attend deposition.

13. This motion should also be granted because it is not opposed by any party. The requested relief also promotes the just and efficient resolution of this matter without the need for a trial because it will allow the parties to focus on additional discovery may be crucial for resolving all issues through the parties' initial motions for summary judgment. Additionally, the parties do not anticipate any

other extensions to the scheduling order's deadlines.

14. For the Court's convenience, attached as Exhibit "A" is a proposed order granting this motion.

        Respectfully submitted,

        /s/ ANDRES CORDOVA
        Andres Cordova
        Florida Bar No. 0118147
        andres.cordova@clydeco.us
        *Admitted Pro Hac Vice*

        CLYDE & CO US LLP
        1221 Brickell Avenue, Suite 1600
        Miami, Florida 33131
        Telephone: (305) 446-2646
        Fax: (305) 441-2374
        *Counsel for Plaintiff*

        /s/ ERIC P. BENEDICT
        Eric P. Benedict
        Georgia Bar No. 890708
        Eric.Benedict@clydeco.us
        *Local Counsel*

        CLYDE & CO US LLP
        271 17th Street NW
        Suite 1720
        Atlanta, GA 30363
        Telephone: (404) 410-3178
        *Counsel for Plaintiff*

## LOCAL RULE 7.1(D) CERTIFICATION OF COMPLIANCE

I hereby certify that the foregoing complies with the font and point selections approved by the Court in Local Rule 5.1(B). It is prepared in Times New Roman 14-point font.

/s/ANDRES CORDOVA
ANDRES CORDOVA

## CERTIFICATE OF SERVICE

I CERTIFY that on September 1, 2023, this document was filed via the CM/ECF system. I further certify that I am unaware of any non-CM/ECF participants.

/s/ANDRES CORDOVA
ANDRES CORDOVA
