# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| KINSALE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO: |
| | ) | 1:21-cv-03214-LMM |
| v. | ) | |
| | ) | **UNOPPOSED MOTION** |
| VENETIAN HILLS APARTMENTS, | ) | |
| LLC, JOHN MAUGHAN, and MARIE | ) | |
| HUGHES, as Authorized Administrator | ) | |
| for the Estate of GEORGE HUGHES, | ) | |
| | ) | |
| Defendants. | | |

## UNOPPOSED MOTION TO EXTEND THE DEADLINE FOR SUMMARY JUDGMENT MOTIONS

KINSALE INSURANCE COMPANY ("Kinsale"), pursuant to Fed. R. Civ. P. 16(b)(4), files this Unopposed Motion to Extend the Deadline for Summary Judgment Motions, and for good cause states:

1. On June 1, 2023, the Court held a telephone conference regarding a discovery dispute between the parties, including Defendant Venetian Hills Apartments LLC's ("Venetian") objections to Kinsale's proposed Rule 30(b)(6) deposition of Venetian. The Court directed the parties to submit a Consent Scheduling Order while they conferred to resolve their disputes, including Venetian's objections to the deposition.

2. On June 6, 2023, the Court approved and entered the parties' Consent Scheduling Order, which includes the following deadlines:

a. <u>Close of discovery</u>: September 5, 2023

b. <u>Summary judgment motions</u>: October 4, 2023

c. <u>Proposed pretrial order</u>: no later than thirty (30) days after October 4, 2023, or entry of the Court's ruling on any pending motions for summary judgment, whichever is later.

[ECF No. 68.]

3. Kinsale and Venetian resolved their disagreement regarding the scope of the deposition. Nevertheless, they did not initially agree to a new date for the deposition because Venetian and its counsel needed time to confer regarding an appropriate witness and to coordinate dates for the deposition. Over the following weeks, Kinsale's counsel contacted Venetian's counsel several times regarding Venetian's availability for the deposition. Ultimately, Venetian's counsel advised that Venetian was not available for the deposition until after the close of discovery on September 5.

4. On September 1, Kinsale filed an unopposed motion to take Venetian's deposition outside the discovery period. [ECF No. 74.] In the motion, Kinsale advised the Court that the parties were targeting September 18 for the deposition, but Venetian's counsel had not confirmed the date. On September 1, the Court

entered an order granting the motion. [ECF No. 75.]

5. Ultimately, Venetian did not confirm its availability for the deposition until the afternoon of September 14, which left Kinsale only one business day to finish preparing for the deposition on September 18.

6. Although Kinsale ordered an expedited copy of the deposition transcript, the transcript was not delivered until September 22.

7. Undersigned counsel has been working diligently on Kinsale's summary judgment motion. Nevertheless, Kinsale requires and requests a brief 7-day extension of the deadline for summary judgment motions to October 11, 2023.

8. Kinsale respectfully submits there is good cause for granting this motion. Undersigned counsel has been working diligently on Kinsale's summary judgment motion, but nevertheless requires a brief extension of time to review and address Venetian's deposition transcript, which has only been available for four days. Over the last week, undersigned counsel has also grappled with missed time from work because of the flu and several intervening litigation deadlines, including two days of court-ordered mediation on September 26 and 27. Moreover, this motion is not opposed by any party. The requested relief also promotes the just and efficient resolution of this matter without the need for a trial by giving the parties sufficient time to prepare summary judgment motions, especially because discovery closed

only 10 days ago with Kinsale's deposition of Venetian.

9. Under the circumstances, Kinsale respectfully requests an order extending the deadline for summary judgment motions to October 11, 2023. Attached as Exhibit "A" is a proposed order granting this motion.

Respectfully submitted,

/s/ ANDRES CORDOVA
Andres Cordova
Florida Bar No. 0118147
andres.cordova@clydeco.us
*Admitted Pro Hac Vice*

CLYDE & CO US LLP
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
Telephone: (305) 446-2646
Fax: (305) 441-2374
*Counsel for Plaintiff*

/s/ ERIC P. BENEDICT
Eric P. Benedict
Georgia Bar No. 890708
Eric.Benedict@clydeco.us
*Local Counsel*

CLYDE & CO US LLP
271 17th Street NW
Suite 1720
Atlanta, GA 30363
Telephone: (404) 410-3178
*Counsel for Plaintiff*

## LOCAL RULE 7.1(D) CERTIFICATION OF COMPLIANCE

I hereby certify that the foregoing complies with the font and point selections approved by the Court in Local Rule 5.1(B). It is prepared in Times New Roman 14-point font.

/s/ANDRES CORDOVA
ANDRES CORDOVA

## CERTIFICATE OF SERVICE

I CERTIFY that on September 28, 2023, this document was filed via the CM/ECF system. I further certify I am unaware of any non-CM/ECF participants.

/s/ANDRES CORDOVA
ANDRES CORDOVA