## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| MARIE HUGHES, as Administrator of the Estate of GEORGE HUGHES, Deceased, and JEANETTA HUGHES CARTER, IRDEL HUGHES, MARIE HUGHES, and DON HUGHES as Surviving Heirs,<br><br>        Plaintiffs,<br><br>vs.<br><br>VENETIAN HILLS APARTMENTS, LLC and JOHN MAUGHAN,<br><br>        Defendants. | CIVIL ACTION FILE<br>NO. 19A73694 |

### DEFENDANT VENETIAN HILLS APARTMENTS, LLC'S RESPONSE TO PLAINTIFF'S FIRST INTERROGATORIES

COMES NOW Defendant, VENETIAN HILLS APARTMENTS, LLC (hereinafter "Defendant"), and files its Response to Plaintiff's First Interrogatories to Defendant VENETIAN HILLS APARTMENTS, LLC, showing the Court as follows:

### PRELIMINARY STATEMENT

1.     The following Responses are based upon information presently available to Defendant, and which Defendant believes to be correct. These Responses are made without prejudice to its right to utilize subsequently discovered facts.

2.     No incidental or implied admissions of fact by Defendant are made by the Responses below. The only admissions are express admissions. The fact that Defendant has responded to any Interrogatories herein may not be properly taken as an admission that Defendant accepts or admits the existence of any facts set forth or assumed by such Interrogatories, or that such Responses constitute admissible evidence. The fact that Defendant

has responded to part or all of the Interrogatories is not intended to be, and shall not be construed to be, a waiver by Defendant of all or any part of any objections made by Defendant to any Interrogatories.

3.   Defendant reserves the right to supplement these objections and Responses in the event that additional responsive information or documents are located at a later date.

4.   This Preliminary Statement is hereby incorporated by reference into each of the Responses set forth below.

## GENERAL OBJECTIONS

1.   Defendant objects to Plaintiff's First Interrogatories without waiver of, or prejudice to any additional objections Defendant may make.

2.   All such objections are hereby expressly preserved, as is the right to move for a protective order.

3.   Defendant reserves all objections as to the admissibility at trial of any information provided.

4.   The supplying of any information does not constitute an admission by Defendant that such information is relevant in this lawsuit. All information provided by Defendant is for use in this litigation only and for no other purpose.

5.   Defendant and his attorneys object to each and every Interrogatory to the extent that any of the information requested, if any, was obtained and prepared in anticipation of litigation or for trial and Plaintiff has made no showing that he has substantial need for the materials in the preparation of his case and he is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means. Defendant and his attorneys further object to each and every Interrogatory to the extent that the information called for, if any, is privileged and is not discoverable under O.C.G.A. § 9-11-26.

6. Defendant and his attorneys object to each and every Interrogatory to the extent that the information called for, if any, is protected from discovery by the attorney-client privilege.

7. Defendant and his attorneys object to each and every Interrogatory to the extent that it seeks to vary the obligations imposed on Defendant under the Georgia Civil Practice Act.

8. Defendant and his attorneys object to each and every Interrogatory to the extent that it seeks information that is equally available to Plaintiff and the burden on Plaintiff to obtain the requested information is no greater than the burden on Defendant.

9. Defendant and his attorneys object to each and every Interrogatory to the extent that it is overly broad, oppressive, unduly burdensome and expansive and beyond the permissible scope of discovery under the Georgia Civil Practice Act.

10. Defendant and his attorneys object to each and every Interrogatory to the extent it seeks an answer involving an opinion or contention that relates to fact or the application of law to fact before discovery has been completed.

11. Defendant reserves the right to supplement his responses to Plaintiff's Interrogatories upon completion of discovery.

12. Defendant objects to Plaintiff's use of the word "identify" in his Interrogatories because it is multi-part and multiplies the number of Interrogatories to an amount exceeding the amount allowed by the Georgia Civil Practice Act.

## DEFINITIONS

1. "Unduly burdensome" means that the information sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, or that it is unduly burdensome or expensive taking into account the needs of the case, the amount in controversy, limitations on Defendant's resources and the importance of the issues at stake in this litigation.

2.	"Not relevant" means not relevant to the subject matter involved in this action, not admissible in evidence, and/or not reasonably calculated to lead to the discovery of admissible evidence.

3.	"Overly broad" means that the discovery sought includes much more information or many more documents than is reasonably related to the subject matter of the action or likely to lead to the discovery of admissible evidence.

## RESPONSES TO FIRST INTERROGATORIES

1.

State the factual basis for your assertions, if any, that this Court lacks jurisdiction or venue over Defendants, that there has been an insufficiency of process of Plaintiffs' Complaint, and/or that there has been an insufficiency of service.

**RESPONSE:** This Defendant does not make any such assertion.

2.

State the name, address, and relationship to you of each person who prepared or assisted in the preparation of the responses to these interrogatories (do not identify anyone who simply typed or reproduced the responses).

**RESPONSE:** These responses were compiled by John Maughan and his counsel.  Mr. Maughan is the sole member of Venetian Hills Apartments, LLC.

3.

Identify any insurance company which may be liable to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, state the policy number for each such policy, and the limits of liability coverage for each policy of insurance which may be applicable to pay part or all of a judgment rendered versus Defendant.

**RESPONSE:**  A copy of the relevant declarations page will be produced.

4

4.

Identify each person or entity, whether a party to this action or not, known or believed by you to have been negligent or at fault, or who otherwise may be liable in whole or in part for Plaintiffs' alleged damages in connection with the subject incident complained of in this action. As to each person or entity identified, describe the nature of the negligence, fault or liability, and identify supporting facts, evidence, or witnesses.

**RESPONSE:** Defendant identifies Kamara Wheeler, last known to be in Fulton County's custody, as the sole cause of Plaintiff's damages. Ms. Wheeler is allegedly the arsonist who set the fire which led to Mr. Hughes' death.

5.

State the factual basis for each defense or denial raised in your Answer and identify specifically each and every statute, ordinance, regulation, rule, code, or industry standard of any kind which you, your expert, or other witness will rely upon in support of any of your defenses in this lawsuit.

**RESPONSE:** Defendant objects to this Interrogatory insofar as it seeks the thoughts and mental impressions of counsel. Subject to and without waiving the foregoing objections, Defendant states that it is Defendant's belief and understanding that the smoke alarms and fire extinguishers at the subject property were inspected and repaired/replaced as needed less than a month before the subject incident. Defendant identifies Mark Courtemanche as the person who was hired to inspect and repair/replace any and all smoke detectors and fire extinguishers in February of 2017.

6.

Identify the person(s) or entities who owned, managed, controlled, and maintained the building located at 1829 Campbellton Road, SW, Atlanta, Georgia 30311 (hereinafter the "Premises") at the time of the occurrence alleged in the Complaint. If the ownership, management, control, or maintenance changed at any time since said occurrence, please identify every subsequent person or entity.

**RESPONSE:** The premises was owned and managed by Venetian Hills Apartments, LLC.

7.

When did Defendants first anticipate litigation relating to the incident involved in this case?

**RESPONSE:** Defendant does not specifically recall. Defendant is researching this matter and will supplement this response.

8.

State the substance of each conversation or communications you have had at any time with or regarding George Hughes or his heirs.

**RESPONSE:** Defendant objects tot his Interrogatory as overly broad, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant cannot possibly respond with *every conversation* it has had with any person regarding Mr. Hughes or his heirs over the two year period since this incident occurred.

9.

Identify the individual(s) most knowledgeable about:

(a) Defendant Venetian Hills Apartments, LLC's corporate structure and function;

(b) Defendant Venetian Hills Apartments, LLC's corporate "family" relationships (parent, joint venture, sibling, etc.);

(c) Business activities, purposes, functions, and responsibilities of Defendant Venetian Hills Apartments, LLC;

(d) Fire safety measures, equipment and systems at the subject premises;

(e) Training of workers concerning fire hazards; and

(f) Any changes, repairs, or upgrades made or considered to fire prevention practices, equipment and systems at the subject incident within the three (3) years prior to the subject incident.

**RESPONSE:** Defendant identifies John Maughan.

6

10.

Identify all individuals who were employed by Defendant Venetian Hills Apartments, LLC or present at the subject premises at the time of the Subject Incident, including for each individual:

(a) job title;

(b) employer;

(c) entity listed as employer on W2/1099 or other tax documents;

(d) whether he/she witnessed the incident or was involved in the investigation following the incident or gave a statement; and

(e) whether he/she is a current employee of Defendant, and if not, last known contact information.

**RESPONSE:** Defendant identifies Torrey Sumlin as the property manager at the time of the incident. As Defendant understands the facts, Sumlin awoke around 4:30 a.m. on the date of the incident after hearing sirens. Sumlin witnessed the fire and spoke with police and fire officials on the scene. Sumlijn was a 1099 contractor paid by Venetian Hills, LLC.

11.

State whether Defendants have received any complaints or notice of any nature regarding safety concerns at or around the Premises for the five (5) years prior to the incident at issue in this case. If so, please state the substance, dates, and people involved in any such complaints or notice and specify what was done in response to such complaints or notice.

**RESPONSE:** Defendant does not recall any such complaints. Defendant will supplement this response as necessary.

12.

If you are aware of any incidents resulting in personal injuries to others on or around the Premises in the five (5) years prior to the incident at issue in this case, state the nature of the occurrence; the date of the occurrence; the individuals involved; how you became aware of the incident; whether any legal suit arose out of it and the outcome of such claims, if any; and what you did if anything as a result of the occurrence.

7

**RESPONSE:** Defendant objects to this Interrogatory as overly broad and not reasonably calculated to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant states that it is not aware of another fire or arson at the property that caused damages or injuries within a five year period prior to the subject incident.

13.

Describe how you contend the occurrence complained of in this action happened, giving all of the events in detail and in the order in which they occurred, before, at the time of, and after the occurrence, which had any bearing on the cause or manner of the happening of this occurrence.

**RESPONSE:** Defendant states that its understanding is that Kamara Wheeler set a fire to Building I at the property and Mr. Hughes passed away in the fire.

14.

Identify and describe the location and quantity of smoke detectors on the Premises when the fire occurred on March 15, 2017, if any.

**RESPONSE:** Defendant states that every unit at the complex had a smoke detector and fire extinguisher.

15.

Identify and describe the location and quantity of fire alarms on the Premises when the fire occurred on March 15, 2017, if any.

**RESPONSE:** Defendant states that every unit at the complex had a smoke detector and fire extinguisher.

16.

State the names, addresses, telephone numbers, and places of employment of all persons known to you, either from your own investigation or from any investigation made on your behalf:

(a) who may have seen any part of the occurrence complained of; or who may have or claim to have arrived at the scene of the occurrence complained of immediately or shortly after its happening; and

8

(b) who have any knowledge regarding the facts or circumstances surrounding the happening of the incident complained of.

**RESPONSE:** Defendant identifies Torrey Sumlin as well as the Fulton County Fire Department, various law enforcement agencies, and the Fulton County District Attorney's Office.

17.

Identify any expert witnesses you may call, including their specific opinions and bases and qualifications for those opinions.

**RESPONSE:** Defendant has not retained or identified an expert at this time.

18.

As to each statement or report, written, taped, or otherwise, which has been made by any person concerning the occurrence complained of, describe each such statement or report, giving as to each such statement or report the name of the person giving such statement or report, the date of same, and the present location of such statement or report or any copy hereof.

**RESPONSE:** Defendant is aware of affidavits from Cheverly Elliot and Tyshanna Smith.

19.

If you, your attorney, your insurance carrier, or anyone acting on your or their behalf, have or know of any photographs, motion pictures, maps, drawings, diagrams, measurements, surveys, or other descriptions concerning the events and happenings alleged in the Complaint, scene of the incident, the area, or persons involved, as to each such item, please identify or produce such document(s) and state:

(a) what each such item purports to show, illustrate, or represent;

(b) the date it was made or taken and by whom; and

(c) the name and address of the person having custody of such item.

**RESPONSE:** Defendant is not presently aware of any such documents, but Defendant will supplement this response as necessary.

20.

Explain what, if any, safety training or instructions concerning fire hazards Defendants provided, or was supposed to provide, to workers and other individuals present on the premises prior to the Incident.

**RESPONSE:** Defendant did not provide "safety training" or "instructions" to individuals or tenants at the property related to fire safety.

21.

Describe each and every warning that you claim was provided to George Hughes or any invitee regarding any danger associated with the Premises or the surrounding area, including any warnings pertaining to the Subject Incident.

**RESPONSE:** Defendant is not aware of any warnings given to Mr. Hughes related to the possibility that Ms. Wheeler may start a fire.

22.

List each act of negligence, contributory negligence, or comparative negligence Defendants contend George Hughes, or any other person or entity, did or failed to do which in any way contributed to the subject occurrence and/or any of George Hughes' injuries and death.

**RESPONSE:** Defendant is not aware of any negligence on Mr. Hughes' part. Defendant identifies Kamara Wheeler as the individual who, allegedly, intentionally set the building on fire and caused Mr. Hughes' death.

23.

Within the past five years, have Defendants received information or become aware of hazards or fires on the premises? If so, for each such item of information or notice, please state:

(a) the date of the communication; and

(b) the name and address of the person so communicating this information.

**RESPONSE:** No.

10

24.

Do Defendants assert a defense of contributory negligence, comparative negligence, or assumption of the risk? If so, please state:

(a) an explanation of and the facts supporting the defense;

(b) identify witnesses with knowledge of facts relevant to the defense; and

(c) identify any document or evidence relevant to the defense.

**RESPONSE:** Defendant is not aware of any negligence on Mr. Hughes' part. Defendant identifies Kamara Wheeler as the individual who, allegedly, intentionally set the building on fire and caused Mr. Hughes' death.

25.

Identify any persons or entities who had inspected the premises related to fire risk and safety prevention within 5 years prior to and including the date of the incident. Identify any changes made to the premises following, or as a result of, any such inspections.

**RESPONSE:** Defendant objects to this Interrogatory as it is overly broad, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant states that it does not specifically recall who inspected the property over a five-year period prior to this incident; however, Defendant identifies Mark Courtemanche as being hired to inspect the smoke detectors and fire extinguishers in February 2017.

DATED this 28th day of June, 2019.

**HAWKINS PARNELL & YOUNG LLP**

303 Peachtree Street NE
Suite 4000
Atlanta, Georgia 30308-3243
(404) 614-7400
(404) 614-7500 - fax
wfox@hpylaw.com
bgrantham@hpylaw.com

_____
Warner S. Fox
Georgia Bar No. 272654
Bryan M. Grantham
Georgia Bar No.: 884163

11

# IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| MARIE HUGHES, as Administrator of the Estate of GEORGE HUGHES, Deceased, and JEANETTA HUGHES CARTER, IRDEL HUGHES, MARIE HUGHES, and DON HUGHES as Surviving Heirs,<br><br>    Plaintiffs,<br><br>vs.<br><br>VENETIAN HILLS APARTMENTS, LLC and JOHN MAUGHAN,<br><br>    Defendants. | CIVIL ACTION FILE NO. _____ |

## **CERTIFICATE OF SERVICE**

    This is to certify that I have this day served all counsel of record in the foregoing matter with a copy of **DEFENDANT VENETIAN HILLS APARTMENTS, LLC'S RESPONSE TO PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT VENETIAN HILLS APARTMENTS, LLC** by depositing in the United States Mail a copy of same in an envelope with adequate postage thereon, addressed as follows:

Jeff P. Shiver<br>
Shiver Hamilton, LLC<br>
3340 Peachtree Road, Suite 950<br>
Atlanta, GA 30326

    DATED this 28th day of June, 2019.

                                                                   **HAWKINS PARNELL & YOUNG LLP**

303 Peachtree Street NE
Suite 4000
Atlanta, Georgia  30308-3243
(404) 614-7400
(404) 614-7500 - fax
wfox@hpylaw.com
bgrantham@hpylaw.com

                                           /s/ Bryan M. Grantham
                                           _____
                                           Warner S. Fox
                                           Georgia Bar No. 272654
                                           Bryan M. Grantham
                                           Georgia Bar No.:  884163
                                           *Attorneys for Defendants*