IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MARIE HUGHES, as Administrator of the Estate of GEORGE HUGHES, Deceased, and JEANETTA HUGHES CARTER, IRDEL HUGHES, MARIE HUGHES, and DON HUGHES as Surviving Heirs,<br><br>Plaintiffs,<br><br>vs.<br><br>VENETIAN HILLS APARTMENTS, LLC and JOHN MAUGHAN,<br><br>Defendants. | CIVIL ACTION FILE<br>NO. 19A73694 |

**DEFENDANT VENETIAN HILLS APARTMENTS, LLC'S
SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST INTERROGATORIES**

COMES NOW Defendant, VENETIAN HILLS APARTMENTS, LLC (hereinafter "Defendant"), and files its Response to Plaintiff's First Interrogatories to Defendant VENETIAN HILLS APARTMENTS, LLC, showing the Court as follows:

**PRELIMINARY STATEMENT**

1. The following Responses are based upon information presently available to Defendant, and which Defendant believes to be correct. These Responses are made without prejudice to its right to utilize subsequently discovered facts.

2. No incidental or implied admissions of fact by Defendant are made by the Responses below. The only admissions are express admissions. The fact that Defendant has responded to any Interrogatories herein may not be properly taken as an admission that Defendant accepts or admits the existence of any facts set forth or assumed by such Interrogatories, or that such Responses constitute admissible evidence. The fact that Defendant

has responded to part or all of the Interrogatories is not intended to be, and shall not be construed to be, a waiver by Defendant of all or any part of any objections made by Defendant to any Interrogatories.

3. Defendant reserves the right to supplement these objections and Responses in the event that additional responsive information or documents are located at a later date.

4. This Preliminary Statement is hereby incorporated by reference into each of the Responses set forth below.

## GENERAL OBJECTIONS

1. Defendant objects to Plaintiff's First Interrogatories without waiver of, or prejudice to any additional objections Defendant may make.

2. All such objections are hereby expressly preserved, as is the right to move for a protective order.

3. Defendant reserves all objections as to the admissibility at trial of any information provided.

4. The supplying of any information does not constitute an admission by Defendant that such information is relevant in this lawsuit. All information provided by Defendant is for use in this litigation only and for no other purpose.

5. Defendant and his attorneys object to each and every Interrogatory to the extent that any of the information requested, if any, was obtained and prepared in anticipation of litigation or for trial and Plaintiff has made no showing that he has substantial need for the materials in the preparation of his case and he is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means. Defendant and his attorneys further object to each and every Interrogatory to the extent that the information called for, if any, is privileged and is not discoverable under O.C.G.A. § 9-11-26.

2

6. Defendant and his attorneys object to each and every Interrogatory to the extent that the information called for, if any, is protected from discovery by the attorney-client privilege.

7. Defendant and his attorneys object to each and every Interrogatory to the extent that it seeks to vary the obligations imposed on Defendant under the Georgia Civil Practice Act.

8. Defendant and his attorneys object to each and every Interrogatory to the extent that it seeks information that is equally available to Plaintiff and the burden on Plaintiff to obtain the requested information is no greater than the burden on Defendant.

9. Defendant and his attorneys object to each and every Interrogatory to the extent that it is overly broad, oppressive, unduly burdensome and expansive and beyond the permissible scope of discovery under the Georgia Civil Practice Act.

10. Defendant and his attorneys object to each and every Interrogatory to the extent it seeks an answer involving an opinion or contention that relates to fact or the application of law to fact before discovery has been completed.

11. Defendant reserves the right to supplement his responses to Plaintiff's Interrogatories upon completion of discovery.

12. Defendant objects to Plaintiff's use of the word "identify" in his Interrogatories because it is multi-part and multiplies the number of Interrogatories to an amount exceeding the amount allowed by the Georgia Civil Practice Act.

## **DEFINITIONS**

1. "Unduly burdensome" means that the information sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, or that it is unduly burdensome or expensive taking into account the needs of the case, the amount in controversy, limitations on Defendant's resources and the importance of the issues at stake in this litigation.

2.  "Not relevant" means not relevant to the subject matter involved in this action, not admissible in evidence, and/or not reasonably calculated to lead to the discovery of admissible evidence.

3.  "Overly broad" means that the discovery sought includes much more information or many more documents than is reasonably related to the subject matter of the action or likely to lead to the discovery of admissible evidence.

## RESPONSES TO FIRST INTERROGATORIES

5.

State the factual basis for each defense or denial raised in your Answer and identify specifically each and every statute, ordinance, regulation, rule, code, or industry standard of any kind which you, your expert, or other witness will rely upon in support of any of your defenses in this lawsuit.

**RESPONSE:** Defendant objects to this Interrogatory insofar as it seeks the thoughts and mental impressions of counsel. Subject to and without waiving the foregoing objections, Defendant states that it is Defendant's belief and understanding that the smoke alarms and fire extinguishers at the subject property were inspected and repaired/replaced as needed less than a month before the subject incident. Defendant identifies Mark Courtemanche as the person who was hired to inspect and repair/replace any and all smoke detectors and fire extinguishers in February of 2017.

**SUPPLEMENTAL RESPONSE:** Mr. Courtemanche's last known contact information is 678-457-4321 and his last known address is 3005 Brierfield Lake, Alpharetta, Georgia 3004. Defendant also identifies Art Robinson as a potential witness. Mr. Robinson was the manager at the property for a ten-year period, ending in February of 2017. Mr. Robinson's last known contact information is 404-468-1615.

7.

When did Defendants first anticipate litigation relating to the incident involved in this case?

4

**RESPONSE:** Defendant does not specifically recall. Defendant is researching this matter and will supplement this response.

**SUPPLEMENTAL RESPONSE:** Defendant first received a letter on or about January 28, 2019 from opposing counsel regarding a potential claim by the estate of Mr. Hughes.

8.

State the substance of each conversation or communications you have had at any time with or regarding George Hughes or his heirs.

**RESPONSE:** Defendant objects to his Interrogatory as overly broad, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant cannot possibly respond with *every conversation* it has had with any person regarding Mr. Hughes or his heirs over the two year period since this incident occurred.

**SUPPLEMENTAL RESPOSNE:** This Defendant states that the single member of the LLC, John Maughan, does not recall any conversations with Mr. Hughes. The current site manager at the property, Veronica Cortez, has not had any conversations with Mr. Hughes or his family. Defendant cannot say whether former contractors who worked for it had communications with Mr. Hughes or his family.

12.

If you are aware of any incidents resulting in personal injuries to others on or around the Premises in the five (5) years prior to the incident at issue in this case, state the nature of the occurrence; the date of the occurrence; the individuals involved; how you became aware of the incident; whether any legal suit arose out of it and the outcome of such claims, if any; and what you did if anything as a result of the occurrence.

**RESPONSE:** Defendant objects to this Interrogatory as overly broad and not reasonably calculated to the discovery of admissible evidence. Subject to and without waiving the foregoing

5

objections, Defendant states that it is not aware of another fire or arson at the property that caused damages or injuries within a five year period prior to the subject incident.

**SUPPLEMENTAL RESPONSE**: Defendant identifies a murder on the premises which took place on or about February 19, 2015 in unit E-14. Defendant became aware of the incident shortly thereafter, and the cameras at the premises were used to apprehend the assailant. Defendant states that there was not a lawsuit filed and that an out of court settlement was reached. Defendant also identifies the lawsuit filed by Shequondria Boykin that is related to this same incident. Suit was filed, and the claim was settled.

13.

Describe how you contend the occurrence complained of in this action happened, giving all of the events in detail and in the order in which they occurred, before, at the time of, and after the occurrence, which had any bearing on the cause or manner of the happening of this occurrence.

**RESPONSE:** Defendant states that his understanding is that Kamara Wheeler set a fire to Building I at the property and Mr. Hughes passed away in the fire.

**SUPPLEMENTAL RESPONSE:** Upon further investigation, Ms. Wheeler was invited to the property and the apartment by one of Mr. Hughes co-tenants. At some point, Ms. Wheeler found herself isolated in a closet. In an attempt to escape the situation, Ms. Wheeler lit an article of clothing on fire. This act started the fire which took Mr. Hughes' life.

14.

Identify and describe the location and quantity of smoke detectors on the Premises when the fire occurred on March 15, 2017, if any.

6

**RESPONSE:** Defendant states that every unit at the complex had a smoke detector and fire extinguisher.

**SUPPLEMENTAL RESPONSE:** The smoke detectors are generally located at the top of the stairs in each unit.

15.

Identify and describe the location and quantity of fire alarms on the Premises when the fire occurred on March 15, 2017, if any.

**RESPONSE:** Defendant states that every unit at the complex had a smoke detector and fire extinguisher.

**SUPPLEMENTAL RESPONSE:** There were no external fire alarms at the premises on March 15, 2017 nor are there any currently.

DATED this 11th day of July, 2019.

303 Peachtree Street NE
Suite 4000
Atlanta, Georgia  30308-3243
(404) 614-7400
(404) 614-7500 - fax
wfox@hpylaw.com
bgrantham@hpylaw.com

**HAWKINS PARNELL & YOUNG LLP**

_____
Warner S. Fox
Georgia Bar No. 272654
Bryan M. Grantham
Georgia Bar No.:  884163

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MARIE HUGHES, as Administrator of the Estate of GEORGE HUGHES, Deceased, and JEANETTA HUGHES CARTER, IRDEL HUGHES, MARIE HUGHES, and DON HUGHES as Surviving Heirs,<br><br>    Plaintiffs,<br><br>vs.<br><br>VENETIAN HILLS APARTMENTS, LLC and JOHN MAUGHAN,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 19A73694 |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all counsel of record in the foregoing matter with a copy of **DEFENDANT VENETIAN HILLS APARTMENTS, LLC'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT VENETIAN HILLS APARTMENTS, LLC** by depositing in the United States Mail a copy of same in an envelope with adequate postage thereon, addressed as follows:

Jeff P. Shiver
Shiver Hamilton, LLC
3340 Peachtree Road, Suite 950
Atlanta, GA 30326

DATED this 11th day of July, 2019.

HAWKINS PARNELL & YOUNG LLP

303 Peachtree Street NE
Suite 4000
Atlanta, Georgia  30308-3243
(404) 614-7400
(404) 614-7500 - fax
wfox@hpylaw.com
bgrantham@hpylaw.com

_____
Warner S. Fox
Georgia Bar No. 272654
Bryan M. Grantham
Georgia Bar No.:  884163
*Attorneys for Defendants*

8

iManage 12685097v.1