**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

MARIE HUGHES, as Administrator of the Estate of GEORGE HUGHES, Deceased, and JEANETTA HUGHES CARTER, IRDEL HUGHES, MARIE HUGHES, and DON HUGHES as Surviving Heirs,

Plaintiffs,

vs.

VENETIAN HILLS APARTMENTS, LLC and JOHN MAUGHAN,

Defendants.

CIVIL ACTION FILE NO. 19A73694

**DEFENDANT VENETIAN HILLS APARTMENTS, LLC'S RESPONSE TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION**

COMES NOW Defendant, VENETIAN HILLS APARTMENTS, LLC (hereinafter "Defendant"), and files its Response to Plaintiff's First Requests for Admissions to Defendant VENETIAN HILLS APARTMENTS, LLC, showing the Court as follows:

**PRELIMINARY STATEMENT**

1. The following Responses are based upon information presently available to Defendant, and which Defendant believes to be correct. These Responses are made without prejudice to its right to utilize subsequently discovered facts.

2. No incidental or implied admissions of fact by Defendant are made by the Responses below. The only admissions are express admissions. The fact that Defendant has responded to any Requests herein may not be properly taken as an admission that Defendant accepts or admits the existence of any facts set forth or assumed by such Requests, or that such Responses constitute admissible evidence. The fact that Defendant has responded to part or all

of the Requests is not intended to be, and shall not be construed to be, a waiver by Defendant of all or any part of any objections made by Defendant to any Requests.

3. Defendant reserves the right to supplement these objections and Responses in the event that additional responsive information or documents are located at a later date.

4. This Preliminary Statement is hereby incorporated by reference into each of the Responses set forth below.

**GENERAL OBJECTIONS**

1. Defendant objects to Plaintiff's First Requests for Admission without waiver of, or prejudice to any additional objections Defendant may make.

2. All such objections are hereby expressly preserved, as is the right to move for a protective order.

3. Defendant reserves all objections as to the admissibility at trial of any information provided.

4. The supplying of any information does not constitute an admission by Defendant that such information is relevant in this lawsuit. All information provided by Defendant is for use in this litigation only and for no other purpose.

5. Defendant and his attorneys object to each and every Request to the extent that any of the information requested, if any, was obtained and prepared in anticipation of litigation or for trial and Plaintiff has made no showing that he has substantial need for the materials in the preparation of his case and he is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means. Defendant and his attorneys further object to each and every Request to the extent that the information called for, if any, is privileged and is not discoverable under O.C.G.A. § 9-11-26.

6. Defendant and his attorneys object to each and every Request to the extent that the information called for, if any, is protected from discovery by the attorney-client privilege.

7. Defendant and his attorneys object to each and every Request to the extent that it seeks to vary the obligations imposed on Defendant under the Georgia Civil Practice Act.

8. Defendant and his attorneys object to each and every Request to the extent that it seeks information that is equally available to Plaintiff and the burden on Plaintiff to obtain the requested information is no greater than the burden on Defendant.

9. Defendant and his attorneys object to each and every Request to the extent that it is overly broad, oppressive, unduly burdensome and expansive and beyond the permissible scope of discovery under the Georgia Civil Practice Act.

10. Defendant and his attorneys object to each and every Request to the extent it seeks an answer involving an opinion or contention that relates to fact or the application of law to fact before discovery has been completed.

11. Defendant reserves the right to supplement his responses to Plaintiff's Requests upon completion of discovery.

12. Defendant objects to Plaintiff's use of the word "identify" in his Requests because it is multi-part and multiplies the number of Requests to an amount exceeding the amount allowed by the Georgia Civil Practice Act.

**DEFINITIONS**

1. "Unduly burdensome" means that the information sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, or that it is unduly burdensome or expensive taking into account the needs of the case, the amount in controversy, limitations on Defendant's resources and the importance of the issues at stake in this litigation.

2. "Not relevant" means not relevant to the subject matter involved in this action, not admissible in evidence, and/or not reasonably calculated to lead to the discovery of admissible evidence.

3. "Overly broad" means that the discovery sought includes much more information or many more documents than is reasonably related to the subject matter of the action or likely to lead to the discovery of admissible evidence.

**RESPONSES TO REQUESTS FOR ADMISSION**

1.

You have been correctly named.

**RESPONSE:** Admitted.

2.

You have been properly served as a party Defendant.

**RESPONSE:** Admitted.

3.

Process is sufficient with regard to you in this case.

**RESPONSE:** Admitted.

4.

Service of process is sufficient with regard to you in this case.

**RESPONSE:** Admitted.

5.

DeKalb County State Court has jurisdiction over the subject matter of this case.

**RESPONSE:** Admitted.

6.

DeKalb County State Court has personal jurisdiction over you as a party Defendant in this case.

**RESPONSE:** Admitted.

7.

Venue is proper in DeKalb County, Georgia.

**RESPONSE:** Admitted.

8.

The incident referred to in Plaintiffs' Complaint occurred on March 15, 2017 at 1829 Campbellton Road, SW, Atlanta, Georgia 30311.

**RESPONSE:** Defendant admits that a fire which took the life of Mr. Hughes occurred on that date at that location. Defendant denies that it contributed to or otherwise caused the incident as described in the complaint. In an abundance of caution, the balance of this Request is denied.

9.

Plaintiffs have not failed to join an indispensable party in this action.

**RESPONSE:** Denied. Plaintiffs' damages, if any, were caused by Kamara Wheeler.

10.

You do not blame any non-party for the incident or allegations of negligence.

**RESPONSE:** Denied. Plaintiffs' damages, if any, were caused by Kamara Wheeler.

11.

George Hughes was not negligent in the incident complained of in Plaintiffs' Complaint.

**RESPONSE:** Defendant has made reasonable inquiry and the information known or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this Request.

12.

Defendant is a "for-profit" business entity.

**RESPONSE:** Admitted.

13.

Defendant owns the premises located at 1829 Campbellton Road, SW, Atlanta, Georgia 30311.

**RESPONSE:** Admitted.

14.

Defendant manages the premises located at 1829 Campbellton Road, SW, Atlanta, Georgia 30311.

**RESPONSE:** Admitted.

15.

Defendant failed to maintain a properly functioning smoke detector in George Hughes' living unit on the date of the Incident.

**RESPONSE:** Denied.

16.

Defendant failed to maintain a properly functioning fire alarm at the premises located at 1829 Campbellton Road, SW, Atlanta, Georgia 30311 on the date of the Incident.

**RESPONSE:** Denied.

17.

Defendant failed to furnish its invitees with a safe residence by allowing an uncontrolled fire to spread throughout the apartment without properly functioning smoke detectors or fire alarms.

**RESPONSE:** Denied.

18.

Defendant failed to properly train workers to recognize known fire hazards and safety measures to protect or warn invitees in the event of a fire.

**RESPONSE:** Denied.

19.

Defendant failed to implement a safety program that would reduce the dangers and hazards to invitees in the event of a fire.

**RESPONSE:** Denied.

20.

George Hughes was an invitee on the date of the incident.

**RESPONSE:** Admitted.

21.

Defendant Venetian Hills Apartments, LLC is liable for injuries and wrongful death to George Hughes as a result of the fire on March 15, 2017 at the subject premises.

**RESPONSE:** Denied.

DATED this 28th day of June, 2019.

**HAWKINS PARNELL & YOUNG LLP**

303 Peachtree Street NE
Suite 4000
Atlanta, Georgia 30308-3243
(404) 614-7400
(404) 614-7500 - fax
wfox@hpylaw.com
bgrantham@hpylaw.com

Warner S. Fox
Georgia Bar No. 272654
Bryan M. Grantham
Georgia Bar No.: 884163
*Attorneys for Defendants*

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

MARIE HUGHES, as Administrator of the Estate of GEORGE HUGHES, Deceased, and JEANETTA HUGHES CARTER, IRDEL HUGHES, MARIE HUGHES, and DON HUGHES as Surviving Heirs,

Plaintiffs,

vs.

VENETIAN HILLS APARTMENTS, LLC and JOHN MAUGHAN,

Defendants.

CIVIL ACTION FILE NO. 19A73694

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served all counsel of record in the foregoing matter with a copy of **DEFENDANT VENETIAN HILLS APARTMENTS, LLC's RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT VENETIAN HILLS APARTMENTS, LLC** by depositing in the United States Mail a copy of same in an envelope with adequate postage thereon, addressed as follows:

Jeff P. Shiver
Shiver Hamilton, LLC
3340 Peachtree Road, Suite 950
Atlanta, GA 30326

DATED this 28th day of June, 2019.

**HAWKINS PARNELL & YOUNG LLP**

303 Peachtree Street NE
Suite 4000
Atlanta, Georgia 30308-3243
(404) 614-7400
(404) 614-7500 - fax
wfox@hpylaw.com
bgrantham@hpylaw.com

Warner S. Fox
Georgia Bar No. 272654
Bryan M. Grantham
Georgia Bar No.: 884163
*Attorneys for Defendants*