**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| MARIE HUGHES, as Administrator of the Estate of GEORGE HUGHES, Deceased, and JEANETTA HUGHES CARTER, IRDEL HUGHES, MARIE HUGHES, and DON HUGHES as Surviving Heirs, | CIVIL ACTION FILE NO. 19A73694 |
| Plaintiffs, | |
| vs. | |
| VENETIAN HILLS APARTMENTS, LLC, | |
| Defendant. | |

**DEFENDANT'S RENEWED MOTION TO ALLOW APPORTIONMENT AGAINST A NON-PARTY**

Under the version of O.C.G.A. § 51-12-33(b) which is applicable to the time in which this case was filed, a Defendant was allowed to apportion fault against a non-party as long as the action was *brought against* more than one Defendant. Because this case, at the time of filing, was *brought against* more than one Defendant, Defendant Venetian Hills Apartments, LLC should be able to request that the jury apportion fault to a non-party during the trial of this case.[1]

**RELEVANT FACTS**

1. This action was filed by Plaintiffs on March 12, 2019. The initial complaint was brought against two Defendants: Venetian Hills Apartments, LLC and John Maughan.

---

[1] This Court previously ruled, on May 24, 2022, that apportionment was not allowed based on the Alston & Bird LLP v. Hatcher Management Holdings, LLC, 312 Ga. App. 350 (2021) case; however, at that time, the Carmichael v. CVS, 2023 Ga. LEXIS 141 (June 29, 2023) case had not yet been decided by the Supreme Court. The Carmichael court declined to reach the issue of whether apportionment is allowed (or not) in cases situated such as the present one is; therefore, Defendants contend that the law on this issue is unsettled.

1

STATE COURT OF
DEKALB COUNTY, GA.
8/18/2023 11:20 AM
E-FILED
BY: Kelly M Johnson

2.  Defendants timely answered the Complaint on April 8, 2019.

3.  On July 8, 2019, Defendants filed their notice of intent to apportion damages against Kamara Wheeler, the person who had been accused of the arson which took George Hughes' life.  Ms. Wheeler has since been convicted of voluntary manslaughter as to Mr. Hughes and is serving a prison sentence for same.

4.  Defendant John Maughan filed his motion for summary judgment on November 23, 2020.  A hearing was held on the motion on April 14, 2021.

5.  Defendant Maughan's Motion was granted by this Court on August 5, 2021, and the order was served electronically on the parties on August 6, 2021.

6.  On August 10, 2021, the Georgia Supreme Court ruled in <u>Alston & Bird LLP v. Hatcher Management Holdings, LLC</u>, 312 Ga. App. 350 (2021) that apportionment via O.C.G.A. § 51-12-33(b) *only* applies "in cases 'brought against more than one person'" and not cases *brought* against a single defendant.

7.  Earlier this year, the Supreme Court had an opportunity to re-visit the <u>Alston & Bird</u> case and to clear up whether the "brought against" language in § 51-12-33(b) applied to the time of the filing of the complaint or the time of trial.  The Court declined to bring clarity to that issue.  The Court decided the apportionment issue in that case on other grounds.  In footnote 16 of <u>Carmichael v. CVS</u>, 2023 Ga. LEXIS 141 (June 29, 2023) the Court noted:

Because of our holding here, we need not reach the issue of whether apportionment to a nonparty would even have been permitted under the version of OCGA § 51-12-33(b) in effect at the time of trial, which was limited in application to cases "[w]here an action [was] brought against more than one person for injury to person or property." O.C.G.A. § 51-12-33(b) (2019); *see* <u>Alston & Bird LLP v. Hatcher Management Holdings, LLC,</u> 312 Ga. App. 350, 351 (2021) (prior version of O.C.G.A. § 51-12-33(b) not applicable in single-defendant lawsuits). Here, although more than one defendant was initially named, only one defendant

2

remained at the time of trial; whether O.C.G.A. § 51-12-33(b) would have applied under these circumstances remains an open question.

Thus, in the present case, whether Defendant Venetian Hills may apportion fault to Ms. Wheeler "remains an open question" that the parties need resolved by this Court. Defendants submit that "brought against," under Georgia law should mean at the time of the filing of the Complaint and not the time of trial such that apportionment should be allowed under these circumstances.

### Defendant Should Still be Able to Apportion Damages Against Ms. Wheeler Because This Case was *Brought* Against More Than One Person.

The Georgia apportionment statute relevant here is O.C.G.A. § 51-12-33(b) and holds:

> Where an action is **brought against more than one person** for injury to person or property, the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall after a reduction of damages pursuant to subsection (a) of this Code section, if any, apportion its award of damages among the persons who are liable according to the percentage of fault of each person. Damages apportioned by the trier of fact as provided in this Code section shall be the liability of each person against whom they are awarded, shall not be a joint liability among the persons liable, and shall not be subject to any right of contribution. [Emphasis added].

Subsection (c) then requires the trier of fact to "consider the fault of all persons or entities who contributed to the alleged injury or damages, regardless of whether the person or entity was, or could have been, named as a party to the suit."

The Georgia Supreme Court has now ruled that, in cases *brought* against only one defendant that apportionment under the old version of O.C.G.A. § 51-12-33(b) is not available. The Court had the opportunity to clarify, in Carmichael, whether "brought against" meant at the time of trial or at the time the complaint was filed. Instead, the Supreme Court left that as an "open issue" for trial courts such as this one to resolve. What is clear, at this point, is that the law is unclear.

The Alston & Bird case was never "brought against more than one person" and thus is distinguishable from this matter. Essentially, in May 2012, the plaintiff in that case "filed [suit]

3

against Alston & Bird for legal malpractice and breach of fiduciary duty." <u>Alston & Bird LLP v.</u>

<u>Hatcher Management Holdings, LLC</u>, 355 Ga. App. 525, 528 (2020).  The law firm-defendant was

from the beginning of the case the only defendant named in the complaint.  The present case, by

contrast, was a multi-defendant case that was "brought against more than one person."  Simply by

considering the plain language of "brought," it is inconceivable that John Maughan would never

say that suit was "brought against" him.  He was named in a suit, he was served with papers, and

he had to litigate the facts and law of the case until he was granted summary judgment in August

of 2021.  This case was absolutely "brought" against more than one defendant at the time of filing

and at the time that the apportionment notice was filed.

Defendant puts forward that the plain language of the former version of O.C.G.A. § 51-12-

33 supports its position that apportionment of damages should be allowed against Ms. Wheeler

and that a judgment against Defendant, if any, should be reduced by the amount of fault which the

jury places upon Ms. Wheeler.

DATED this 18th day of August, 2023.

**HAWKINS PARNELL & YOUNG LLP**

303 Peachtree Street NE
Suite 4000
Atlanta, Georgia  30308-3243
(404) 614-7400
(404) 614-7500 - fax
bgrantham@hpylaw.com

_____
Bryan M. Grantham
Georgia Bar No.:  884163
*Attorneys for Defendant*

STATE COURT OF
DEKALB COUNTY, GA.
8/18/2023 11:20 AM
E-FILED
BY: Kelly Johnson

4

**IN THE STATE COURT OF DEKALB COUNTY**

**STATE OF GEORGIA**

| | |
|---|---|
| MARIE HUGHES, as Administrator of the Estate of GEORGE HUGHES, Deceased, and JEANETTA HUGHES CARTER, IRDEL HUGHES, MARIE HUGHES, and DON HUGHES as Surviving Heirs, | CIVIL ACTION FILE NO. 19A73694 |
| Plaintiffs, | |
| vs. | |
| VENETIAN HILLS APARTMENTS, LLC, | |
| Defendant. | |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served all counsel of record in the foregoing matter with a copy of **DEFENDANT'S RENEWED MOTION TO ALLOW APPORTIONMENT AGAINST A NON-PARTY** by depositing in the United States Mail a copy of same in an envelope with adequate postage thereon, addressed as follows:

| | |
|---|---|
| Jeff P. Shiver | Matthew G. Moffett, Esq. |
| Shiver Hamilton, LLC | Gray, Rust, St. Amand, Moffett & Brieske, |
| One Securities Centre, | LLP |
| 3490 Piedmont Rd NE Suite 640 | 950 East Paces Ferry Road |
| Atlanta, GA 30305 | Suite 1700 |
| | Atlanta, Georgia 30326 |

DATED this 18th day of August, 2023.

HAWKINS PARNELL & YOUNG LLP

303 Peachtree Street NE
Suite 4000
Atlanta, Georgia  30308-3243
(404) 614-7400
(404) 614-7500 - fax
bgrantham@hpylaw.com

_____
Bryan M. Grantham
Georgia Bar No.:  884163
*Attorneys for Defendant*

5