# EXHIBIT "B"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| KINSALE INSURANCE COMPANY,   ) | |
| ) | |
|     Plaintiff,               ) | CIVIL ACTION FILE NO: |
| ) | 1:21-cv-03214-LMM |
| v.                      ) | |
| ) | **DISPOSITIVE MOTION** |
| VENETIAN HILLS APARTMENTS,   ) | |
| LLC, JOHN MAUGHAN, and MARIE   ) | |
| HUGHES, as Authorized         ) | |
| Administrator for the Estate of     ) | |
| GEORGE HUGHES,           ) | |
| ) | |
|     Defendants. | |

## KINSALE INSURANCE COMPANY'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR FINAL SUMMARY JUDGMENT

KINSALE INSURANCE COMPANY ("Kinsale"), pursuant to Fed.

R. Civ. P. 56 and LR 56, NDGa., files this statement in support of its motion

for final summary judgment against VENETIAN HILLS APARTMENTS,

LLC ("Venetian") and MARIE HUGHES, as Authorized Administrator for

the Estate of GEORGE HUGHES ("Estate"), and in support states:

<u>**STATEMENT OF UNDISPUTED MATERIAL FACTS**</u>

**The Underlying Lawsuit**

1.      On March 12, 2019, the Estate filed suit against Venetian and John Maugham in an action styled: *Marie Hughes, as Administrator of the Estate of George Hughes, et al. vs. Venetian Hills Apartments, LLC, et al.*, Case No. 19A73694, Dekalb County, Georgia ("Underlying Lawsuit").[1]

2.      On June 18, 2019, the Estate filed its operative, amended complaint ("Underlying Complaint"). [Underlying Complaint, Dkt. No. 1-5.]

3.      According to the Underlying Complaint, on March 15, 2017 George Hughes was killed by a fire at the Venetian Hills Apartments complex ("Premises"). [Underlying Complaint, Dkt. No. 1-5, at 1; *see also* Autopsy Report, Dkt. No. 1-1, at 1-2.]

4.      Hughes was a tenant of the Premises at the time of his death. [Underlying Complaint, Dkt. No. 1-5, at 1; Transcript of Maughan Deposition in Underlying Lawsuit on December 18, 2019, Dkt. No. 81-1, at

---

[1] Kinsale is contemptuously filing a motion for judicial notice of the Underlying Lawsuit and its filings.

48:3-11, 49:22-50:8; Transcript of Venetian Deposition in Underlying Lawsuit on July 30, 2020, Dkt. No. 81-2, at 18:13-23.]

5.      Venetian allegedly failed to maintain the Premises in a safe condition by "not hav[ing] proper fire detection and fire suppression equipment, required by applicable codes and regulations." [Underlying Complaint, Dkt. No. 1-5, at 1; Hughes Initial Disclosures in Instant Action, Dkt. No. 33, at 3-6; Transcript of Venetian Deposition on September 18, 2023, Dkt. No. 81-3, at 12:1-7.]

6.      The crux of the Underlying Complaint is that Venetian is liable at common-law and under O.C.G.A. § 44−7-13 and O.C.G.A. § 51-3-1 by "not hav[ing] proper fire detection and fire suppression equipment, required by applicable codes and regulations." [Underlying Complaint, Dkt. No. 1-5, at 1.][2]

7.      The Underlying Complaint also alleges negligence per se in the following ways:

a)      Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the Premises safe;

b)      Violation of O.C.G.A. § 44−7-13;

---

[2] John Maugham was dropped as a defendant.

c)      In failing to properly inspect and maintain the Premises;

d)      In failing to provide adequate safety measures;

e)      In failing to warn of the latent dangers on the Premises;

f)      In failing to abide by the relevant building code standards pertaining to the installation and maintenance of smoke detectors and/or fire alarms;

g)      In failing to properly train and supervise its employees in regard to the maintenance and safety of the Premises; and

h)      In failing to properly retain, entrust, hire, train, and supervise said employees.

[Underlying Complaint, Dkt. No. 1-5, at 6-7.]

8.      Since February 14, 2019, Kinsale has been defending Venetian under a complete reservation of rights. [Kinsale Complaint, Dkt. No. 1, at 6; Venetian Answer to Kinsale Complaint, Dkt. No. 12, at 10; Declaration of Kinsale Claims Counsel, Michael G. Matheson, Dkt. No. 81-4, at 3; Kinsale First Reservation of Rights Letter, Dkt. No. 81-5.]

**The Fire Was Caused By Arson**

9.      On March 18, 2017, Kamara Wheeler was arrested for arson for causing the fire that killed Hughes. [Kinsale Complaint, Dkt. No. 1, at 4; Venetian Answer to Kinsale Complaint, Dkt. No. 12, at 8; Hughes Answer to Kinsale Complaint, Dkt. No. 24, at 7.]

10.     On July 14, 2017, the State of Georgia filed a criminal indictment against Wheeler for murder, felony murder, and four counts of arson in a criminal action styled: *The State of Georgia vs Kamara Wheeler*, Case No. 17SC153114, in the Superior Court of Fulton County, Georgia ("Criminal Action"). [Indictment, Dkt. No. 1-2; Kinsale Complaint, Dkt. No. 1, at 4; Venetian Answer to Kinsale Complaint, Dkt. No. 12, at 8; Hughes Answer to Kinsale Complaint, Dkt. No. 24, at 7.][3]

11.     On March 31, 2021, Wheeler pled guilty to voluntary manslaughter under O.C.G.A. § 16-5-2 and also pled guilty to four counts of arson under O.C.G.A. § 16-7-60. [Guilty Plea Final Disposition Form in Criminal Action, Dkt. No. 81-6; Kinsale Complaint, Dkt. No. 1, at 4-5; Venetian Answer to Kinsale Complaint, Dkt. No. 12, at 8; Hughes Answer to Kinsale Complaint, Dkt. No. 24, at 8.] Wheeler was sentenced to 25 years in prison. [Guilty Plea Final Disposition Form in Criminal Action, Dkt. No. 81-6.] As a condition of probation, she was also ordered to complete an arson program. [Guilty Plea Final Disposition Form in Criminal Action, Dkt. No. 81-6.]

---

[3] Kinsale is contemptuously filing a motion for judicial notice of the Criminal Action and its filings.

12.    During the guilty plea proceeding, the court in the Criminal Action specifically found "there to be a factual basis for the plea in each of these indictments[.]" [Transcript of Wheeler Guilty Plea Proceeding, Dkt. No. 81-7, at 23:19-23.]

**Wheeler Intentionally Started The Fire**

13.    Wheeler testified she intentionally started the fire. [Transcript of Wheeler Deposition in Underlying Lawsuit, Dkt. No. 81-8, at 16:2-5, 16:12-14; 25:4-24.]

14.    Venetian agrees the fire was an act of arson by Wheeler. [Transcript of Maughan Deposition in Underlying Lawsuit on December 18, 2019, Dkt. No. 81-1, at 20:5-17; Venetian Response to First Set of Interrogatories in Underlying Lawsuit, Dkt. No. 81-9, at 5, 8, 10, 11; Venetian Supplemental Response to First Set of Interrogatories in Underlying Lawsuit, Dkt. No. 81-10, at 6; Maughan Response to First Set of Interrogatories in Underlying Lawsuit, Dkt. No. 81-11, at 5, 8, 10, 11; Maughan Supplemental Response to First Set of Interrogatories in Underlying Lawsuit, Dkt. No. 81-12, at 6; Venetian Response to First Request for Admissions in Underlying Lawsuit, Dkt. No. 81-13, at 5.] Indeed, one of Venetian's principal defenses is the jury should apportion fault to Wheeler

as a non-party because she intentionally started the fire. [Venetian Notice of Intent to Apportion Damages to Wheeler in the Underlying Lawsuit, Dkt. No. 81-14, at 1-2; Venetian Motion for Apportionment Ruling in the Underlying Lawsuit, Dkt. No. 81-15; Venetian Renewed Motion to Allow Apportionment Against Wheeler in the Underlying Lawsuit, Dkt. No. 81-16.]

15.    Venetian testified Wheeler intentionally started the Fire. [Transcript of Venetian Deposition in Instant Action on September 18, 2023, Dkt. No. 81-3, at 13:4-13, 13:21-14:3.]

**The Policy**

16.    Venetian purchased a new, surplus lines commercial general liability policy from Kinsale, bearing Policy No. 0100040031-0 and effective from 06/22/2016 to 06/22/2017 ("Policy"). [Policy, Dkt. No. 1-6; Kinsale Complaint, Dkt. No. 1, at 6; Venetian Answer, Dkt. No. 12, at 11; Hughes Answer, Dkt. No. 24, at 10.]

17.    The Policy includes a Failure to Maintain Exclusion. [Policy, Dkt. No. 1-6, at 51; Kinsale Complaint, Dkt. No. 1, at 11; Venetian Answer, Dkt. No. 12, at 14; Hughes Answer, Dkt. No. 24, at 13.] In pertinent part, the exclusion provides:

## EXCLUSION – EVICTION AND FAILURE TO MAINTAIN

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE

The following exclusions are added to this policy:

This insurance does not apply to any claim or "suit" for "bodily injury", "property damage" or "personal and advertising injury" arising directly or indirectly out of, related to, or, in any way involving:

1.      Any actual or alleged violation, whether or not intended to cause injury or damage, of: …

        f.      Any Housing and Urban Development laws, ordinances or statutes; …

        h.      Any federal, state or local government subsidized program rules or regulations; or

        i.      Any administrative rules or regulations pertaining to a. through h. above, including but not limited to those promulgated by local authorities.

2.      Any failure to maintain any premises in, or restore any premises to a safe, sanitary, healthy, habitable and tenantable condition[.]

18.     The Policy also includes an absolute Assault and Battery Exclusion. [Policy, Dkt. No. 1-6, at 40; Kinsale Complaint, Dkt. No. 1, at 6; Venetian Answer, Dkt. No. 12, at 11; Hughes Answer, Dkt. No. 24, at 11.] In pertinent part, the exclusion provides:

## EXCLUSION - ASSAULT AND BATTERY

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to this policy:

> This insurance does not apply to any claim or "suit" for "bodily injury," "property damage" or "personal and advertising injury" arising out of, related to, or, in any way involving any actual or alleged assault, battery, harmful or offensive contact, or threat, whether provoked or unprovoked. This exclusion includes but is not limited to:
>
> 1.  The prevention or suppression, or, the failure to suppress or prevent any assault, battery, harmful or offensive contact, or threat;
>
> 2.  The failure to provide an environment safe from any assault, battery, harmful or offensive contact, or threat, or, the failure to warn of the dangers of the environment that could contribute to any assault, battery, harmful or offensive contact, or threat; …
>
> 5.  The reporting or failure to report to the proper authorities;
>
> 6.  Conducting or failing to conduct an investigation of any assault, battery, harmful or offensive contact, or threat; …
>
> 8.  Any assault, battery, harmful or offensive contact or threat whether caused by, or at the instigation, instruction, direction or due to the negligence of the insured, the insured's employees, agents, patrons,

customers or any other person arising from any causes whatsoever; or

9. The negligent hiring, employment, training, supervision, or retention of any employee or agent of any insured with respect to items 1. through 8. above.

This exclusion applies regardless of fault or intent and regardless of the particular cause of action.

This exclusion applies to any claim or "suit" where any actual or alleged "bodily injury," … arises out of a chain of events that includes assault, battery, harmful or offensive conduct, or threat regardless of whether the assault, battery, harmful or offensive contact, or threat is the initial precipitating event or is in any way a cause of the "bodily injury"[.] …

19. The Failure to Maintain Exclusion and the Assault and Battery Exclusion were fully disclosed to Venetian in a Quote and a Binder, both of which Venetian accepted. [Declaration of Kinsale Claims Counsel, Michael G. Matheson, Dkt. No. 81-4, at 2; Quote for Policy, Dkt. No. 81-17; Binder for Policy, Dkt. No. 81-18.]

20. After the Underlying Lawsuit, Venetian purchased a renewal policy from Kinsale, Policy No. 0100040031-0, ("Renewal Policy"), that similarly includes an assault and battery exclusion and an identical Failure to Maintain Exclusion. [*See* Renewal Policy, Dkt. No. 81-19, at 41, 52.]

Respectfully submitted,

/s/ ANDRES CORDOVA
Andres Cordova
Florida Bar No. 0118247
andres.cordova@clydeco.us
*Admitted Pro Hac Vice*

CLYDE & CO US LLP
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
Telephone: (305) 446-2646
Fax: (305) 441-2374
*Counsel for Plaintiff*

/s/ ERIC P. BENEDICT
Eric P. Benedict
Georgia Bar No. 890708
Eric.Benedict@clydeco.us
*Local Counsel*

CLYDE & CO US LLP
271 17th Street NW, Suite 1720
Atlanta, Georgia 30363
Telephone: (404) 410-3178
*Counsel for Plaintiff*

## **LOCAL RULE 7.1(D) CERTIFICATION OF COMPLIANCE**

I hereby certify that the foregoing complies with the font and point selections approved by the Court in Local Rule 5.1(B). It is prepared in Book Antiqua, 14-point font.

/s/ ANDRES CORDOVA
ANDRES CORDOVA

## <u>CERTIFICATE OF SERVICE</u>

I CERTIFY that on October 11, 2023, this document was filed via the CM/ECF system. I further certify I am unaware of any non-CM/ECF participants.

<u>/s/ ANDRES CORDOVA</u>
ANDRES CORDOVA