IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KINSALE INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VENETIAN HILLS APARTMENTS, ) <br> LLC, JOHN MAUGHAN, and MARIE ) <br> HUGHES, as Authorized Administrator ) <br> for the Estate of GEORGE HUGHES, ) <br> ) <br> Defendants. ) | CIVIL ACTION FILE NO.: <br> 1:21-cv-03214-LMM |

## DEFENDANT HUGHES' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDICIAL NOTICE

Defendant Marie Hughes, as Administrator for the Estate of George Hughes, asks this Court to deny Plaintiff Kinsale Insurance Company's Motion for Judicial Notice in Support of Motion for Final Summary Judgment [84]. Kinsale's motion seeks the Court to improperly take notice of a mass of court filings and deposition testimony that are not even appropriate for consideration of its duty to defend.

As ordered by this Court, the only issue in this declaratory judgment action is Kinsale's duty to defend. Dkt. No. [41] at 10. An insurer's duty to defend is determined by comparing the allegations of the complaint with the provisions of the policy. *See Penn-Am. Ins. Co. v. Disabled Am. Veterans, Inc.*, 490 S.E.2d 374, 376

1

(Ga. 1997). To excuse the duty to defend, the complaint must unambiguously exclude coverage under the policy. *See id.* As also recognized by this Court, the duty to defend is determined by the contract; and since the contract obligates the insurer to defend claims asserting liability under the policy; even if groundless, the allegations of the complaint are looked to determine whether a liability covered by the policy is asserted. Dkt. No. [41] at 6-7 (quoting *Great Am. Ins. Co. v. McKemie*, 259 S.E.2d 39, 40-41 (Ga. 1979)). Kinsale's motion seeks, under the guise of judicial notice, for the Court to consider matters beyond the underlying complaint and policy language to determine whether Kinsale owes a duty to defend.

Ignoring the scope of this declaratory judgment action, Kinsale requests the Court take judicial notice of "both cases" and "all filings" in the underlying litigation between Hughes and Venetian Hills Apartments, LLC and a criminal action against Ms. Kamara Wheeler. *See* Dkt. No. [84] at 3. Kinsale has even filed over 800 pages of deposition testimony and filings from these cases into the Court's docket. *See* Dkt. No. [81]. Kinsale apparently seeks the Court to take notice of "all filings" and the (disputed) facts contained within those documents for the truth of the matters asserted in the other litigation. This is an improper use of judicial notice. In order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite. *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). For example, a court may take notice of another court's order only for the limited

purpose of recognizing the "judicial act" that the order represents or the subject matter of the litigation. *Id.* But there is a distinction between the Court taking judicial notice of adjudicative facts and the Court deferring to testimony in a prior proceeding for the truth of the matter asserted in that testimony. *See Fasasi v. Mayorkas*, 1:22-CV-01795-LMM, 2023 WL 5322423, at *3 (N.D. Ga. July 5, 2023). It would be improper use of judicial notice to conclude that the descriptions of the events in the depositions and court filings are definitive and undisputed proof of how they occurred for purposes of this declaratory judgment action. This is particularly true in the underlying litigation, which has not yet been tried to a jury.

Although there may be appropriate uses for judicial notice properly tailored to the issues in this case and in compliance with the rules of evidence, Kinsale has made no such showing. Defendant Hughes requests that the Court deny Kinsale's motion.

Respectfully submitted this 25th day of October, 2023.

                    **SHIVER HAMILTON CAMPBELL, LLC**

                    */s/ Darrell Hinson*
                    Jeff P. Shiver
                    Georgia Bar No. 001303
                    Darrell W. Hinson
                    Georgia Bar No. 356789
                    *Attorneys for Defendant Marie Hughes as*
3490 Piedmont Road, Suite 640  *Authorized Administrator for the Estate of*
Atlanta, Georgia 30305              *George Hughes*
jeff@shiverhamilton.com
darrell@shiverhamilton.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date filed the within and foregoing ***Defendant Hughes' Response in Opposition to Plaintiff's Motion for Judicial Notice*** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following:

| | |
|---|---|
| Andres Cordova, Esq.<br>Clyde & Co. US LLP<br>1221 Brickell Avenue<br>Suite 1600<br>Miami, Florida 33131 | Matthew G. Moffett, Esq.<br>Matthew R. Del Campo, Esq.<br>Gray, Rust, St. Amand, Moffett &<br>Brieske, LLP<br>950 East Paces Ferry Road, NE<br>Suite 1700<br>Atlanta, Georgia 30326 |

Respectfully submitted this the 25th day of October, 2023.

SHIVER HAMILTON CAMPBELL, LLC

*/s/ Darrell W. Hinson*
DARRELL W. HINSON
Georgia Bar No. 356789

3490 Piedmont Road, Suite 640
Atlanta, Georgia 30305
darrell@shiverhamilton.com

## LOCAL RULE 7.1(D) CERTIFICATION OF COMPLIANCE

I hereby certify that the foregoing complies with the font and point selections approved by the Court in Local Rule 5.1(C). It is prepared in Times New Roman 14-point font.

Respectfully submitted this 25th day of October, 2023.

                                        **SHIVER HAMILTON CAMPBELL, LLC**

                                        */s/ Darrell W. Hinson*
                                        Darrell W. Hinson
                                        Georgia Bar No. 356789
                                        darrell@shiverhamilton.com

3490 Piedmont Road, Suite 640
Atlanta, Georgia 30305