IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KINSALE INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VENETIAN HILLS APARTMENTS, )<br>LLC, JOHN MAUGHAN, and MARIE )<br>HUGHES, as Authorized Administrator )<br>for the Estate of GEORGE HUGHES, )<br>)<br>Defendants. | CIVIL ACTION FILE NO.:<br>1:21-cv-03214-LMM |

**DEFENDANT MARIE HUGHES' RESPONSE TO PLAINTIFF KINSALE INSURANCE COMPANY'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR FINAL SUMMARY JUDGMENT**

Defendant Marie Hughes ("Hughes"), as Authorized Administrator for the Estate of George Hughes, by and through counsel, submits the following response to Plaintiff Kinsale Insurance Company ("Kinsale's") Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment:

1.  On March 12, 2019, the Estate filed suit against Venetian and John Maugham in an action styled: Marie Hughes, as Administrator of the Estate of George Hughes, et al. vs. Venetian Hills Apartments, LLC, et al., Case No. 19A73694, Dekalb County, Georgia ("Underlying Lawsuit").

-1-

RESPONSE: Undisputed that Marie Hughes, as Administrator of the Estate of George Hughes, filed the referenced suit, DeKalb County State Court Case No. 19A73694, on March 12, 2019.

2. On June 18, 2019, the Estate filed its operative, amended complaint ("Underlying Complaint"). [Underlying Complaint, Dkt. No. 1-5.]

RESPONSE: Undisputed that on June 18, 2019, Marie Hughes, as Administrator of the Estate of George Hughes, filed an amended complaint, which will be referenced in this Response as the "Underlying Complaint."

3. According to the Underlying Complaint, on March 15, 2017 George Hughes was killed by a fire at the Venetian Hills Apartments complex ("Premises"). [Underlying Complaint, Dkt. No. 1-5, at 1; see also Autopsy Report, Dkt. No. 1-1, at 1-2.]

RESPONSE: Undisputed that the Underlying Complaint alleges that on March 15, 2017, George Hughes was killed by a fire at the Venetian Hills Apartments complex. Object to the reference to an Autopsy Report as not material and irrelevant to the question of whether Kinsale has a duty to defend in this case. As set forth in Hughes' Response to Kinsale's Motion for Summary Judgment, under Georgia law the question of whether an insurer has a duty to defend is determined by comparing the allegations of the complaint with the language of the policy. *See*

*e.g., Penn-Am. Ins. Co. v. Disabled Am. Veterans, Inc.*, 490 S.E.2d 374, 376 (Ga. 1997).

4.  Hughes was a tenant of the Premises at the time of his death. [Underlying Complaint, Dkt. No. 1-5, at 1; Transcript of Maughan Deposition in Underlying Lawsuit on December 18, 2019, Dkt. No. 81-1, at 48:3-11, 49:22-50:8; Transcript of Venetian Deposition in Underlying Lawsuit on July 30, 2020, Dkt. No. 81-2, at 18:13-23.]

RESPONSE: Undisputed that George Hughes was a tenant of the Venetian Hills Apartments at the time of his death. Object to the reference to deposition transcripts as not material and irrelevant to the question of whether Kinsale has a duty to defend in this case. Under Georgia law the question of whether an insurer has a duty to defend is determined by comparing the allegations of the complaint with the language of the policy.

5.  Venetian allegedly failed to maintain the Premises in a safe condition by "not hav[ing] proper fire detection and fire suppression equipment, required by applicable codes and regulations." [Underlying Complaint, Dkt. No. 1-5, at 1; Hughes Initial Disclosures in Instant Action, Dkt. No. 33, at 3-6; Transcript of Venetian Deposition on September 18, 2023, Dkt. No. 81-3, at 12:1-7.]

RESPONSE: Undisputed that the cited page of the Underlying Complaint alleges that, "[a]t the time of the fire, Venetian Hills did not have proper fire

detection and fire suppression equipment, required by applicable codes and regulations." Disputed that Hughes' Initial Disclosures contain the text quoted in the statement. Object to the citations to deposition transcripts as not material and irrelevant to the question of whether Kinsale has a duty to defend in this case. Under Georgia law the question of whether an insurer has a duty to defend is determined by comparing the allegations of the complaint with the language of the policy. Object to the statement "failed to maintain the Premises in a safe condition" as this is legal argument related to Kinsale's interpretation of a policy exclusion in its Motion for Summary Judgment.

6.     The crux of the Underlying Complaint is that Venetian is liable at common-law and under O.C.G.A. § 44-7-13 and O.C.G.A. § 51-3-1 by "not hav[ing] proper fire detection and fire suppression equipment, required by applicable codes and regulations." [Underlying Complaint, Dkt. No. 1-5, at 1.]

RESPONSE: Undisputed that the Underlying Complaint alleges that Venetian Hills is liable at common law and under O.C.G.A. § 44-7-13 and O.C.G.A. § 51-3-1, and alleges that "[a]t the time of the fire, Venetian Hills did not have proper fire detection and fire suppression equipment, required by applicable codes and regulations." Object to the remainder of the statement characterizing the "crux" of the Underlying Complaint as legal argument and not a statement of fact.

7. The Underlying Complaint also alleges negligence per se in the following ways:

  a) Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the Premises safe;

b) Violation of O.C.G.A. § 44-7-13;

c) In failing to properly inspect and maintain the Premises;

d) In failing to provide adequate safety measures;

e) In failing to warn of the latent dangers on the Premises;

f) In failing to abide by the relevant building code standards pertaining to the installation and maintenance of smoke detectors and/or fire alarms;

g) In failing to properly train and supervise its employees inregard to the maintenance and safety of the Premises; and

h) In failing to properly retain, entrust, hire, train, and supervise said employees. [Underlying Complaint, Dkt. No. 1-5, at 6-7.]

RESPONSE: Undisputed that the Underlying Complaint states "Defendants' negligence directly and proximately caused George Hughes injuries and death as follows" and is followed by the allegations identified in (a)-(h) above. Disputed that the citation supports the statement that the Underlying Complaint "alleges negligence per se in the following ways."

8. Since February 14, 2019, Kinsale has been defending Venetian under a complete reservation of rights. [Kinsale Complaint, Dkt. No. 1, at 6; Venetian Answer to Kinsale Complaint, Dkt. No. 12, at 10; Declaration of Kinsale Claims Counsel, Michael G. Matheson, Dkt. No. 81-4, at 3; Kinsale First Reservation of Rights Letter, Dkt. No. 81-5.]

RESPONSE: Undisputed that Kinsale mailed a reservation of rights letter addressed to Venetian Hills Apartments dated February 14, 2019. Disputed that Kinsale was "defending" Venetian Hills "since February 14, 2019" because no lawsuit had been filed at that time. *See* Statement No. 1. Object to the statement's characterization "complete reservation of rights" as legal argument and not a statement of fact.

9. On March 18, 2017, Kamara Wheeler was arrested for arson for causing the fire that killed Hughes. [Kinsale Complaint, Dkt. No. 1, at 4; Venetian Answer to Kinsale Complaint, Dkt. No. 12, at 8; Hughes Answer to Kinsale Complaint, Dkt. No. 24, at 7.]

RESPONSE: The citation does not support the facts as stated. Object to the statement as not material and irrelevant to the question of whether Kinsale has a duty to defend in this case. Under Georgia law the question of whether an insurer has a duty to defend is determined by comparing the allegations of the complaint with the language of the policy. Moreover, even if extrinsic evidence could be considered,

the charges made by law enforcement upon arrest of a defendant in a now-resolved criminal case would not be probative evidence of any issue before this Court.

10.     On July 14, 2017, the State of Georgia filed a criminal indictment against Wheeler for murder, felony murder, and four counts of arson in a criminal action styled: The State of Georgia vs Kamara Wheeler, Case No. 17SC153114, in the Superior Court of Fulton County, Georgia ("Criminal Action"). [Indictment, Dkt. No. 1-2; Kinsale Complaint, Dkt. No. 1, at 4; Venetian Answer to Kinsale Complaint, Dkt. No. 12, at 8; Hughes Answer to Kinsale Complaint, Dkt. No. 24, at 7.]

RESPONSE: Object to the statement as not material and irrelevant to the question of whether Kinsale has a duty to defend in this case. Under Georgia law the question of whether an insurer has a duty to defend is determined by comparing the allegations of the complaint with the language of the policy. Moreover, even if extrinsic evidence could be considered, the charging instrument/indictment from a now-resolved criminal case that did not involve a guilty plea to the indictment would not be probative evidence of any issue before this Court.

11.     On March 31, 2021, Wheeler pled guilty to voluntary manslaughter under O.C.G.A. § 16-5-2 and also pled guilty to four counts of arson under O.C.G.A. § 16-7-60. [Guilty Plea Final Disposition Form in Criminal Action, Dkt. No. 81-6;

Kinsale Complaint, Dkt. No. 1, at 4-5; Venetian Answer to Kinsale Complaint, Dkt. No. 12, at 8; Hughes Answer to Kinsale Complaint, Dkt. No. 24, at 8.] Wheeler was sentenced to 25 years in prison. [Guilty Plea Final Disposition Form in Criminal Action, Dkt. No. 81-6.] As a condition of probation, she was also ordered to complete an arson program. [Guilty Plea Final Disposition Form in Criminal Action, Dkt. No. 81-6.]

RESPONSE: Object to the statement as not material and irrelevant to the question of whether Kinsale has a duty to defend in this case. Under Georgia law the question of whether an insurer has a duty to defend is determined by comparing the allegations of the complaint with the language of the policy. Moreover, even if extrinsic evidence could be considered, Wheeler did not plea guilty and was not convicted of any crimes that require proof of intent to commit assault, battery, or harmful or offensive contact to another person.

12. During the guilty plea proceeding, the court in the Criminal Action specifically found "there to be a factual basis for the plea in each of these indictments[.]" [Transcript of Wheeler Guilty Plea Proceeding, Dkt. No. 81-7, at 23:19-23.]

RESPONSE: Object to the statement as not material and irrelevant to the question of whether Kinsale has a duty to defend in this case. Under Georgia law the question of whether an insurer has a duty to defend is determined by comparing the

allegations of the complaint with the language of the policy. Moreover, even if extrinsic evidence could be considered, Wheeler did not plea guilty and was not convicted of any crimes that require proof of intent to commit assault, battery, or harmful or offensive contact to another person.

13.     Wheeler testified she intentionally started the fire. [Transcript of Wheeler Deposition in Underlying Lawsuit, Dkt. No. 81-8, at 16:2-5, 16:12- 14; 25:4-24.]

RESPONSE: Object to the statement as not material and irrelevant to the question of whether Kinsale has a duty to defend in this case. Under Georgia law the question of whether an insurer has a duty to defend is determined by comparing the allegations of the complaint with the language of the policy. Moreover, even if extrinsic evidence could be considered, the intent to start a fire does not establish the intent to commit assault, battery, or harmful or offensive contact to another person.

14.     Venetian agrees the fire was an act of arson by Wheeler. [Transcript of Maughan Deposition in Underlying Lawsuit on December 18, 2019, Dkt. No. 81-1, at 20:5-17; Venetian Response to First Set of Interrogatories in Underlying Lawsuit, Dkt. No. 81-9, at 5, 8, 10, 11; Venetian Supplemental Response to First Set of Interrogatories in Underlying Lawsuit, Dkt. No. 81-10, at 6; Maughan Response to First Set of Interrogatories in Underlying Lawsuit, Dkt. No. 81-11, at 5, 8, 10, 11; Maughan Supplemental Response to First Set of Interrogatories in Underlying

Lawsuit, Dkt. No. 81-12, at 6; Venetian Response to First Request for Admissions in Underlying Lawsuit, Dkt. No. 81-13, at 5.] Indeed, one of Venetian's principal defenses is the jury should apportion fault to Wheeler as a non-party because she intentionally started the fire. [Venetian Notice of Intent to Apportion Damages to Wheeler in the Underlying Lawsuit, Dkt. No. 81-14, at 1-2; Venetian Motion for Apportionment Ruling in the Underlying Lawsuit, Dkt. No. 81-15; Venetian Renewed Motion to Allow Apportionment Against Wheeler in the Underlying Lawsuit, Dkt. No. 81-16.]

RESPONSE: Object to the statement as not material and irrelevant to the question of whether Kinsale has a duty to defend in this case. Under Georgia law the question of whether an insurer has a duty to defend is determined by comparing the allegations of the complaint with the language of the policy. Moreover, even if extrinsic evidence could be considered, the act of arson does not require an intent to commit assault, battery, or harmful or offensive contact to another person.

15.    Venetian testified Wheeler intentionally started the Fire. [Transcript of Venetian Deposition in Instant Action on September 18, 2023, Dkt. No. 81-3, at 13:4-13, 13:21-14:3.]

RESPONSE: Object to the statement as not material and irrelevant to the question of whether Kinsale has a duty to defend in this case. Under Georgia law the question of whether an insurer has a duty to defend is determined by comparing the

allegations of the complaint with the language of the policy. Moreover, even if extrinsic evidence could be considered, the intent to start a fire does not establish the intent to commit assault, battery, or harmful or offensive contact to another person.

16. Venetian purchased a new, surplus lines commercial general liability policy from Kinsale, bearing Policy No. 0100040031-0 and effective from 06/22/2016 to 06/22/2017 ("Policy"). [Policy, Dkt. No. 1-6; Kinsale Complaint, Dkt. No. 1, at 6; Venetian Answer, Dkt. No. 12, at 11; Hughes Answer, Dkt. No. 24, at 10.]

RESPONSE: Undisputed.

17. The Policy includes a Failure to Maintain Exclusion. [Policy, Dkt. No. 1-6, at 51; Kinsale Complaint, Dkt. No. 1, at 11; Venetian Answer, Dkt. No. 12, at 14; Hughes Answer, Dkt. No. 24, at 13.] In pertinent part, the exclusion provides:

**EXCLUSION – EVICTION AND FAILURE TO MAINTAIN**

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE

The following exclusions are added to this policy:

This insurance does not apply to any claim or "suit" for "bodily injury", "property damage" or "personal and advertising injury" arising directly or indirectly out of, related to, or, in any way involving:

1. Any actual or alleged violation, whether or not intended to cause injury or damage, of: …

    f.   Any Housing and Urban Development laws, ordinances or statutes; …

    h.   Any federal, state or local government subsidized program rules or regulations; or

    i.   Any administrative rules or regulations pertaining to a. through h. above, including but not limited to those promulgated by local authorities.

2.   Any failure to maintain any premises in, or restore any premises to a safe, sanitary, healthy, habitable and tenantable condition[.]

RESPONSE:   Undisputed that the policy includes a Failure to Maintain exclusion at Dkt. No. [1-6] at 51.  Disputed that the quoted text in the statement includes all pertinent portions of the exclusion for purposes of the Court's determination of this action, and object to same as legal argument.

18. The Policy also includes an absolute Assault and Battery Exclusion. [Policy, Dkt. No. 1-6, at 40; Kinsale Complaint, Dkt. No. 1, at 6; Venetian Answer, Dkt. No. 12, at 11; Hughes Answer, Dkt. No. 24, at 11.] In pertinent part, the exclusion provides:

**EXCLUSION - ASSAULT AND BATTERY**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to this policy:

    This insurance does not apply to any claim or "suit" for "bodily injury," "property damage" or "personal and

advertising injury" arising out of, related to, or, in any way involving any actual or alleged assault, battery, harmful or offensive contact, or threat, whether provoked or unprovoked. This exclusion includes but is not limited to:

1. The prevention or suppression, or, the failure to suppress or prevent any assault, battery, harmful or offensive contact, or threat;

2. The failure to provide an environment safe from any assault, battery, harmful or offensive contact, or threat, or, the failure to warn of the dangers of the environment that could contribute to any assault, battery, harmful or offensive contact, or threat; …

5. The reporting or failure to report to the proper authorities;

6. Conducting or failing to conduct an investigation of any assault, battery, harmful or offensive contact, or threat; …

8. Any assault, battery, harmful or offensive contact or threat whether caused by, or at the instigation, instruction, direction or due to the negligence of the insured, the insured's employees, agents, patrons, customers or any other person arising from any causes whatsoever; or

9. The negligent hiring, employment, training, supervision, or retention of any employee or agent of any insured with respect to items 1. through 8. Above

This exclusion applies regardless of fault or intent and regardless of the particular cause of action.

This exclusion applies to any claim or "suit" where any actual or alleged "bodily injury," … arises out of a chain of events that includes assault, battery, harmful or offensive conduct, or

-13-

>  threat regardless of whether the assault, battery, harmful or offensive contact, or threat is the initial precipitating event or is in any way a cause of the "bodily injury"[.] …

RESPONSE:   Undisputed that the policy includes an Assault and Battery exclusion at Dkt. No. [1-6] at 40.  Disputed that the quoted text in the statement includes all pertinent portions of the exclusion for purposes of the Court's determination of this action, and object to same as legal argument.

19.   The Failure to Maintain Exclusion and the Assault and Battery Exclusion were fully disclosed to Venetian in a Quote and a Binder, both of which Venetian accepted. [Declaration of Kinsale Claims Counsel, Michael G. Matheson, Dkt. No. 81-4, at 2; Quote for Policy, Dkt. No. 81-17; Binder for Policy, Dkt. No. 81-18.]

RESPONSE: Object to the statement as not material and irrelevant to the question of whether Kinsale has a duty to defend in this case. Under Georgia law the question of whether an insurer has a duty to defend is determined by comparing the allegations of the complaint with the language of the policy.

20.   After the Underlying Lawsuit, Venetian purchased a renewal policy from Kinsale, Policy No. 0100040031-0, ("Renewal Policy"), that similarly includes an assault and battery exclusion and an identical Failure to Maintain Exclusion. [See Renewal Policy, Dkt. No. 81-19, at 41, 52.]

RESPONSE: Object to the statement as not material and irrelevant to the question of whether Kinsale has a duty to defend in this case. Under Georgia law the question of whether an insurer has a duty to defend is determined by comparing the allegations of the complaint with the language of the policy.

Respectfully submitted this the 1st day of November, 2023

                                      **SHIVER HAMILTON CAMPBELL, LLC**

                                      */s/ Darrell Hinson*
                                      JEFF P. SHIVER
                                      Georgia Bar No. 001303
                                      DARRELL W. HINSON
                                      Georgia Bar No. 356789
                                      *Attorneys for Defendant Marie Hughes as*
                                      *Authorized Administrator for the Estate of*
                                      *George Hughes*

3490 Piedmont Road, Suite 640
Atlanta, Georgia  30305
jeff@shiverhamilton.com
darrell@shiverhamilton.com

## LOCAL RULE 7.1(D) CERTIFICATION OF COMPLIANCE

I hereby certify that the foregoing complies with the font and point selections approved by the Court in Local Rule 5.1(C). It is prepared in Times New Roman 14-point font.

Respectfully submitted this the 1st day of November, 2023.

                        **SHIVER HAMILTON CAMPBELL, LLC**

                        */s/ Darrell W. Hinson*
                        DARRELL W. HINSON
                        Georgia Bar No. 356789

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served via email **Defendant Marie Hughes' Response in Opposition to Kinsale Insurance Company's Statement of Undisputed Material Facts in Support of its Motion For Final Summary Judgment** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following:

| | |
|---|---|
| Andres Cordova, Esq. | Matthew G. Moffett, Esq. |
| Clyde & Co. US LLP | Matthew R. Del Campo, Esq. |
| 1221 Brickell Avenue | Gray, Rust, St. Amand, Moffett & |
| Suite 1600 | Brieske, LLP |
| Miami, Florida 33131 | 950 East Paces Ferry Road, NE |
| | Suite 1700 |
| | Atlanta, Georgia 30326 |

Respectfully submitted this the 1st day of November, 2023.

**SHIVER HAMILTON CAMPBELL, LLC**

*/s/ Darrell W. Hinson*
DARRELL W. HINSON
Georgia Bar No. 356789

3490 Piedmont Road, Suite 640
Atlanta, Georgia  30305
jeff@shiverhamilton.com
darrell@shiverhamilton.com

-17-