IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KINSALE INSURANCE COMPANY,  :
                            :
                            :
     Plaintiff,             :
                            :
v.                          :     CIVIL ACTION NO.
                            :     1:21-cv-03214-LMM
                            :
VENETIAN HILLS APARTMENTS,  :
LLC; and MARIE HUGHES, *as  :
administrator of the estate of* George  :
Hughes,                     :
                            :
                            :
     Defendants.            :

**ORDER**

This case comes before the Court on Plaintiff Kinsale Insurance Company's

Motion for Summary Judgment [83] and Motion for Judicial Notice [84]. After

due consideration, the Court enters the following Order:

**I.     BACKGROUND**

This declaratory judgment action concerns the scope of an insurance policy

and whether the policy requires Plaintiff Kinsale Insurance Company to defend

Defendant Venetian Hills Apartments, LLC ("Venetian Hills") in an underlying

civil action. Dkt. No. [1].

The underlying litigation involves a fire that burned down Defendant

Venetian Hills' apartment complex and killed resident George Hughes, whose

estate is represented by Defendant Marie Hughes. Dkt. No. [1-5]. Non-party

Kamara Wheeler initially started the fire and later pleaded guilty to arson and voluntary manslaughter. Dkt. No. [84]. Defendant Marie Hughes—the plaintiff in the underlying civil action—alleges that Defendant Venetian Hills failed to maintain proper fire prevention measures in the apartment complex and therefore negligently contributed to George Hughes' death. Dkt. No. [1-5]. In this litigation, Plaintiff has provided a defense to Defendant Venetian Hills under a complete reservation of rights. The underlying action is still pending.[1]

In the instant action, Plaintiff seeks a declaration that it has no obligation to defend Defendant Venetian Hills against Defendant Hughes' claims in state court. Dkt. No. [1]. The parties do not dispute that Plaintiff issued Defendant Venetian Hills a commercial general liability policy ("the Policy") that was effective at the time that the fire occurred. Dkt. No. [90-6] ¶ 16. The parties also do not dispute that the Policy contains several exclusions, each of which exempts certain claims from the scope of the Policy and Plaintiff's duty to defend. Id. ¶¶ 17–18. However, the parties dispute whether two particular exclusions—the failure to maintain exclusion and the assault and battery exclusion—apply to the underlying litigation and excuse Plaintiff's duty to defend Defendant Venetian Hills. Id. Plaintiff now moves for summary judgment on this issue.

---

[1] The underlying action filed by Defendant Hughes is styled as *Marie Hughes, as Administrator of the Estate of George Hughes, et al. vs. Venetian Hills Apartments, LLC, et al.,* Case. No. 19A73694 in DeKalb County State Court.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if the evidence would allow a reasonable jury to find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).

The moving party bears the initial burden of showing the Court, by reference to materials in the record, that there is no genuine dispute as to any material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party's burden is discharged merely by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support [an essential element of] the nonmoving party's case." Celotex Corp., 477 U.S. at 325. In determining whether the moving party has met this burden, the district court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion. Johnson v. Clifton, 74 F.3d 1087, 1090 (11th Cir. 1996).

Once the moving party has adequately supported its motion, the non-movant then has the burden of showing that summary judgment is improper by

3

coming forward with specific facts showing a genuine dispute. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no "genuine [dispute] for trial" when the record as a whole could not lead a rational trier of fact to find for the nonmoving party. Id. (citations omitted). All reasonable doubts, however, are resolved in the favor of the non-movant. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993).

## III.  DISCUSSION

Plaintiff moves for summary judgment, asking the Court to declare that it has no duty to defend Defendant Venetian Hills in the underlying civil action prosecuted by Defendant Hughes. Dkt. No. [83]. Specifically, Plaintiff argues that two exceptions to the Policy's coverage—the failure to maintain exclusion and the assault and battery exclusion—excuse its duty to defend. Id. Defendant Hughes responds that the failure to maintain exclusion is ambiguous and that the assault and battery exclusion does not apply here. Dkt. No. [90]. For the reasons discussed below, the Court agrees with Defendants that neither exclusion applies.

To determine the scope of Plaintiff's duty to defend, the Court must "compare the allegations of the complaint, as well as the facts supporting those allegations, against the provisions of the insurance contract." Elan Pharm. Rsch. Corp. v. Emps. Ins. of Wasau, 144 F.3d 1372, 1375 (11th Cir. 1998) (citing Great Am. Ins. Co. v. McKemie, 259 S.E.2d 39, 40–41 (Ga. 1979)). "[T]he duty to defend is determined by the contract; and since the contract obligates the insurer to defend claims asserting liability under the policy; even if groundless, the

allegations of the complaint are looked to to determine whether a liability covered by the policy is asserted." Great Am. Ins. Co., 259 S.E.2d at 40–41 (cleaned up).

Because the parties dispute whether the Policy's exclusions are applicable to Plaintiff's duty to defend, the Court must consult traditional principles of insurance policy construction. Under Georgia law, "[w]here a term of a policy of insurance is susceptible to two or more constructions, even when such multiple constructions are all logical and reasonable, such term is ambiguous and will be strictly construed against the insurer as the drafter and in favor of the insured." Ga. Farm Bureau Mut. Ins. Co. v. Meyers, 548 S.E.2d 67, 69 (Ga. Ct. App. 2001). Further, an insurance policy "should be read as a layman would read it and not as it might be analyzed by an insurance expert or an attorney." State Farm Mut. Auto. Ins. Co. v. Staton, 685 S.E.2d 263, 265 (Ga. 2009) (quoting Cont'l Ins. Co. v. Am. Motorist Ins. Co., 542 S.E.2d 607, 610 (Ga. Ct. App. 2000)). Additionally, "[e]xceptions and exclusions to coverage must be narrowly and strictly construed against the insurer and liberally construed in favor of the insured to afford coverage." Meyers, 548 S.E.2d at 69.

However, "[n]o construction is required or even permissible when the language employed by the parties in their contract is plain, unambiguous, and capable of only one reasonable interpretation." Citicorp Indus. Credit, Inc. v. Rountree, 364 S.E.2d 65, 68–69 (Ga. Ct. App. 1987) (quoting R.S. Helms, Inc. v. GST Dev. Co., 219 S.E.2d 458, 460 (Ga. Ct. App. 1975)). Such "unambiguous terms are taken in their plain, ordinary and popular sense as supplied by

dictionaries." <u>Rec. Town, Inc. v. Sugarloaf Mills Ltd. P'ship of Ga.</u>, 687 S.E.2d 640, 643 (Ga. Ct. App. 2009). With these principles in mind, the Court analyzes each exclusion separately below.

**A. Failure to Maintain Exclusion**

Plaintiff first argues that the failure to maintain exclusion exempts Defendant Hughes' claim against Defendant Venetian Hills from the Policy's coverage. Dkt. No. [83-1] at 7–11. The exclusion provides that:

> This insurance does not apply to any claim or "suit" for "bodily injury," "property damage" or "personal and advertising injury" arising directly or indirectly out of, related to, or, in any way involving:
>
> . . .
>
> 2. Any failure to maintain any premises in, or restore any premises to a safe, sanitary, healthy, habitable and tenantable condition.

Dkt. No. [90-4] at 2. The Court must compare this exclusion to the complaint in the underlying civil action, which alleges that Defendant Venetian Hills negligently failed to maintain an effective fire prevention system. Dkt. No. [1-5] ¶¶ 16–23. Further, Paragraph 31 of the complaint claims that Defendant Venetian Hills violated Georgia statutes requiring landlords to "keep the premises in repair," O.C.G.A. § 44-7-13, and to "exercise ordinary care in keeping the premises and approaches safe." O.C.G.A. § 51-3-1.

Plaintiff argues that, because the underlying claim involves the safety of Defendant Venetian Hills' facilities, the exclusion should apply. Dkt. No. [83-1] at 7–11. Defendants read the Policy differently, arguing that it only excludes

claims alleging that Defendants' premises is unsafe, unsanitary, unhealthy, unhabitable, *and* untenantable. Dkt. No. [90] at 12–13. Defendants also contend that, because the failure to maintain exclusion could reasonably be interpreted either way, the Policy is ambiguous and should be construed against Plaintiff, the insurer. Id. at 13–15. The Court agrees with Defendants that the Policy is ambiguous because the failure to maintain exclusion could reasonably be construed in at least two ways.

First, Defendants' interpretation is reasonable. Under Defendants' view, the exclusion implicates only claims involving *each* of the listed conditions— safety, sanitation, health, *and* habitability. Defendants' construction is supported by the text of the exclusion, as the word "and" normally creates a conjunctive list. See Conjunctive/Disjunctive Canon, Black's Law Dictionary (11th ed. 2019) ("[I]n a legal instrument, *and* joins a conjunctive list to combine items, while *or* joins a disjunctive list to create alternatives."). Thus, Defendants' interpretation would afford the word "and" its most natural meaning and would exclude only claims involving each of the listed conditions.

Defendants' construction is bolstered by the principle that exceptions to the Policy's coverage must be strictly construed. Meyers, 548 S.E.2d at 69. As Defendants point out, Plaintiff's contrary interpretation would broaden the exclusion to exempt most claims arising from Defendant Venetian Hills'

ownership of the apartment complex.[2] Indeed, many of the examples of covered claims offered by Plaintiff involve either unusual scenarios or claims that would arguably still be excluded by Plaintiff's broad interpretation of the failure to maintain exclusion.[3] See Dkt. No. [93] at 8. Thus, unlike Plaintiff's interpretation, Defendants' view of the exclusion would not undercut the bulk of the Policy's coverage. The Court therefore finds that Defendants' interpretation of the failure to maintain exclusion is reasonable.

Second, however, Plaintiff's interpretation of the Policy is also reasonable. Under Plaintiff's view, claims involving *any* of the listed conditions—safety, sanitation, health, or habitability—would implicate the exclusion. Although Plaintiff's interpretation would effectively substitute the word "and" for the word "or," a claim alleging that a premises is in an unsafe condition arguably also

---

[2] To be clear, the Court is not relying on Defendants' argument that the footer to the failure to maintain exclusion renders the Policy ambiguous. Dkt. No. [90] at 10–12. As Plaintiff points out, other courts have explicitly rejected this theory. See Kinsale Ins. Co. v. Flyin' Diesel Performance & Offroad, LLC, 99 F.4th 821, 827–28 (5th Cir. 2024) (rejecting the defendant's argument that a footer—which stated that all other terms of the policy remain the same—renders the entire policy ambiguous). Nor does the Court address Defendants' argument that Plaintiff's construction would render the Policy illusory. Dkt. No. [90] at 14–15. Instead, the Court only notes that Plaintiff's interpretation of the Policy would significantly broaden the scope of an exception to coverage, contradicting traditional principles of insurance policy construction.

[3] For example, a tenant's claim that she was wrongfully locked out of her apartment arguably involves allegations that the apartment is uninhabitable. And even a tenant's claim that his car was damaged by debris from a lawnmower—an exceptionally rare scenario—might involve allegations that the premises is unsafe. Id. Thus, the narrow scope of the Policy under Plaintiff's construction bolsters Defendants' argument.

alleges that the premises is also not in a safe, healthy, sanitary, and habitable condition. In other words, a reasonable person could read the Policy as excluding any claims alleging that Defendant Venetian Hills failed to maintain its apartment complex in a minimum condition of safety, sanitation, and habitability.[4] Thus, Plaintiff's interpretation of the Policy is also reasonable.

In sum, because the failure to maintain exclusion is susceptible to at least two reasonable constructions, it must be construed against Plaintiff as the insurer. Accordingly, the Court construes the Policy to exclude claims involving Defendant Venetian Hills' failure to maintain the premises in a safe, sanitary, healthy, habitable, *and* tenantable condition. Because the underlying civil action only alleges that Defendant Venetian Hills maintained the premises in an unsafe condition, the Policy's exclusion does not apply. The Court therefore declines to grant summary judgment to Plaintiff on the failure to maintain exclusion and proceeds to analyze the assault and battery exclusion.

**B. Assault and Battery Exclusion**

Next, Plaintiff argues that the assault and battery exclusion excuses its duty to defend Defendant Venetian Hills in the underlying litigation. Dkt. No. [83-1] at 11–24. The exclusion provides in part that:

---

[4] Plaintiff claims that the terms of the failure to maintain exclusion mirror those of the implied warranty of habitability. Dkt. No. [83-1] at 6–11. Although this argument bolsters their interpretation of the exclusion, it does not undercut the reasonableness of Defendants' construction, which is grounded in the Policy's plain text.

> This insurance does not apply to any claim or "suit" for "bodily injury," "property damage" or "personal and advertising injury" arising out of, related to, or in any way involving any actual or alleged assault, battery, harmful or offensive contact, or threat, whether provoked or unprovoked . . . . This exclusion applies regardless of fault or intent and regardless of the particular cause of action.

Dkt. No. [90-5] at 2. The Policy does not define assault or battery.

Plaintiff contends that, because Kamara Wheeler started the fire at issue in the underlying civil action and later pleaded guilty to arson and voluntary manslaughter, the action arises from an assault or battery and is therefore subject to the exclusion. Dkt. No. [83-1] at 11–24. In support of this theory, Plaintiff asks the Court to take judicial notice of certain criminal proceedings showing that Wheeler started the fire. Dkt. No. [84]. Defendants oppose Plaintiff's motion for judicial notice and contend that intentionally starting a fire is neither an assault nor a battery. Dkt. No. [90] at 17–23; Dkt. No. [85]. The Court agrees with Defendants.

Even if the Court considers the facts in Plaintiff's Motion for Judicial Notice and assumes them to be true,[5] Wheeler's act of arson is neither an assault

---

[5] It may be improper for the Court to consider these facts. Georgia law is clear that the Court must compare the allegations in the underlying complaint to the terms of the Policy exclusion. See Emps. Ins. of Wasau, 144 F.3d at 1375. Here, the underlying complaint does not allege any facts related to arson. See Dkt. No. [1-5]. Although Georgia case law suggests that courts may consider facts outside the underlying complaint—particularly where the insured's conduct creates the conditions giving rise to a bodily injury claim—Georgia case law is also clear that more than a "but-for" connection is required to connect the facts supporting a claim to the exclusion. Fireman's Fund Ins. Co. v. Univ. of Ga. Athletic Ass'n, Inc., 654 S.E.2d 207, 213–14 (Ga. Ct. App. 2007). Thus, the connection between Wheeler's arson and Defendant Hughes' premises liability

nor a battery. Because the terms "assault" and "battery" are not defined in the Policy, the Court affords them their ordinary meanings. An assault is the "threat or use of force on another that causes that person to have a reasonable apprehension of imminent harmful or offensive contact." Assault, Black's Law Dictionary (11th ed. 2019). A battery is the "nonconsensual touching of, or use of force against, the body of another with the intent to cause harmful or offensive contact." Battery, Black's Law Dictionary (11th ed. 2019). Each of these definitions center around the use of force or threatened use of force *against another person*—in particular, another person's body. By contrast, Georgia law defines arson as knowingly using fire or explosives to damage a *structure* such as a dwelling house or a vehicle. See O.C.G.A. § 16-7-60.

Similarly, voluntary manslaughter does not require the use or threatened use of force against another person's body.[6] See O.C.G.A. § 16-5-2. Indeed, the transcript of Wheeler's sentencing hearing—produced by Plaintiff—indicates that Wheeler did not know George Hughes was in the building on the day of the fire and did not intend to kill him. Dkt. No. [83-1] at 27. Defendants do not rebut this evidence. Thus, Wheeler did not intend to make physical contact with another

---

claim may be too attenuated to consider Wheeler's convictions. However, for the purposes of this Order, the Court assumes that it may consider the facts in Plaintiff's Motion for Judicial Notice.

[6] Many voluntary manslaughters will also involve an assault or battery. However, Georgia's voluntary manslaughter statute encompasses a broader set of conduct than the ordinary meaning of assault or battery, as the statute requires only that a person *cause* the death of another. See O.C.G.A. §§ 16-5-1, 16-5-2.

person, and her act of arson cannot be classified as an assault or a battery, even if

she is criminally responsible for Hughes' death. Wheeler's arson therefore does

not implicate the plain text of the Policy's assault and battery exclusion.[7]

Plaintiff's attempt to analogize the facts of this case to other cases applying

the assault and battery exclusion is unavailing. While acknowledging that Georgia

courts have never applied such an exclusion to arson, Plaintiff cites a non-binding

case from another jurisdiction, which purportedly shows that arson may

implicate the assault and battery exclusion. But this case is distinguishable

because it involved a person throwing a "flammable liquid" onto another person's

body and lighting it on fire. See Mount Vernon Ins. Corp. v. Oxnard Hosp. Enter.,

Inc., 219 Cal. App. 4th 876, 878 (Cal. Ct. App. 2013). Because this conduct

involves intentional physical contact with another person, it more clearly

qualifies as an assault or battery. Similarly, the other Georgia cases cited by

Plaintiff are distinguishable because they involve actions that are clearly assault

and battery.[8] Thus, none of Plaintiff's cited cases persuade the Court that the

assault and battery exclusion should be applied to Wheeler's act of arson. The

---

[7] Because the Court reaches this decision while assuming—without deciding—that the facts in Plaintiff's Motion for Judicial Notice are true, the Court need not determine whether judicial notice is appropriate in this case. The Court therefore denies Plaintiff's Motion as moot. Dkt. No. [84].

[8] See, e.g., First Specialty Ins. Corp., Inc. v. Flowers, 644 S.E.2d 453, 455 (Ga. Ct. App. 2007) (applying the exclusion to a shooting); Eady v. Capitol Indem. Corp., 502 S.E.2d 514, 514–16 (Ga. Ct. App. 1998) (same); Boomer's, Inc. v. Whitney, 486 S.E.2d 59, 59–61 (Ga. Ct. App. 1997) (same).

Court therefore finds that the assault and battery exclusion does not excuse Plaintiff's duty to defend Defendant Venetian Hills in the underlying litigation.

In sum, neither the failure to maintain exclusion nor the assault and battery exclusion excuse Plaintiff's duty to defend Defendant Venetian Hills against Defendant Hughes' claims in the underlying civil action. The Court therefore denies Plaintiff's Motion for Summary Judgment.

## IV.    CONCLUSION

In accordance with the foregoing, Plaintiff's Motion for Summary Judgment [83] is **DENIED**. Plaintiff's Motion for Judicial Notice [84] is **DENIED as moot**. The parties are **DIRECTED** to confer as to whether there are issues remaining for trial. The parties are to submit a joint status report within 14 days of the date of this order.

**IT IS SO ORDERED** this 7th day of June, 2024.

**Leigh Martin May**
**United States District Judge**

13