IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KINSALE INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:21-cv-03214-LMM |
| | : | |
| VENETIAN HILLS APARTMENTS, LLC; and MARIE HUGHES, *as administrator of the estate of* George Hughes, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

This case comes before the Court on the parties' Joint Status Report [104] and Plaintiff's Unopposed Motion for Partial Final Judgment [105]. After the Court denied Plaintiff's Motion for Summary Judgment, the Court requested a status update as to whether any issues remained to be decided at trial. Dkt. No. [98]. The parties now represent that the Court's prior Order, Dkt. No. [98], resolved all remaining triable issues in this case. Dkt. No. [104]. The only remaining claims in this case are Plaintiff's duty-to-indemnify claims, which the Court has already dismissed without prejudice.[1] Dkt. No. [41]. The parties

---

[1] Although dismissed, Plaintiff's duty-to-indemnify claims are effectively still pending because Plaintiff can refile them at any time. Williams v. Seidenbach, 958 F.3d 341, 348 (5th Cir. 2020).

therefore request that the Court enter final judgment in favor of Defendants. Dkt. Nos. [104, 105].

Plaintiff also moves for partial final judgment pursuant to Federal Rule of Civil Procedure 54(b), and Defendants do not oppose this motion. Dkt. No. [105]. Federal Rule of Civil Procedure 54(b) states:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). The purpose of Rule 54(b) is to prevent piecemeal appeals, yet to provide an immediate appeal safety-valve in "the 'infrequent harsh case' in which the requirements of the Rule are satisfied." Boone v. Corestaff Support Servs., Inc., 805 F. Supp. 2d 1362, 1378 (N.D. Ga. 2011) (quoting In re Se. Banking Corp., 69 F.3d 1539, 1547 (11th Cir. 1995)). Accordingly, the district courts are cautioned to exercise their discretion and to enter partial final judgment under Rule 54(b) sparingly. See Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 166 (11th Cir. 1997) ("[W]e have previously counseled district courts to exercise the limited discretion afforded by Rule 54(b) conservatively.").

District courts in the Eleventh Circuit follow a two-prong analysis when determining whether entry of partial final judgment under Rule 54(b) is warranted: (1) whether the decision at issue is a final judgment, and (2) whether there are just reasons to delay the appeal of the final judgment. Lloyd Noland Found., Inc. v. Tenet Health Care Corp., 483 F.3d 773, 777 (11th Cir. 2007). In a

case with multiple claims, a judgment is "final" under the first prong if it is an ultimate disposition of an individual claim. Id. Under the second prong, the Court must consider the interests of efficient judicial administration and the equities involved in the particular case to determine whether there is a just reason to delay. Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980). When balancing these interests, the Court may consider the extent to which pending claims "are legally and factually intertwined with the adjudicated claim that constitutes a final judgment." Boone, 805 F. Supp. 2d at 1379.

    Plaintiff argues that both prongs of the certification test are met. See Dkt. No. [105]. The Court agrees. First, the Court agrees with the parties that its denial of Plaintiff's Motion for Summary Judgment conclusively resolved Plaintiff's duty-to-defend claims. Dkt. No. [104]. Second, there is no just reason to delay final judgment on Plaintiff's duty-to-defend claims. This category of claims is distinct from Plaintiff's duty-to-indemnify claims and is therefore separable from the pending claims.[2] Further, depending on the results of the appeal, an alternative resolution of the duty-to-indemnify claims may be possible. Thus, there is no just reason for delay.

---

[2] Other courts have repeatedly reached the same conclusion. See, e.g., John Deere Ins. Co. v. Shamrock Indus., Inc., 929 F.2d 413, 418 (8th Cir. 1991) (distinguishing the duty to defend from the duty to indemnify and affirming the district court's entry of partial final judgment); Am. Motorists Ins. Co. v. Levolor Lorentzen, Inc., 879 F.2d 1165, 1170 (3d Cir. 1989) (assuming that a "resolution of all issues relating to the duty to defend" may be certified as final pursuant to Rule 54(b), even where duty-to-indemnify claims remain).

In sum, Plaintiff's Unopposed Motion for Partial Final Judgment [105] is **GRANTED**. Pursuant to the Court's prior Order, Dkt. No. [98], the Court declares that Plaintiff has a duty to defend Defendant Venetian Hills Apartments, LLC in the pending case captioned as *Marie Hughes, as Administrator of the Estate of George Hughes, et al. vs. Venetian Hills Apartments, LLC, et al.,* Case No. 19A73694 in DeKalb County State Court. The Clerk is **DIRECTED** to enter judgment in favor of Defendants.

The Clerk is **DIRECTED** to certify the Court's June 7 Order pursuant to Rule 54(b) and to **STAY** the case as to the pending duty-to-indemnify claims. This case is **ADMINISTRATIVELY CLOSED**[3] pending the resolution of the appeal. The parties are **ORDERED** to provide the Court with a status report within 14 days of the resolution of the appeal.

**IT IS SO ORDERED** this 5th day of August, 2024.

_____
**Leigh Martin May**
**United States District Judge**

---

[3] Administrative closure of a case does not prejudice the rights of the parties to litigation in any manner. The parties may move to re-open an administratively closed case at any time.